MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley (Bar No. 168181)
eric.meckley@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: +1.415.442.1000

MORGAN, LEWIS & BOCKIUS LLP
Abbey M. Glenn (Bar No. 267751)
abbey.glenn@morganlewis.com
1111 Pennsylvania Ave, NW
Washington, DC 20004-2541
Tel: +1.202.739.3000

*Attorneys for Defendants*
ELON MUSK; X CORP.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT,<br><br>Plaintiffs,<br><br>vs.<br><br>ELON MUSK; X CORP., f/k/a/ TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA,<br><br>Defendants. | Case 4:24-cv-01304-MMC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Compl. Filed:    March 4, 2024 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants Elon Musk, X Corp., the successor-in-interest to Twitter, Inc. (the "Company"), the Twitter, Inc. Change of Control and Involuntary Termination Protection Policy, the Twitter, Inc. Change of Control Severance and Involuntary Termination Protection Policy, Lindsay Chapman, Brian Bjelde, and Dhruv Batura submit this response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 3).[1]  As explained herein, the Court should order the sealing of limited portions of Plaintiffs' Complaint that reflect confidential attorney-client privileged information but may unseal the remaining portions that Plaintiffs have redacted.

## I. BACKGROUND AND PROPOSED MATERIAL TO BE SEALED

Plaintiffs are former senior executives and/or lawyers of the Company who served at the highest levels as Chief Executive Officer (Plaintiff Agrawal), Chief Financial Officer (Plaintiff Segal), Chief Legal Officer (Plaintiff Gadde), and General Counsel (Plaintiff Edgett).  Compl. ¶¶ 10-13.  In their roles, Plaintiffs had fiduciary duties to the Company as officers of the Company and as agents of the Company's Board of Directors.

Plaintiffs were intimately involved in the contentious, high profile $44 billion acquisition of the Company, including negotiation of the merger agreement terms in their respective corporate capacities and involvement with, and responsibility for, retaining outside counsel to assist the Company with the acquisition.  *Id*. ¶¶ 73, 78-79.  As would be expected for employees, fiduciaries, and agents working in their respective capacities, and as legal counsel for the Company, Plaintiffs had extensive knowledge and access to confidential information, including sensitive attorney-client privileged information, relating to the acquisition.  *Id*. ¶¶ 78-80.

On October 27, 2022, the acquisition closed.  Compl. ¶ 56.  That day, each Plaintiff was terminated for "cause" due to "gross negligence or willful misconduct in the performance of their duties."  *Id*. ¶¶ 61-63, 73.  Among other things, Plaintiffs were terminated because, *after* it became clear that the transaction was going to be consummated and the vast majority of legal work was

---

[1] Counsel for X Corp. sought Plaintiffs' agreement to a brief extension of the deadline for this response, as some of the defendants had not been served with the Complaint or appeared in the matter.  Plaintiffs refused, indicating they opposed any extension despite these circumstances.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1
DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

done, Plaintiffs rushed to pay the Company's outside law firms tens of millions of dollars in extra "success" or "bonus" fees on top of the hourly rate fees that had previously been agreed to. These payments were, among other things, not called for under the engagement letters with the law firms entered into at the outset of the merger litigation, were inconsistent with the Company's billing guidelines to which the law firms agreed, and were an unnecessary waste of Company assets, but it did not matter to these Plaintiffs because the Company was about to be taken over by someone they did not like. This was of a piece with their decision to greenlight hefty retention bonuses in violation of the pre-closing merger agreement for individuals who had no business receiving them.

On November 29, 2022, Plaintiffs submitted individual claims for benefits under the Twitter, Inc. Change of Control and Involuntary Termination Protection Policy as amended and restated, effective August 8, 2014 or the Twitter, Inc. Change of Control Severance and Involuntary Termination Protection Policy, as amended and restated, effective February 22, 2017 ("Plans"). Compl. ¶ 66. Plaintiffs claimed they were not terminated for cause but instead had resigned for "Good Reason" even though an employee could only resign with Good Reason under the Plans "after expiration of the cure period" set forth in the Plans and none of the Plaintiffs waited for the cure period before resigning. Following thorough consideration of each Plaintiff's administrative claim, the claims administrator concluded each was terminated for "cause" because Plaintiffs each engaged in gross negligence and/or willful misconduct by, among other things: (1) making and accelerating exorbitant law firm bonuses and "success" fees in violation of the terms of the applicable engagement agreements, Twitter's own billing guidelines, and applicable ethical rules; (2) approving and/or paying retention bonuses in amounts that were outside of the ordinary course of business, inconsistent with past practice, and in violation of the merger agreement's interim operating restrictive covenants; and (3) presiding over and causing the Company to engage in excessive and wasteful spending. *See id*. ¶¶ 72-73. Letters denying Plaintiffs' claims were sent to each Plaintiff on May 26, 2023. *Id*. ¶ 72.

On September 15, 2023, Plaintiffs appealed their denials in a consolidated appeal to the Twitter Severance Administration Committee ("Committee"). Compl. ¶¶ 74, 76. The Committee,

2
DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

after thorough review of the appeal, attachments, Plans, and records before the Committee, denied Plaintiffs' appeal on January 12, 2024 in a detailed, 50-page opinion, finding Plaintiffs were terminated for "cause" and were thus not entitled to benefits under the Plans. *Id.* ¶ 149.

On March 4, 2024, Plaintiffs filed their Complaint, asserting causes of action under the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* ¶¶ 157-183. Plaintiffs redacted portions of their Complaint that they contend contains information that X Corp. "has claimed or may claim is confidential." Dkt. 3 at 1.

