David L. Anderson (SBN 149604)
dlanderson@sidley.com
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
Chaddy Georges (SBN 335546)
cgeorges@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

Mark B. Blocker (Admitted *pro hac vice*)
mblocker@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000

*Attorneys for Plaintiffs Parag Agrawal,
Ned Segal, Vijaya Gadde, and Sean Edgett*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT,<br><br>Plaintiffs,<br><br>vs.<br><br>ELON MUSK; X CORP., f/k/a TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA,<br><br>Defendants. | Case No. 3:24-cv-01304-MMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST TO SEAL PORTIONS OF THE COMPLAINT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION** |

Before filing this lawsuit, Plaintiffs spent more than a year exhausting Defendants' administrative ERISA claims process. Compl. ¶¶ 68–100. During that process, Defendants repeatedly delayed the production of documents to Plaintiffs on the grounds that the documents contained purportedly confidential information. *Id.* ¶¶ 137–40. Among the items so designated by Defendants were documents that Defendants had attached to public court filings in other proceedings and documents that had no colorable claim of confidentiality. *Id.* ¶ 142. Nonetheless, respecting Defendants' confidentiality assertions, Plaintiffs provisionally filed under seal the portions of their Complaint over which Defendants had previously asserted confidentiality, as well as other portions over which Defendants might claim confidentiality, and Plaintiffs filed the administrative motion required by Civil Local Rule 79-5(f). *See* Dkt. 3. In response, Defendants have abandoned nearly all of their previous confidentiality assertions. *See* Dkt. 33. Defendants now claim confidentiality over just two short passages of the Complaint. Defendants are wrong about both of these confidentiality assertions. Defendants' Response also contains a several-page factual introduction rife with misstatements and mischaracterizations. Herein, Plaintiffs will address these points as appropriate at this stage in the proceeding. Plaintiffs respectfully request that the Complaint be filed unsealed in its entirety in the public docket.

**I.     THE MATERIAL SOUGHT TO BE SEALED IS NOT PRIVILEGED.**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (citation omitted).

While the attorney-client privilege may be a sufficient justification for sealing judicial records, the material Defendants seek to seal is, by definition, not privileged. "The attorney-client privilege protects confidential communications between attorneys and clients, which are made for

1

1   the purpose of giving legal advice." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir.
2   2020) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). Defendants seek to seal the
3   fact of a communication by an attorney to the Board and the communication of a business decision
4   by an attorney to other attorneys. Neither portion of the Complaint at issue divulges legal advice or a
5   request for legal advice.

6         Because the portions of the Complaint that Defendants seek to seal do not disclose the
7   content of any communications requesting or providing legal advice, they are not privileged and the
8   Court should not order that they be sealed.

9         ***Paragraph 79 (Page 20, lines 5-6).*** Defendants seek to seal a single sentence in Paragraph 79
10  reflecting a communication by Plaintiff Sean Edgett to Twitter's Board of Directors. In reference to
11  the proposed attorneys' fees payable to Twitter's outside counsel in the acquisition and related
12  merger litigation, the full sentence reads, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Compl. ¶ 79.

14        This sentence merely discloses the fact of Edgett's communication to the Board; it does not
15  divulge any advice the communication may have contained, or even whether any such advice was
16  given. The mere fact that Edgett communicated about a specific topic with the Board is not protected
17  by the attorney-client privilege. *See In re Fischel*, 557 F.2d 209, 211–12 (9th Cir. 1977) (finding that
18  the privilege does "not conceal everything said and done in connection with an attorney's legal
19  representation of a client in a matter" and an "attorney's involvement in, or recommendation of, a
20  transaction does not place a cloak of secrecy around all the incidents of such a transaction" in the
21  absence of legal advice); *Sanmina*, 968 F.3d at 1123 n.9 (explaining that "the fact of the
22  communication, the identity of the attorney, the subject discussed, and details of the meetings … are
23  not protected by the privilege") (citation omitted). Consequently, this sentence should not be sealed.

