David L. Anderson (SBN 149604)
dlanderson@sidley.com
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
Chaddy Georges (SBN 335546)
cgeorges@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

Mark B. Blocker (Admitted *pro hac vice*)
mblocker@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000

*Attorneys for Plaintiffs Parag Agrawal,
Ned Segal, Vijaya Gadde, and Sean Edgett*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT,<br><br>Plaintiffs,<br><br>vs.<br><br>ELON MUSK; X CORP., f/k/a TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA,<br><br>Defendants. | Case No. 3:24-cv-01304-MMC<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' REQUEST TO SEAL PORTIONS OF THE COMPLAINT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION** |

Upon consideration of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed on March 4, 2024 (Dkt. No. 3), Defendants' Response thereto, and Plaintiffs' Opposition to Defendants' Request to Seal Portions of the Complaint in Response to Plaintiffs' Administrative Motion, it is hereby ORDERED that the Complaint shall be filed unsealed in its entirety in the public docket.

Defendants contend that portions of Paragraphs 79 and 108 in the Complaint contain material protected by the attorney-client privilege, and should therefore be filed under seal. The portions of the Complaint that Defendants seek to seal do not disclose the content of any communications requesting or providing legal advice and, therefore, are not privileged. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) ("The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice."). The attorney-client privilege does not "conceal everything said and done in connection with an attorney's legal representation of a client in a matter" and an "attorney's involvement in, or recommendation of, a transaction does not place a cloak of secrecy around all the incidents of such a transaction." *In re Fischel*, 557 F.2d 209, 211-12 (9th Cir. 1977); *see also Sanmina*, 968 F.3d at 1123 n.9 (explaining that "the fact of the communication, the identity of the attorney, the subject discussed, and details of the meetings … are not protected by the privilege") (citation omitted). Furthermore, the attorney-client privilege does not extend to communications about management business decisions. *See Lopes v. Vieira*, 688 F. Supp. 2d 1050, 1058 (E.D. Cal. 2010) ("The [attorney-client] privilege is intended to protect and foster the client's freedom of expression, not to permit his attorney to conduct the client's business affairs in secret.") (internal quotations omitted). Therefore, Defendants have not demonstrated that any portion of the Complaint is protected by the attorney-client privilege, and the Complaint should not be sealed.

Plaintiffs are directed to file an unsealed copy of the Complaint.

Dated: _____, 2024

_____
The Honorable Maxine M. Chesney
Senior United States District Judge

1

[PROPOSED] ORDER DENYING DEFENDANTS' REQUEST TO SEAL PORTIONS OF THE COMPLAINT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION
CASE NO. 3:24-CV-01304-MMC