MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley (Bar No. 168181)
eric.meckley@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000

Jeremy P. Blumenfeld (pro hac vice)
jeremy.blumenfeld@morganlewis.com
Brian W. Sullivan (pro hac vice)
brian.sullivan@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5000

MORGAN, LEWIS & BOCKIUS LLP
Christopher Boran (pro hac vice)
christopher.boran@morganlewis.com
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Tel: +1.312.324.1000

Abbey M. Glenn (Bar No. 267751)
abbey.glenn@morganlewis.com
1111 Pennsylvania Ave, NW
Washington, DC 20004-2541
Tel: +1.202.739.3000

*Attorneys for Defendants*
ELON MUSK; X CORP.; TWITTER, INC.
CHANGE OF CONTROL AND
INVOLUNTARY TERMINATION
PROTECTION POLICY; TWITTER, INC.
CHANGE OF CONTROL SEVERANCE
AND INVOLUNTARY TERMINATION
PROTECTION POLICY; LINDSAY
CHAPMAN; BRIAN BJELDE; AND
DHRUV BATURA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT,<br><br>Plaintiffs,<br><br>vs.<br><br>ELON MUSK; X CORP., f/k/a/ TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA,<br><br>Defendants. | Case No. 3:24-cv-01304-MMC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Compl. Filed:        March 4, 2024 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:24-cv-01304-MMC

DEFS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 40)

1     Pursuant to Civil Local Rule 79-5(f)(3), Defendants Elon Musk, X Corp., the successor-in-

2   interest to Twitter, Inc. (the "Company"), the Twitter, Inc. Change of Control and Involuntary

3   Termination Protection Policy, the Twitter, Inc. Change of Control Severance and Involuntary

4   Termination Protection Policy, Lindsay Chapman, Brian Bjelde, and Dhruv Batura hereby submit

5   this response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material

6   Should Be Sealed (Dkt. 40).

7     As explained herein and in Defendants' Response to Plaintiffs' Administrative Motion to

8   Consider Whether Another Party's Material Should Be Sealed, the Court should order the sealing

9   of the limited portions of Plaintiffs' Complaint reflecting confidential attorney-client privileged

10   information contained in Paragraphs 79 and 108 of the Complaint.  Dkt. 33 at 4-5. For the same

11   reasons, the Court should seal the redacted portions of Plaintiffs' Opposition to Defendants'

12   Request to Seal Portions of the Complaint in Response to Plaintiffs' Administrative Motion

13   ("Plaintiffs' Opposition"), Dkt. 41.

14     While Plaintiffs argue these statements are not privileged, Plaintiffs' disagreement does not

15   prevent the Court from sealing them at this early stage of the case. *See Davies v. Broadcom Corp.*,

16   130 F. Supp. 3d 1343, 1353 (C.D. Cal. 2015); *Pham v. Talkdesk, Inc.*, 2022 WL 18638753, at *1

17   (C.D. Cal. Aug. 10, 2022). As the Ninth Circuit has observed, "where attorney-client privilege is

18   concerned, hard cases should be resolved in favor of the privilege, not in favor of disclosure."

19   *United States v. Mett*, 178 F.3d 1058, 1065 (9th Cir. 1999).

20     In any event, Plaintiffs are wrong to claim the allegations at issue do not involve privileged

21   communications. Plaintiffs do not—and cannot—dispute that they were privy to such information

22   through their legal and fiduciary positions in the Company. *See* Dkt. 33 at 5; *see generally* Dkt. 41.

23   Indeed, Paragraph 79 reflects discussion led by Plaintiff Edgett, the Company's General Counsel

24   at the time, with the Board of Directors. "The attorney-client privilege protects documents which

25   involve . . . client communications intended to keep the attorney apprised of continuing business

26   developments, with an implied request for legal advice based thereon." *In re CV Therapeutics, Inc.*

27   *Sec. Litig.*, 2006 WL 1699536, *4 (N.D. Cal. June 16, 2006) (citation omitted). Although Plaintiffs

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 40)

imply that the allegation in Paragraph 79 simply reflects non-privileged "details" about a meeting, Dkt. 41 at 2, courts recognize that such "details" can be privileged. *See, e.g.*, *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1080 (N.D. Cal. 2002) (finding meeting agenda was privileged).

The second, third, and fourth sentences in Paragraph 108 are also privileged, and Plaintiffs' contrary arguments do not show otherwise. Here, a company executive gave direction to legal counsel to obtain certain factual information for purposes of assessing personnel decisions entailing potential legal and business risks, which resulted in the discussion reflected in Paragraph 108. These sorts of communications between corporate executives and counsel are privileged. *See Upjohn Co. v. United States*, 449 U.S. 383, 390, 394 (1981) (communications between corporation employees and its counsel who is acting "at the direction of corporate superiors in order [for the corporation] to secure legal advice from counsel" are privileged, because the privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice"); *KB Home v. Illinois Union Ins. Co.*, 2023 WL 3433556, at *14 (C.D. Cal. Mar. 30, 2023) ("[T]he privilege protects communications made by employees of the client when the client's attorney is interviewing those employees for the purpose of rendering legal services to the client."). Plaintiffs try to downplay the allegations, arguing they reflect a "business decision." Dkt. 41 at 4. But even if that were true, the privileged nature of a communication is not dispelled simply because "it relates to a business function." *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 661 (D. Or. 2019). Plaintiffs cite no authority to the contrary. *See* Dkt. 41 at 4.

At this juncture, erring on the side of privilege is warranted, and the Court should seal the limited portions of Complaint Paragraphs 79 and 108 and the redacted portions of Plaintiffs' Opposition, which quotes these allegations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                                    Case No. 3:24-cv-01304-MMC
DEFS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 40)

Dated:  April 10, 2024

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP


By   */s/ Eric Meckley*
Christopher Boran
Eric Meckley
Jeremy Blumenfeld
Abbey Glenn
Brian Sullivan

*Attorneys for Defendants*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:24-cv-01304-MMC

DEFS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 40)