MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley (Bar No. 168181)
eric.meckley@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: +1.415.442.1000

Jeremy P. Blumenfeld (admitted *pro hac vice*)
jeremy.blumenfeld@morganlewis.com
Brian W. Sullivan (admitted *pro hac vice*)
brian.sullivan@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5000

MORGAN, LEWIS & BOCKIUS LLP
Christopher Boran (admitted *pro hac vice*)
christopher.boran@morganlewis.com
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Tel: +1.312.324.1000

Abbey M. Glenn (Bar No. 267751)
abbey.glenn@morganlewis.com
1111 Pennsylvania Ave, NW
Washington, DC 20004-2541
Tel: +1.202.739.3000

Attorneys for Defendants
ELON MUSK; X CORP.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT,<br><br>Plaintiffs,<br>vs.<br><br>ELON MUSK; X CORP., F/K/A TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA,<br><br>Defendants. | Case No. 3:24-cv-01304-MMC<br><br>Hon. Maxine M. Chesney<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL EXHIBIT A TO MOTION TO DISMISS COUNT V OF PLAINTIFFS' COMPLAINT**<br><br>Action Filed: March 4, 2024 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants Elon Musk; X Corp.; Twitter, Inc. Change of Control and Involuntary Termination Protection Policy; Twitter, Inc. Change of Control Severance and Involuntary Termination Protection Policy; Lindsay Chapman; Brian Bjelde; and Dhruv Batura (collectively, "Defendants") hereby move this Court, pursuant to Civil Local Rules 7-11 and 79-5, to seal the redacted portions of Exhibit A to Defendants' Motion to Dismiss (the "Motion to Dismiss") Count V of Plaintiffs' Complaint (the "Complaint") filed by Plaintiffs Parag Agrawal, Ned Segal, Vijaya Gadde, and Sean Edgett (collectively, "Plaintiffs"). Pursuant to Civil Local Rule 7-11(c), this motion is "deemed submitted for immediate determination without hearing on the day after [Plaintiffs'] opposition is due."

As set forth in greater detail below, sealing of the redacted portions of Exhibit A to the Motion to Dismiss is appropriate because the redactions are warranted under the law to avoid potential reputational or other harm to non-litigants, the Motion to Dismiss does not rely on any of the redacted information, and the redacted information is unnecessary to the Court's resolution of the Motion to Dismiss. In addition, sealing the redacted information is consistent with the public's interest in maintaining the confidentiality and privacy of information pertaining to non-litigants that is not essential to disposition of the Motion to Dismiss and does not inhibit the public's access to information related to the merits of the litigation.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION AND RELEVANT BACKGROUND**

Simultaneously with this Motion, Defendants filed their Motion to Dismiss Count V of the Complaint. Attached as Exhibit A to that Motion is a January 12, 2024 letter ("Exhibit A" or the "Appeal Denial Letter"). Plaintiffs' Complaint and claims rely on and make extensive reference to the Appeal Denial Letter. *See* Compl. ¶¶ 94-100, 149. In order to provide the Court with a robust understanding of the substance of the underlying facts in this matter as relevant to the Motion to Dismiss, Defendants attach the Appeal Denial Letter as an exhibit to their Motion to Dismiss. To safeguard the privacy and confidentiality of several non-parties to this litigation who are referenced in the Appeal Denial Letter, however, Defendants have made very limited redactions of their

identifying information and descriptions and characterizations of their conduct. Because this limited but sensitive information is not essential to disposition of Defendants' Motion to Dismiss, Defendants respectfully request an order sealing it.

## II.     LEGAL STANDARD

"A party seeking to seal a judicial record [] bears the burden of overcoming th[e] strong presumption [of public access] by meeting the 'compelling reasons' standard." *A.B. v. Pacific Fertility Center*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Reasons in support of a motion to seal "must 'outweigh the general history of access and the public policies favoring disclosure.'" *Id*. (quoting *Kamakana* at 1179). Civil Local Rule 79-5(a) likewise requires a party to "minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civ. L.R. 79-5(a). As such, a party must narrowly tailor their requests only to the sealable material. *Pacific Fertility Center*, 441 F. Supp. 3d at 907 (citing Civ. L.R. 79-5(c)(3) (requiring proposed order "narrowly tailored to seal only the sealable material"). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Schmidt v. Internal Revenue* Service, 533 F.Supp.3d 952, 954 (E.D. Cal. 2020) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)).

