MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley (Bar No. 168181)
eric.meckley@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000

Jeremy P. Blumenfeld (admitted *pro hac vice*)
jeremy.blumenfeld@morganlewis.com
Brian W. Sullivan (admitted *pro hac vice*)
brian.sullivan@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5000

MORGAN, LEWIS & BOCKIUS LLP
Christopher Boran (admitted *pro hac vice*)
christopher.boran@morganlewis.com
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Tel: +1.312.324.1000

Abbey M. Glenn (Bar No. 267751)
abbey.glenn@morganlewis.com
1111 Pennsylvania Ave, NW
Washington, DC 20004-2541
Tel: +1.202.739.3000

Attorneys for Defendants
ELON MUSK; X CORP.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT,<br><br>Plaintiffs,<br>vs.<br><br>ELON MUSK; X CORP., F/K/A TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA,<br><br>Defendants. | Case No. 3:24-cv-01304-MMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT V OF PLAINTIFFS' COMPLAINT**<br><br>Hon. Maxine M. Chesney<br><br>Action Filed:  March 4, 2024 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER RE: MOTION TO DISMISS
CASE NO. 3:24-cv-01304-MMC

Upon consideration of Defendants' Motion to Dismiss Count V of Plaintiffs' Complaint, and any opposition thereto, it is hereby ORDERED that Defendants' Motion is GRANTED. Plaintiffs' requested equitable relief of "surcharge" and "front pay" under section 502(a)(3) of ERISA, 29 U.S.C § 1132(a)(3), is unavailable as a matter of law. An "equitable surcharge" is properly awarded only to remedy a breach of fiduciary duty. *CIGNA Corp. v. Amara*, 563 U.S. 421, 442 (2011); *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 957 (9th Cir. 2014). Because Plaintiffs do not plausibly allege fiduciary conduct, much less a breach of fiduciary duty, in Count V, their claims for "appropriate equitable relief" under section 502(a)(3) must fail. *See, e.g.*, *id.*; *Foster v. Adams & Assocs., Inc.*, 2020 WL 3639648, at *8 (N.D. Cal. July 6, 2020). Likewise, because Plaintiffs allege that they had no intention of remaining employed at Twitter following the October 27, 2022 acquisition, let alone for years thereafter and beyond any trial in this case, their claims for "front pay" necessarily fail as a matter of law. *See Teutscher v. Woodson*, 835 F.3d 936, 948 (9th Cir. 2016).

In addition to the above grounds for dismissal, Plaintiffs' claims in Count V also fail because they are foreclosed by their claims for Severance Benefits in Counts I-IV. Whether or not Plaintiffs prevail on their claims in Counts I-IV, their claim in Count V is subject to dismissal either way. *See, e.g.*, *Chambers v. Travelers Cos., Inc.*, 668 F.3d at 559, 567 (8th Cir. 2012) ("[I]f [plaintiff] was terminated for cause, she had no further rights under the plan. If she was not validly terminated for cause, she had a claim for severance benefits under the plan. In either event, no § 510 'interference' claim will lie.").

IT IS SO ORDERED.

Dated:_____, 2024

_____
Hon. Maxine M. Chesney