David L. Anderson (SBN 149604)
dlanderson@sidley.com
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
Chaddy Georges (SBN 335546)
cgeorges@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

Mark B. Blocker (Admitted *pro hac vice*)
mblocker@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000

*Attorneys for Plaintiffs Parag Agrawal,
Ned Segal, Vijaya Gadde, and Sean Edgett*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT,<br><br>Plaintiffs,<br><br>vs.<br><br>ELON MUSK; X CORP., f/k/a TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA,<br><br>Defendants. | Case No. 3:24-cv-01304-MMC<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS COUNT V OF THE COMPLAINT** |

Upon consideration of Defendants' Motion to Dismiss Count V of the Complaint, Plaintiffs' opposition to the motion, and Defendants' reply, it is hereby ORDERED that the motion is DENIED. The motion seeks to dismiss Plaintiffs' claim against Defendants Elon Musk and X Corp. for wrongful interference with rights to benefits under Section 510 of ERISA, 29 U.S.C. § 1140 (Count V), pursuant to Fed. R. Civ. P. 12(b)(6). In evaluating the motion, the Court takes "all allegations of material fact as true and construe[s] them in the light most favorable to" Plaintiffs. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017) (citation omitted).

The Court concludes that the Complaint states a claim under Section 510. Section 510 provides that "it shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions or an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such a participant may become entitled under the plan." The Complaint alleges, in detail, that Musk discharged Plaintiffs without cause for the specific purpose of interfering with their right to severance benefits under Twitter's ERISA plans. *See, e.g.*, Compl. ¶¶ 1, 4, 59–63. This is a textbook example of the sort of conduct prohibited by Section 510. *See* 29 U.S.C. § 1140; *Lessard v. Applied Risk Mgmt.*, 307 F.3d 1020, 1024–26 (9th Cir. 2002).

Indeed, Defendants do not even contend that the Complaint fails to plead facts establishing a Section 510 violation. Instead, Defendants make two other arguments, neither of which supports dismissal. Defendants first argue that Plaintiffs cannot plead both a claim for benefits and a claim under Section 510. To the contrary, Plaintiffs are not required to elect claims at the pleading stage. The interests served by each claim are distinct. *See Lessard*, 307 F.3d at 1024; *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992). Thus, courts routinely allow claims for benefits to proceed simultaneously with Section 510 claims and other claims for equitable relief. *See, e.g.*, *Tolle*, 977 F.2d at 1134–45; *Johns v. Ng*, 2012 WL 4497770, at *1–3 (N.D. Cal. Sept. 28, 2012); *Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 959–62 (9th Cir. 2016). Moreover, contrary to Defendants' contention, the outcome of one claim will not necessarily determine the other. Plaintiffs could prevail on both their benefits claim and their Section 510 claim. Plaintiffs also could prevail on their Section 510 claim even if they did not prevail on their benefits claim because, as

reflected in the language of the statute, the key to a Section 510 claim is intent. 29 U.S.C. § 1140; *Gavalik v. Cont'l Can Co.*, 812 F.2d 834, 851–52 (3d Cir. 1987); *Lessard*, 307 F.3d at 1024–26; *see, e.g.*, *Black v. Long Term Disability Ins.*, 373 F. Supp. 2d 897, 902 (E.D. Wis. 2005) (explaining that even a plausible interpretation for the benefits denial would not excuse the defendant's wrongful intent).

The Court also concludes, contrary to Defendants' second argument, that Plaintiffs have alleged an available remedy under Section 510. Section 510 is enforceable under Section 502(a)(3) of ERISA, which authorizes injunctive relief and "other appropriate equitable relief" to redress the violation. 29 U.S.C. § 1132(a)(3). The Complaint properly seeks "appropriate equitable relief to remedy Defendants' violation of Section 510." Compl. ¶ 176. This request encompasses, but is not limited to, front pay and/or equitable surcharge. *See id.* at 38. Front pay is an available remedy for a Section 510 claim. *Teutscher v. Woodson*, 835 F.3d 936, 946–47 (9th Cir. 2016). Plaintiffs also plausibly allege fiduciary conduct supporting equitable relief in the form of an equitable surcharge. *See CIGNA Corp. v. Amara*, 563 U.S. 421, 442 (2011). Moreover, the Court has "flexible and discretionary" authority to award such equitable relief as it may determine is proper after full development of the evidence, which is possible in other ways beyond an award of front pay or equitable surcharge. *See Spinelli v. Gaughan*, 12 F.3d 853, 858 (9th Cir. 1993).

IT IS SO ORDERED.

Dated: _____, 2024

                                               The Honorable Maxine M. Chesney
                                               Senior United States District Judge