David L. Anderson (SBN 149604)
dlanderson@sidley.com
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
Chaddy Georges (SBN 335546)
cgeorges@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 772-1200

Mark B. Blocker (admitted pro hac vice)
mblocker@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000

*Attorneys for Plaintiffs Parag Agrawal,
Ned Segal, Vijaya Gadde, and Sean Edgett*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT,<br><br>Plaintiffs,<br><br>vs.<br><br>ELON MUSK; X CORP., f/k/a TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA,<br><br>Defendants. | Case No. 3:24-cv-01304-MMC<br><br>Assigned to: Honorable Maxine M. Chesney<br><br>**STIPULATION RE: BRIEFING ON RULE 52 MOTIONS** |

Pursuant to the Court's June 14, 2024 case management conference order, Plaintiffs and Defendants, through their counsel of record, met and conferred regarding the briefing schedule for the Parties' cross-motions for judgment. The Parties agreed on the sequence of briefs and the amount of time between briefs. The Parties further agreed that a gating issue affecting the appropriate briefing start date is whether expert discovery will occur. The Parties have not reached agreement on when briefing should start and whether the schedule that the Court sets now should account for expert discovery. Thus, the Parties submit the following proposed deadlines, recognizing that an appropriate briefing schedule will depend on the Court's resolution of a disputed issue regarding experts, described below:

| EVENT | DEFENDANTS' PROPOSED DEADLINE | PLAINTIFFS' PROPOSED DEADLINE |
|---|---|---|
| Deadline for Plaintiffs to file Rule 52 motion for judgment | Friday, April 25, 2025 | Friday, July 11, 2025 |
| Deadline for Defendants to file opposition/cross-motion for judgment | Friday, June 6, 2025 | Thursday, August 21, 2025 |
| Deadline for Plaintiffs to file reply/opposition | Friday, July 18, 2025 | Tuesday, September 30, 2025 |
| Deadline for Defendants to file reply | Friday, August 8, 2025 | Tuesday, October 21, 2025 |
| Hearing | Friday, September 12, 2025 | Friday, November 21, 2025 |

**Plaintiffs' Position:**

Plaintiffs contend that Defendants wrongfully relied on new bases and materials in denying Plaintiffs' administrative appeal, in violation of ERISA's procedures, including introducing and relying on two new expert reports. *See, e.g.*, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 973 (9th Cir. 2006) ("When an administrator tacks on a new reason for denying benefits in a final decision, thereby precluding the plan participant from responding to that rationale for denial at the administrative level, the administrator violates ERISA's procedures."). Prior to the close of fact discovery, Plaintiffs plan to file a motion asking the Court to exclude these new bases and materials from the administrative record. Plaintiffs agree to meet and confer with Defendants on a proposed

briefing and hearing schedule for Plaintiffs' motion to exclude, to be heard before the close of fact discovery. If the Court grants Plaintiffs' motion to exclude, the Parties will not need to engage in expert discovery. If, however, the Court does not grant Plaintiffs' motion, Plaintiffs will take expert discovery for purposes of presenting additional evidence for the Court's consideration and responding to Defendants' expert reports, which Plaintiffs did not have the opportunity to do at the administrative level. Thus, any briefing and hearing schedule set now on the motions for judgment needs to take into account a period for expert discovery, consistent with the Parties' proposal in their June 7, 2024 joint case management statement (Dkt. 59, at 11-12). If the Court grants Plaintiffs' motion to exclude before the close of fact discovery, then the briefing and hearing schedule on the Rule 52 motions can be advanced approximately two months to start in mid-May 2025, which is approximately one and a half months after the anticipated close of fact discovery at the end of March 2025, in light of the current discovery stay ordered by the Court until resolution of Defendants' pending motion to dismiss.

What standard of review the Court ultimately will apply in deciding the benefits claims does not affect the setting of a briefing schedule or Plaintiffs' entitlement to expert discovery. Defendants have nevertheless inserted that issue into this stipulation. Plaintiffs will brief that issue at the appropriate time in their motion for judgment. As Plaintiffs will show in that motion, there are multiple reasons the Court should apply de novo review. For one, Defendants' "wholesale and flagrant violations" of the procedural requirements of ERISA independently warrant the application of de novo review. *See, e.g., Abatie*, 458 F.3d at 971 ("When an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA, and thus acts in utter disregard of the underlying purpose of the plan as well, we review de novo the administrator's decision to deny benefits.").

**Defendants' Position:**

Defendants recognize that Plaintiffs plan to file motions as described above.  Defendants disagree that the administrative committee wrongly relied on new bases and materials in deciding Plaintiffs' appeal of the initial decision denying their claims for benefits.  The expert reports Plaintiffs reference above were obtained by the committee *for purposes of assessing the expert*

*reports that Plaintiffs submitted* in support of their administrative appeal, which was appropriate and consistent with ERISA procedures.  There will be no basis for excluding those responsive reports from the administrative record or engaging in expert discovery for purposes of augmenting the administrative record on account of any supposed procedural irregularity concerning experts.  The Plans at issue here confer broad discretionary authority to the relevant Plan Administrator in deciding claims for benefits and interpreting the Plan.  *See* Dkt. 1-1 at ECF Page 5 of 7; Dkt. 1-2 at ECF Page 6 of 8.  As such, the Court reviews the decisions under an abuse of discretion standard, based on the administrative record.  *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006) ("Abuse of discretion review applies to a discretion-granting plan even if the administrator has a conflict of interest."); *id.* at 970 (explaining further "that the decision on the merits . . . must rest on the administrative record once any conflict (if any) has been established, by extrinsic evidence or otherwise").  In short, even if the Court denies Plaintiffs' motion to exclude, expert discovery will not be necessary or permissible.

\* \* \*

Should the Court wish to hear from the Parties regarding the appropriate briefing schedule, the Parties would be available for a further case management conference following the July 19, 2024 hearing on Defendants' Motion to Dismiss.

IT IS SO STIPULATED.

Dated: June 26, 2024                **SIDLEY AUSTIN LLP**

By */s/ Sheila A.G. Armbrust*
   Sheila A.G. Armbrust

*Attorneys for Plaintiffs Parag Agrawal,
Ned Segal, Vijaya Gadde, and Sean Edgett*

Dated: June 26, 2024     **MORGAN, LEWIS & BOCKIUS LLP**

By  */s/ Christopher Boran*
      Christopher Boran

*Attorneys for Defendants Elon Musk, X Corp., Twitter, Inc. Change of Control and Involuntary Termination Protection Policy, Twitter, Inc. Change of Control Severance and Involuntary Termination Protection Policy, Lindsay Chapman, Brian Bjelde, and Dhruv Batura*

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

I, Sheila A.G. Armbrust am the ECF user whose ID and password are being used to file this STIPULATION RE: BRIEFING ON RULE 52 MOTIONS. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that counsel for all parties have concurred in this filing.

Dated: June 26, 2024                                By: */s/ Sheila A.G. Armbrust*
                                                          Sheila A.G. Armbrust