| | | |
|---|---|---|
| 1 | David L. Anderson (SBN 149604)<br>dlanderson@sidley.com | Mark B. Blocker (Admitted *pro hac vice*)<br>mblocker@sidley.com |
| 2 | Sheila A.G. Armbrust (SBN 265998)<br>sarmbrust@sidley.com | SIDLEY AUSTIN LLP<br>One South Dearborn |
| 3 | Nicole M. Ryan (SBN 175980)<br>nicole.ryan@sidley.com | Chicago, IL 60603<br>Telephone: (312) 853-7000 |
| 4 | Sarah E. Gallo (SBN 335544)<br>sgallo@sidley.com | |
| 5 | Chaddy Georges (SBN 335546)<br>cgeorges@sidley.com | |
| 6 | SIDLEY AUSTIN LLP<br>555 California Street, Suite 2000 | |
| 7 | San Francisco, CA 94104<br>Telephone: (415) 772-1200 | |

*Attorneys for Plaintiffs Parag Agrawal,*
*Ned Segal, Vijaya Gadde, and Sean Edgett*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT,<br><br>Plaintiffs,<br><br>vs.<br><br>ELON MUSK; X CORP., f/k/a TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA,<br><br>Defendants. | Case No. 3:24-cv-01304-MMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO OPEN DISCOVERY**<br><br>Hearing Date: November 15, 2024<br>Time: 9:00 AM<br>Location: Courtroom 7, 19th Floor<br>Judge: Hon. Maxine M. Chesney |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on November 15, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, Plaintiffs Parag Agrawal, Ned Segal, Vijaya Gadde, and Sean Edgett (collectively, "Plaintiffs") will, and hereby do, bring this Motion to Open Discovery before the Honorable Judge Maxine Chesney of the San Francisco Courthouse located at 450 Golden Gate Avenue, Courtroom 7 – 19th Floor, San Francisco, CA 94102. This Motion is brought pursuant to the Federal Rules of Civil Procedure 1, 16, and 26. Plaintiffs request the Court open discovery at least as to Counts I–IV of the Complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This case has been pending since March 4, 2024, and discovery has not begun. Meanwhile, discovery is open or soon to be open in the later-filed companion cases *Caldwell v. Musk et al.*, No. 3:24-cv-02022-MMC (N.D. Cal. Filed Apr. 3, 2024), and *Kaiden v. Musk et al.*, No. 3:24-cv-03554-MMC (N.D. Cal. Filed June 12, 2024). This Motion asks the Court to address this anomaly by opening discovery in this case, at least as to Plaintiffs' claims for denial of benefits under Section 502(a)(1)(B) of ERISA (Counts I–IV of the Complaint). Allowing discovery to proceed is necessary to avoid risking prejudice to Plaintiffs, and will not prejudice any legitimate interest of Defendants.

**II.   STATEMENT OF ISSUES TO BE DECIDED**

Whether discovery should be opened, at least as to Counts I–IV of the Complaint.

**III.   BACKGROUND**

Plaintiffs have asserted three types of claims in this case: (i) claims for denial of benefits under Section 502(a)(1)(B) of ERISA (Counts I–IV); (ii) a claim for termination of Plaintiffs' employment in an unlawful effort to interfere with their severance benefits under Section 510 of ERISA (Count V), brought against only two of the seven defendants; and (iii) a claim for statutory penalties for failure to provide documents (Count VI). Dkt. 1 ¶¶ 157–83.

On May 20, 2024, Defendants filed a motion to dismiss one of the six claims (Count V). *See* Dkt. 46 (the "Partial Motion to Dismiss"). In the case management statement filed on June 7, 2024, Defendants took the position that no discovery should proceed on that claim pending disposition of

1   the motion. *See* Dkt. 59 at 9. Defendants agreed, however, that at least some discovery could
2   proceed on the Section 502(a)(1)(B) claims in Counts I–IV. *Id.*

3       At the Case Management Conference, the Court heard from the parties about Defendants'
4   request to stay discovery. Recognizing that the parties would likely disagree about the proper scope
5   of discovery, and anticipating a quick disposition of the Partial Motion to Dismiss, the Court decided
6   to stay all discovery briefly, saying that the motion hearing was "practically here . . . [i]t's July 19,
7   so about a month off," and then: "Maybe I can rule on this [Partial Motion to Dismiss] before the
8   hearing or at least no later than the hearing date itself and get you rolling." Dkt. 64, June 14, 2024
9   Hr'g Tr. at 13, 24. The Court also told the parties they could jointly agree to conduct some discovery
10  in the interim. *Id.* at 23–24.

11      Since then, the hearing on the Partial Motion to Dismiss was continued from July 19 to
12  August 30, and then was taken off the Court's calendar without a disposition. *See* Dkts. 68, 69.
13  Meanwhile, Defendants have only narrowed the discovery they are willing to provide pending
14  disposition of the Partial Motion to Dismiss: in the case management report filed in June, they
15  agreed to provide discovery on "the administrative record" and on Plaintiffs' allegations that "the
16  Plan Administrator and Committee 'operated under a conflict of interest in adjudicating Plaintiff's
17  claims for benefits.'" Dkt. 59 at 9 (quoting Dkt. 1, Compl. ¶ 156). But in the meet-and-confer
18  process, Defendants have narrowed their offer to discovery on the administrative record only.
19  Declaration of Sheila A.G. Armbrust ("Armbrust Decl.") Ex. A at 3. They conditioned that narrow
20  offer on Plaintiffs' agreement not to file this Motion, which Defendants oppose. *See id.* ¶ 5, Ex. A at
21  1.

22  **IV.   ARGUMENT**

23      Because more than seven months have passed since this case was filed, and no discovery has
24  occurred, Plaintiffs respectfully submit that at this time, the Court should open discovery at least as
25  to their Section 502(a)(1)(B) claims (Counts I–IV) for three reasons.

26      ***First,*** circumstances have changed since the Court stayed discovery: As noted above, when
27  the Court entered the stay, it anticipated ruling quickly on the Partial Motion to Dismiss – "at least
28  no later than the hearing date," which was set for July 19. Dkt. 64, June 14, 2024 Hr'g Tr. at 24. But

2
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO OPEN DISCOVERY
CASE NO. 3:24-CV-01304-MMC

1  the hearing date was later moved to August 30 and then vacated, and the Partial Motion to Dismiss
2  remains pending. Dkts. 68, 69. As a result, significant time has now passed, and discovery has not
3  begun.
4        Courts have "traditionally looked unfavorably upon blanket stays of discovery while Rule 12
5  motions are pending" because such stays are often "'directly at odds with the need for expeditious
6  resolution of litigation.'" *In re Google Location History Litig.*, 514 F. Supp. 3d 1147, 1164 (N.D.
7  Cal. 2021) (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)); *see also,*
8  *e.g.*, *Novelposter v. Javitch Canfield Grp.*, No. 13-cv-05186-WHO, 2014 WL 12618174, at *1 (N.D.
9  Cal. May 23, 2014).
10       ***Second,*** opening discovery and preventing further delay are necessary to avoid risking
11 prejudice to Plaintiffs whose claims may be compromised by the passage of time. Nearly every day
12 brings another news story reporting the mismanagement of X Corp. under its new ownership.
13 Armbrust Decl. Ex. B. According to one such report, the value of X Corp. has plummeted
14 precipitously since the acquisition of Twitter. *Id.* Ex. C.
15       Opening discovery will also bring this case in line with the companion cases pending in this
16 Court. In particular, there is no stay of discovery in *Caldwell v. Musk et al.*, No. 3:24-cv-02022-
17 MMC (N.D. Cal.), an ERISA case brought in this district by another former Twitter executive
18 against Elon Musk and X Corp. in which a partial motion to dismiss a Section 510 claim is also
19 pending. Additionally, there has been no indication that there will be any stay of discovery in *Kaiden*
20 *v. Musk et al.*, No. 3:24-cv-03554-MMC (N.D. Cal.), another ERISA denial-of-benefits case against
21 Musk and X Corp. For the same reasons it makes sense for discovery to proceed in *Caldwell* and
22 *Kaiden*, and in the interests of fairness, discovery should proceed here.
23       ***Third,*** opening discovery as to the Section 502(a)(1)(B) claims in Counts I–IV will not
24 prejudice Defendants. No Defendant has moved to dismiss the Section 502(a)(1)(B) claims. Only the
25 Section 510 claim in Count V is subject to the Partial Motion to Dismiss, and that claim is brought
26 against only two of the seven defendants. *See* Dkt. 46. Discovery on the Section 502(a)(1)(B) claims
27 thus will be unaffected by a ruling on the Partial Motion to Dismiss. In particular, regardless of the
28 ruling on the Partial Motion to Dismiss, Plaintiffs will be entitled to take discovery pertaining: (1)

the administrative record, (2) Defendants' conflicts of interest, and (3) procedural irregularities in the claims administration process. *See Abatie v. Alta Health Life Ins. Co.*, 458 F.3d 955, 972 (9th Cir. 2006) (discussing categories of discovery available for Section 502(a)(1)(B) claims). Because Defendants have not moved to dismiss the Section 502(a)(1)(B) claims, discovery on those topics is inevitable, and there is no reason to further delay.

Moreover, as noted above, Defendants agreed in the case management report that at least some discovery regarding the Section 502(a)(1)(B) claims could proceed, including pending a decision on the Partial Motion to Dismiss. *See* Dkt. 59 at 9–10. Defendants' prior agreement on this issue confirms there is no prejudice to Defendants if discovery is opened as to these claims.

For these reasons, Plaintiffs respectfully request entry of an order opening discovery as to Plaintiffs' Section 502(a)(1)(B) claims (Counts I–IV), including during the pendency of Defendants' Partial Motion to Dismiss.

Date: October 10, 2024                              SIDLEY AUSTIN LLP

                                                    By: */s/ David L. Anderson*
                                                         David L. Anderson

                                                    *Attorneys for Plaintiffs Parag Agrawal,
                                                    Ned Segal, Vijaya Gadde, and Sean Edgett*