**Exhibit A**

| | |
|---|---|
| **From:** | Glenn, Abbey M. |
| **To:** | Wong, Caroline A. |
| **Cc:** | Armbrust, Sheila; Boran, Christopher |
| **Subject:** | RE: Agrawal v. Musk – motion to re-open discovery |
| **Date:** | Thursday, October 3, 2024 9:48:46 AM |

Caroline,

That is disappointing to hear, and we disagree with your characterization of Defendants' position as to discovery and as represented in the joint case management statement, which culminated from our sincere effort to reach a discovery compromise. We never agreed that full discovery on the 502(a)(1)(B) claims should proceed pending a ruling on our motion to dismiss, particularly given the parties' divergent views on the scope of discovery.  Judge Chesney rejected both parties' discovery proposals and ordered a complete stay.  Despite this, we proposed a reasonable compromise for limited discovery below—including an offer to confer further if, after such discovery, Plaintiffs believe lifting the stay is necessary—which you have rejected without offering an alternative.  This is the same pattern we faced in connection with the joint case management statement, where Plaintiffs proposed broad discovery, Defendants disagreed but proposed a compromise, and Plaintiffs rejected it out of hand without further compromise efforts.

We also disagree with your characterization of the privileged documents.  As explained during the administrative claims process, the meet and confer process, and in the joint statement, these documents are not subject to the fiduciary exception or discoverable, in part because the severance plans are top hat plans exempt from ERISA's fiduciary provisions (and, in turn, the fiduciary exception to privilege).  Defendants have cited authority in support of this position, and Plaintiffs have never offered any contrary authority.  Even so, we proposed below a reasonable process whereby we would produce these documents subject to reasonable waiver protections.  Again, Plaintiffs have rejected that offer, even though it would obviate any need for motion practice Plaintiffs described in their portion of the case management order.

You may represent that Defendants oppose the relief requested in Plaintiffs' motion.

Thanks,

**Abbey M. Glenn**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5569 | Main: +1.202.739.3000 | Mobile: +1.202.420.0005 | Fax: +1.202.739.3001
abbey.glenn@morganlewis.com | www.morganlewis.com



**From:** Wong, Caroline A. <caroline.wong@sidley.com>
**Sent:** Wednesday, October 2, 2024 9:38 PM
**To:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
**Cc:** Armbrust, Sheila <sarmbrust@sidley.com>; Boran, Christopher

<christopher.boran@morganlewis.com>
**Subject:** RE: Agrawal v. Musk – motion to re-open discovery

[EXTERNAL EMAIL]
Abbey,

Thank you for sending this proposal. We appreciate the thought and detail you put into it, as well as the shared interest both sides have in conserving resources for the court and the parties through avoiding motion practice.

That said, Plaintiffs cannot agree to your proposal. Under your proposal, the only materials that Defendants would be agreeing to produce are administrative record materials that should have already been provided to our clients – and which are <u>not</u> privileged, given the ERISA fiduciary exception to attorney-client privilege, contrary to your suggestion below. It's not reasonable to ask Plaintiffs to agree to a continued stay of all discovery in exchange for that small concession, especially when Defendants already agreed in the Joint Case Management Report that discovery could proceed during the pendency of the partial MTD.

Plaintiffs are going to proceed with filing our motion requesting to proceed with discovery on the Section 502 claims. We'll note in our motion that Defendants offered to produce the remaining materials from the administrative record but otherwise oppose our motion.

Best,
Caroline


**CAROLINE A. WONG**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7146
caroline.wong@sidley.com
Pronouns: she/her/hers


*******************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.
*******************************************************************************

---

**From:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
**Sent:** Monday, September 30, 2024 10:49 AM
**To:** Wong, Caroline A. <caroline.wong@sidley.com>
**Cc:** Armbrust, Sheila <sarmbrust@sidley.com>; Boran, Christopher <christopher.boran@morganlewis.com>
**Subject:** RE: Agrawal v. Musk – motion to re-open discovery

Caroline,

We have conferred with our client. We believe the parties can reach a compromise as to limited discovery without bothering the court with any motion practice on this issue. In addition, our proposal, outlined below, would avoid the need for motion practice concerning documents that were not produced during the administrative process due to attorney-client privilege. Our proposal is as follows:

- Defendants will voluntarily produce the administrative record for each of the four plaintiffs, including producing the completely privileged and partially privileged documents identified on the supplemental privilege log provided to the four claimants on February 28, 2024. For clarity, this includes producing (i) the documents withheld in their entirety on privilege grounds, and (ii) the partially privileged documents without redaction for privilege (collectively, the "Privileged Documents").
- Plaintiffs agree that they will not argue in this litigation or in any other proceeding that Defendants' production of the Privileged Documents effects any waiver of privilege beyond the particular Privileged Documents themselves for use in this litigation only. Plaintiffs further agree that any Privileged Documents filed with the court will be filed under seal and Plaintiffs will not contest the continued sealing of those documents.
- All further discovery remains stayed until the court rules on the motion to dismiss and discovery commences in the normal course pursuant to the Federal Rules of Civil Procedure.
- In exchange for this discovery, Plaintiffs will not file a motion to open discovery.
- Defendants will produce the above-described documents within 30 days of the parties' agreement to the above terms and conditions.

Not only will the above proposal provide all administrative record documents (including those previously withheld on the basis for attorney-client privilege), but it will substantially expedite that production and avoid motion practice on the issue of privilege. If, after this voluntary production, Plaintiffs still believe there is a need to move the court to lift the discovery stay, Defendants agree to confer further at that time.

Thanks,

**Abbey M. Glenn**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5569 | Main: +1.202.739.3000 | Mobile: +1.202.420.0005 | Fax: +1.202.739.3001
abbey.glenn@morganlewis.com | www.morganlewis.com



**From:** Wong, Caroline A. <caroline.wong@sidley.com>
**Sent:** Thursday, September 26, 2024 7:00 PM

**To:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
**Cc:** Armbrust, Sheila <sarmbrust@sidley.com>; Boran, Christopher <christopher.boran@morganlewis.com>
**Subject:** RE: Agrawal v. Musk – motion to re-open discovery

[EXTERNAL EMAIL]
Abbey,

Could you please let us know defendants' position on this by 12 PT / 3 ET on Monday (9/30)? We plan to file plaintiffs' motion on Monday evening, at the latest, which means we'll need defendants' position by then if we're going to note in the motion whether it is opposed or unopposed. If we don't have a response, we'll explain in the motion that we conferred and that defendants had not yet taken a position by the time of our filing, but I'd rather be able to note your clients' position if we can.

Thanks,
Caroline

**CAROLINE A. WONG**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7146
caroline.wong@sidley.com
Pronouns: she/her/hers

> **From:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
> **Sent:** Wednesday, September 25, 2024 12:39 PM
> **To:** Wong, Caroline A. <caroline.wong@sidley.com>
> **Cc:** Armbrust, Sheila <sarmbrust@sidley.com>; Boran, Christopher <christopher.boran@morganlewis.com>
> **Subject:** RE: Agrawal v. Musk – motion to re-open discovery
>
> Thanks for that additional information, Caroline. We'll confer with our client and get back to you shortly.
>
> **Abbey M. Glenn**
> Pronouns: She/Her/Hers
> **Morgan, Lewis & Bockius LLP**
> 1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
> Direct: +1.202.739.5569 | Main: +1.202.739.3000 | Mobile: +1.202.420.0005 | Fax: +1.202.739.3001
> abbey.glenn@morganlewis.com | www.morganlewis.com
>
> 
>
> **From:** Wong, Caroline A. <caroline.wong@sidley.com>
> **Sent:** Wednesday, September 25, 2024 8:12 AM

**To:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
**Cc:** Armbrust, Sheila <sarmbrust@sidley.com>; Boran, Christopher <christopher.boran@morganlewis.com>
**Subject:** RE: Agrawal v. Musk – motion to re-open discovery

[EXTERNAL EMAIL]
Hi Abbey,

We would seek discovery on (i) the administrative record, (ii) conflicts of interest, and (iii) procedural irregularities in the claims administration process. We'd start with document requests and other written discovery. Later on we will also seek depositions, but it probably makes sense to hold off on any depositions until after we have a ruling on the partial MTD, so that no one would have to be deposed twice.

I know the parties might not agree on the scope of what falls into those three categories (e.g., what is included in the administrative record, etc.). But as a starting point, I'm hoping we can agree high-level that those categories are appropriate topics for discovery under *Abatie*, and that it makes sense to get the ball rolling. The likelihood of scope disputes is probably a good reason to get started sooner rather than later anyway, so that the parties have time to work those out and we're not all too jammed up toward the end of the discovery schedule.

We're still available today 11-12 CT / 12-1 ET if you'd like to discuss.

Thanks,
Caroline


**CAROLINE A. WONG**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7146
caroline.wong@sidley.com
Pronouns: she/her/hers

---

**From:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
**Sent:** Tuesday, September 24, 2024 4:16 PM
**To:** Wong, Caroline A. <caroline.wong@sidley.com>
**Cc:** Armbrust, Sheila <sarmbrust@sidley.com>; Boran, Christopher <christopher.boran@morganlewis.com>
**Subject:** RE: Agrawal v. Musk – motion to re-open discovery

Hi Caroline,

Nice to hear from you.  To help us consider your proposal, can you let us

A-5

know exactly what discovery you propose would take place at this juncture, while our motion to dismiss is pending, relating to plaintiffs' section 502(a)(1)(B) claims?  During the process of drafting the joint case management statement and at the conference with Judge Chesney, the parties expressed very different views on the scope of discovery relating to these claims, so we'd like to understand precisely what you're proposing.

Thanks,

**Abbey M. Glenn**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5569 | Main: +1.202.739.3000 | Mobile: +1.202.420.0005 | Fax: +1.202.739.3001
abbey.glenn@morganlewis.com | www.morganlewis.com



**From:** Wong, Caroline A. <caroline.wong@sidley.com>
**Sent:** Monday, September 23, 2024 4:52 PM
**To:** Boran, Christopher <christopher.boran@morganlewis.com>; Glenn, Abbey M. <abbey.glenn@morganlewis.com>
**Cc:** Armbrust, Sheila <sarmbrust@sidley.com>
**Subject:** Agrawal v. Musk – motion to re-open discovery

[EXTERNAL EMAIL]
Chris and Abbey,

I hope you both had a great weekend. I've joined the Sidley team representing plaintiffs in the Agrawal v. Musk case. I look forward to working with you on this.

Plaintiffs plan to file a motion to re-open discovery, as we think circumstances have meaningfully changed since Judge Chesney sua sponte stayed discovery in June pending her ruling on defendants' partial MTD. In particular, since then, the MTD hearing has been vacated, and significant time has now passed with no progress on discovery. We think it makes sense for the parties to get started on discovery on the Section 502(a)(1)(B) claims in particular, since those aren't affected by the partial MTD and the parties will likely need time to work through discovery on those claims and related disputes. We hope defendants are amenable to that, given their prior agreement in the parties' joint case management statement to proceeding with discovery on the Section 502 claims during the pendency of defendants' partial MTD.

May we represent in our motion that defendants are unopposed to re-opening discovery at this time as to the Section 502 claims? Let us know if you'd like to discuss. We are available tomorrow at 4:30 CT, or Wednesday at 11:30am-1pm CT. If those windows don't work, please let us know a couple of others this week that might.

Best,
Caroline


**CAROLINE A. WONG**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7146
caroline.wong@sidley.com
Pronouns: she/her/hers

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*