While Plaintiffs redacted 78 lines in their Complaint, Defendants do not seek to seal much of the redacted material. Rather, Defendants seek to seal only the limited portions reflecting attorney-client privileged information belonging to the Company. For this compelling reason, explained more fully below, Defendants contend that the following portions of the Complaint should be sealed:

- The fourth sentence in Paragraph 79, located at Page 20 lines 5-6;
- The second, third, and fourth sentences in Paragraph 108, located at Page 25 lines 24-28.

## II.     LEGAL STANDARD

Where a filing party moves to seal because portions of a document have been designated confidential by another party, the designating party must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal." Civil L.R. 79-5(c)(1); *see also id.* 79-5(f)(3). Sealing is appropriate when there is "a compelling reason" for it. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted); *see also Perez v. Bath & Body Works, LLC*, 2022 WL 16836970, at *1 (N.D. Cal. Nov. 9, 2022) ("Because the motion to seal pertains to the complaint, the Court will apply the 'compelling reasons' standard.") (quoting *Ponomarenko v. Shapiro*, 2017 WL 3605226, at *2 (N.D. Cal. Aug. 21, 2017)).

"Courts have accepted attorney–client privilege and the work-product doctrine as sufficient justifications for sealing [under the] 'compelling reason' standard." *In re Anthem, Inc. Data Breach*

1   *Litig.*, 2018 WL 3067783, at *3 (N.D. Cal. Mar. 16, 2018) (collecting cases); *Fed. Trade Comm'n v. Qualcomm Inc.*, 2018 WL 2317835, at *6 (N.D. Cal. May 22, 2018); *Eastman v. Apple Inc.*, 2018 WL 5982440, at *3 (N.D. Cal. Nov. 14, 2018). Indeed, some courts have concluded that a party need not demonstrate a "compelling reason" to justify sealing materials protected by the attorney-client privilege or work-product doctrine. *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012) ("Attorney-client privileged materials, of course, are archetypical examples of material that has traditionally been kept secret for important policy reasons."); *Moreno v. SFX Ent., Inc.*, 2015 WL 12683794, at *3 (C.D. Cal. Aug. 28, 2015) ("The communication at issue qualifies as privileged attorney-client material, which has been 'traditionally kept secret' for policy reasons. No showing of 'compelling reasons' for sealing the requested documents is therefore required."); *Hernandez v. Creative Concepts*, 2013 WL 3864066, at *10 (D. Nev. July 24, 2013) ("Since the logged documents contain attorney-client communications that are 'traditionally kept secret' and 'there is no right of access to documents which have traditionally been kept secret for important policy reasons,' the court finds that the parties need not file a motion with the court demonstrating 'compelling reasons' or good cause in order to file the logged documents, or information contained therein, under seal." (citing *Lambright*, 698 F.3d at 820; *Kamakana*, 447 F.3d at 1185)).

### III. PORTIONS OF PARAGRAPHS 79 AND 108 SHOULD BE SEALED BECAUSE THEY REFLECT ATTORNEY-CLIENT PRIVILEGED INFORMATION

The attorney-client privilege protects from discovery "confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citation omitted). Protecting against disclosure of attorney-client privileged information is a compelling reason warranting redaction of a complaint. *E.g.*, *Williams & Cochrane, LLP v. Quechan Tribe of the Fort Yuma Indian Rsrv.*, 2017 WL 7362744, at *3 (S.D. Cal. Nov. 7, 2017). "[I]nformation is covered by the attorney-client privilege: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the

legal adviser, (8) unless the protection be waived." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (citation omitted).

The precise and limited portions of Plaintiffs' Complaint that Defendants seek to seal reflect attorney-client privileged information. The fourth sentence in Paragraph 79, located at Complaint Page 20 lines 5-6, concerns a meeting of the Company's Board of Directors, at which Plaintiff Edgett discussed and provided his opinions regarding information he had previously provided to the Board. Compl. ¶ 79. At the time, Mr. Edgett was the Company's General Counsel, *id*. ¶ 13, and he was providing legal advice to the Board regarding specific subject matter about which the Board had to make decisions. *Id*. ¶ 80. This is precisely the kind of attorney-client privileged information that warrants sealing. *E.g.*, *Williams & Cochrane, LLP*, 2017 WL 7362744, at *3; *see also Specialty Surplus Ins. Co. v. Lexington Ins. Co.*, 2007 WL 2404703, at *18 (W.D. Wash. Aug. 17, 2007) ("The public interest in accessing the courts does not outweigh the compelling need to honor the attorney-client privilege.").

The second, third, and fourth sentences in Paragraph 108, located at Complaint Page 25 lines 24-28, likewise reflect privileged discussion that took place during a meeting attended only by lawyers. Compl. ¶ 108. At that meeting, in-house lawyers discussed information and instructions provided by the client. *Id*. Plaintiffs were privy to the information forming the basis of these allegations by virtue of their positions with the Company, including as Chief Legal Officer and General Counsel, and their relationships with other Company lawyers with whom they worked. On their face, these particular allegations in Paragraphs 79 and 108 reflect attorney-client privileged information shared by or among lawyers.

Even if Plaintiffs disagree that these specific allegations reflect attorney-client privileged information, such an argument does not prevent sealing of these limited portions of the Complaint at this stage of the proceedings. *See Pham v. Talkdesk, Inc.*, 2022 WL 18638753, at *1 (C.D. Cal. Aug. 10, 2022) (granting motion to seal portions of complaint although party disputed whether the attorney client privilege applied). The Court need not resolve the question now. *Id*. (finding that the privilege question could be resolved later with the benefit of a fully developed record).

5
DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

## IV. CONCLUSION

For the above reasons, the specifically limited portions of Complaint Paragraphs 79 and 108 identified above should be sealed because they reflect attorney-client privileged information.

Dated: March 26, 2024

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By  /s/ *Eric Meckley*
　　Eric Meckley

*Attorneys for Defendants*