24        ***Paragraph 108 (Page 25, lines 24-28).*** Defendants seek to seal the following three sentences
25  in Paragraph 108 describing events that occurred during a meeting attended by Twitter's in-house
26  lawyers: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
27  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
28  

2
PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST TO SEAL PORTIONS OF THE COMPLAINT IN
RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION
CASE NO. 3:24-CV-01304-MMC

1  ███████████████████████████████████████████████████████
2  ███████████████████████████████████████████████████████
3  ██████████████████████ Compl. ¶ 108.

That a meeting was attended exclusively by lawyers does not render all conversations at that meeting privileged, and especially not those that do not involve the provision of or request for legal advice. "The [attorney-client] privilege is intended to protect and foster the client's freedom of expression, not to permit his attorney to conduct the client's business affairs in secret." *Lopes v. Vieira*, 688 F. Supp. 2d 1050, 1058 (E.D. Cal. 2010) (internal quotations omitted). These three sentences describe a meeting at which one lawyer conveyed to other lawyers a management decision made by Musk. The communication did not include, divulge, or reflect any legal advice. This business decision is therefore not protected by the attorney-client privilege, and the description of the meeting in Paragraph 108 should not be sealed.

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' request that these portions of the Complaint be sealed.

## II. DEFENDANTS MISCHARACTERIZE THEIR REQUEST FOR A SECOND EXTENSION AND PLAINTIFFS' RESPONSE.

In Footnote 1 of their response, Defendants inaccurately claim that they sought a brief extension of the deadline to file their response because "some of the defendants had not been served with the Complaint or appeared in the matter," and that Plaintiffs refused "despite these circumstances." Defs.' Response at 1 n.1. This is a blatant mischaracterization of the communication between the Parties.

First, Defendants fail to note that Plaintiffs had previously agreed, at Defendants' request, to a stipulated 15-day extension of Defendants' deadline to file their statement in support of sealing. *See* Dkt. 19. That agreement extended Defendants' deadline to March 26, 2024.

On March 20, 2024, Defendants informed Plaintiffs that they planned to seek an additional two weeks to file their response, and asked whether Plaintiffs would stipulate to their request, stating they required additional time to sufficiently analyze the redactions, confer with their clients, and

navigate scheduling issues. Plaintiffs informed Defendants that they could not agree to a second extension because it does not take five weeks to review and assess two and a half pages worth of redactions. For the avoidance of any doubt, this brief email correspondence between counsel is attached as Exhibit A to the Declaration of Nicole M. Ryan accompanying this filing.

Defendants never stated that they were seeking an extension for the reason they now claim – that some of the defendants had not yet been served or appeared in the matter. In fact, on March 19, 2024, the day before Defendants requested an additional extension, Defendants' counsel informed Plaintiffs that they had authorization to accept service on behalf of the individual and Plan defendants. Plaintiffs promptly prepared and sent service waivers the same day. And Defendants' counsel returned the fully executed waivers *before* Plaintiffs denied Defendants' request for a second extension. Thus, service had been effected on all defendants at the time of Defendants' request.

### III. DEFENDANTS INACCURATELY AND IMPROPERLY ATTEMPT TO REBUT THE ALLEGATIONS IN THE COMPLAINT.

Before even addressing the issue of sealing or confidentiality, Defendants devote nearly two pages of their filing to a merits narrative that has no logical relationship to the sealing issues raised by their filing. Defendants' narrative is not only erroneous, it is improper. At this stage of the proceedings, as Defendants well know, Plaintiffs' well-pled allegations are accepted as true. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). At the appropriate time and in the appropriate manner, Plaintiffs will address Defendants' erroneous and improper factual assertions.

Date:  April 3, 2024

SIDLEY AUSTIN LLP

By: */s/ David L. Anderson*
    David L. Anderson

*Attorneys for Plaintiffs Parag Agrawal, Ned Segal, Vijaya Gadde, and Sean Edgett*