The Ninth Circuit has recognized that minimal redactions of sensitive or identifying information pertaining to non-litigants, rather than the entire document containing such information, is appropriate to protect third-party privacy interests and does not run afoul of the public interest in access to judicial records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (holding that "simply redacting the identifying information of third parties . . . and disclosing the remaining information would not injure the third parties" but would allow appropriate access to other relevant information in documents); *see also William v. Morrison & Foerster LLP*, 2021 WL 461891, at *2 (N.D. Cal. Feb. 9, 2021) (granting administrative motion to seal "personal and private third-party confidential information," including names and identifying information and individuals' performance evaluations" because sealed information was "narrowly tailored"). In addition, when a document has portions that are not referenced in briefing at all,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

ADMINISTRATIVE MOTION TO SEAL
CASE NO. 3:24-cv-01304-MMC

1  courts have found redactions to be warranted. *See, e.g.*, *Allen v. Am. Cap. Ltd.*, 2017 WL 6554677, at *2 (D. Ariz. Dec. 22, 2017) (sealing redactions where party did not rely on redacted information in motion, which information constituted only "comparatively small portion" and "miniscule part of" the record); *Hesterberg v. United States*, 2013 WL 6057068, at *2 (N.D. Cal. Nov. 15, 2013) (concluding that public interest in sealed information is low where sealed information was not relied on by court or connected to court's disposition of motion).

### III.  ARGUMENT

As stated above, Exhibit A is the relevant Appeal Denial Letter that forms the basis of Plaintiffs' claims and has been incorporated by reference in the Complaint. *See* Compl. ¶¶ 94-100, 149. As required by Local Civil Rule 79-5, the proposed redactions are narrowly tailored to maintain the confidentiality of sensitive information concerning and impacting the rights of non-parties to this litigation, namely their identities and participation in conduct discussed in the Appeal Denial Letter, but otherwise unnecessary to the disposition of the Motion to Dismiss. Indeed, no portion of the redacted information is utilized in the briefing, and the exhibit containing the information is included to provide context to the underlying dispute.

The following information is sought to be redacted, and includes *only* names and identifying information of third-parties and characterizations of alleged conduct attributed to them in the Appeal Denial Letter:

| Docket No. | Redactions Sought to Be Sealed |
|---|---|
| Dkt. No. 46-1 | Page 30, portions of last paragraph |
| | Page 33, portions of 2nd and 4th bullet point |
| | Page 34, portions of 3rd bullet point and last two paragraphs |
| | Page 35, portions of 1st, 2nd, 3rd, and 6th paragraphs |
| | Page 36, portions of 4th paragraph |
| | Page 37, portions of 3rd paragraph |
| | Page 42, portions of 2nd, 3rd, 4th, and 5th paragraphs, and footnote 124 |
| | Page 43, portions of 1st, 2nd, and 3rd paragraphs |
| | Page 51, header line of chart identifying third-party entity |

| | Page 59, portions of lines 26-27 of chart |
|---|---|
| | Page 60, portions of line 4 of chart |
| | Page 61, portions of lines 2, 4-7, 13, 17 of chart |
| | Page 62, portions of section 4(i, j, l, and n), Section 6(c) |

Redacting this information does not inhibit the public from knowledge relevant to the merits of the present case, and merely protects the confidentiality of non-parties. Release of this information "does not enhance the public's understanding of the instant judicial proceeding" and, as such, need not be included in the public filing. *Sywula v. Teleport Mobility, Inc.*, 652 F. Supp. 3d 1195, 1212 (S.D. Cal. 2023) (citing *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (finding the public has more limited interest in accessing information in proposed sealed documents that would not "assist . . . in understand the proceedings in th[e] case.")). And, finally, the small amount of redacted information is unnecessary to the disposition of the Motion to Dismiss and is not specifically cited or referenced therein.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' ask that the court grant its request for leave to file Exhibit A with redactions under seal pursuant to Local Civil Rule 79-5. In accordance with the same, an unredacted version of Exhibit A accompanies this Administrative Motion.

Dated: May 20, 2024

MORGAN, LEWIS & BOCKIUS LLP

By  /s/ Eric Meckley
    Eric Meckley
    Jeremy Blumenfeld
    Chris Boran
    Brian Sullivan
    Abbey Glenn

Attorneys for Defendants
ELON MUSK; X CORP.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA