David L. Anderson (SBN 149604)
dlanderson@sidley.com
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
Chaddy Georges (SBN 335546)
cgeorges@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

Mark B. Blocker (Admitted *pro hac vice*)
mblocker@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000

*Attorneys for Plaintiffs Parag Agrawal,
Ned Segal, Vijaya Gadde, and Sean Edgett*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT, <br><br> Plaintiffs, <br><br> vs. <br><br> ELON MUSK; X CORP., f/k/a TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA, <br><br> Defendants. | Case No.  3:24-cv-01304-MMC <br><br> **REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO OPEN DISCOVERY** <br><br> Hearing Date: November 15, 2024 <br> Time: 9:00 AM <br> Location: Courtroom 7, 19th Floor <br> Hon. Maxine M. Chesney |

1

## **TABLE OF CONTENTS**

2  I.    INTRODUCTION ..................................................................................................... 1

3  II.   ARGUMENT .......................................................................................................... 2

4        A.    Changed Circumstances Warrant Opening Discovery. ................................ 2

5        B.    Plaintiffs Are Prejudiced By Continued Delay. ........................................... 3

6        C.    Opening Discovery Will Not Prejudice Defendants. .................................... 4

7        D.    Defendants' Procedural Arguments Fail. ..................................................... 5

8  III.  CONCLUSION ....................................................................................................... 6

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO OPEN DISCOVERY
CASE NO. 3:24-CV-01304-MMC

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Abatie v. Alta Health & Life Ins. Co.*,
5     458 F.3d 955 (9th Cir. 2006) ..........................................................................................5

6
*In re Apple Inc. Device Performance Litig.*,
      386 F. Supp. 3d 1155 (N.D. Cal. 2019) ...........................................................................6
7

8
*Food & Water Watch, Inc. v. EPA*,
      No. 17-cv-02162-EMC, 2022 WL 16528140 (N.D. Cal. Oct. 28, 2022) ..........................2

9
*In re Google Location History Litig.*,
10     514 F. Supp. 3d 1147 (N.D. Cal. 2021) ............................................................................2

11
*Gray v. First Winthrop Corp.*,
      133 F.R.D. 39 (N.D. Cal. 1990)........................................................................................2
12

13
*Hall v. Tilton*,
      No. C 07-3233 RMW (PR), 22010 WL 539679 (N.D. Cal. Feb. 9, 2010)........................3

14
*Lathrop v. Uber Techs., Inc.*,
15     No. 14-cv-05678-JST, 2016 WL 97511 (N.D. Cal. Jan. 8, 2016) ......................................3

16
*Novelposter v. Javitch Canfield Grp.*,
      No. 13-cv-05186-WHO, 2014 WL 12618174 (N.D. Cal. May 23, 2014).........................2
17

18
*Payroll Res. Grp. v. HealthEquity, Inc.*,
      No. 23-cv-02794-TSH, 2024 WL 2974150 (N.D. Cal. June 13, 2024).........................5, 6

19
*SVB Fin. Grp. v. FDIC*,
20     No. 23-cv-06543-BLF, 2024 WL 1898439 (N.D. Cal. Apr. 29, 2024) ............................4

21
*Tavantzis v. Am. Airlines, Inc.*,
      No. 23-cv-05607-BLF, 2024 WL 812012 (N.D. Cal. Feb. 23, 2024) ...............................4
22

23
*Tribe v. U.S. Bureau of Reclamation*,
      No. 19-cv-04405-WHO, 2021 WL 4482117 (N.D. Cal. Sept. 30, 2021).........................2

24

25

26

27

28

ii

## I.    INTRODUCTION

This case has been pending for nearly eight months, and an April 2025 deadline to file cross motions for judgment is fast approaching. Yet Defendants have failed to produce a single document, and glaring defects in the underlying administrative record remain outstanding nearly two years after Plaintiffs first made their requests for benefits. Repeating their now familiar refrain, Defendants claim this is just another typical ERISA case. But as the well-pleaded Complaint makes clear and this Court has acknowledged, this is anything but a typical ERISA case.

Defendants do not dispute that the basis for the discovery stay that was entered in June 2024 no longer exists. They fail to meaningfully address the prejudice to Plaintiffs from being unable to start the discovery process. And although they claim they will be prejudiced if discovery starts before a ruling on the pending Partial Motion to Dismiss Count V of the Complaint (Dkt. 46), Defendants do not cite *a single case* where a court has stayed discovery pending such a motion, much less entered a stay that has lasted as long as the one here. It is hard to imagine how five of the Defendants – The Twitter, Inc. Change of Control and Involuntary Termination Protection Policy, The Twitter, Inc. Change of Control Severance and Involuntary Termination Policy, Lindsay Chapman, Brian Bjelde, and Dhruv Bhatura – can claim prejudice when none of them are even named in Count V, which is the only claim to which their partial motion to dismiss is directed.

Unable to meaningfully address Plaintiffs' arguments, Defendants resort to distraction. They lead with a meritless argument about an inapplicable local rule (which they failed to raise in the meet-and-confer process). They stuff their brief with issues about the scope of discovery that are not before the Court at this time, and with criticisms of the meet-and-confer process that are both baseless and irrelevant. And they try to downplay the need to start discovery by claiming that there are still "many months" until the April 2025 deadline for Rule 52 motions, and that "discovery in ERISA denial-of-benefits cases rarely requires more than the several months remaining." Dkt. 71 ("Opp.") at 1.

1    Defendants' arguments go nowhere. Less than half of the current discovery period remains

2  and, as this Court has noted in a related case, this case is "[n]ot typical."[1] Rather, this case presents

3  unique, highly publicized facts involving Elon Musk's extraordinary attempt to deprive Twitter's

4  former senior executives of over $128 million in severance benefits that they are entitled to receive

5  and have been diligently pursuing for two years. Defendants' further delay tactics should not be

6  tolerated. Discovery should begin.

7  **II.      ARGUMENT**

8          **A.      Changed Circumstances Warrant Opening Discovery.**

9          More than four months have passed since the Court stayed discovery pending resolution of

10  Defendants' Partial Motion to Dismiss Count V. *See* Dkt. 70 at 2–3. But when the Court entered the

11  stay in June 2024, it predicated the stay on its expectation that it would issue a ruling on the Partial

12  Motion to Dismiss in just a few weeks, by July 2024. *Id.* Defendants cannot and do not dispute that

13  this was the basis for the stay—and that this basis no longer exists. *See* Opp. at 3. Indeed, the stay

14  has continued much longer than anyone anticipated and currently is indefinite.

15          Defendants cannot credibly argue that Plaintiffs "cite no case law supporting their position"

16  that discovery should begin, *id.*, given that Plaintiffs cited *Gray v. First Winthrop Corp.*, 133 F.R.D.

17  39, 40 (N.D. Cal. 1990), and *Novelposter v. Javitch Canfield Group*, No. 13-cv-05186-WHO, 2014

18  WL 12618174, at *1 (N.D. Cal. May 23, 2014)—both *specifically holding* that stays of discovery

19  were inappropriate. It is Defendants who ignore the general rule of this district that discovery stays

20  are generally disfavored. *See, e.g.*, *In re Google Location History Litig.*, 514 F. Supp. 3d 1147,

21  1164–65 (N.D. Cal. 2021) (confirming indefinite stays of discovery are outside the norm, and

22  mooting a motion to lift a stay that was set to expire in 14 days). The weight of authority in this

23  district supports Plaintiffs' position. *See, e.g.*, *Food & Water Watch, Inc. v. EPA*, No. 17-cv-02162-

24  EMC, 2022 WL 16528140, at *2 (N.D. Cal. Oct. 28, 2022) (lifting stay and noting that "[c]ourts

25  within the Ninth Circuit have recognized that the court may abandon its imposed stay of litigation if

26

27  [1] *Caldwell v. Musk*, No. 3:24-cv-02022-MMC (N.D. Cal. July 12, 2024), Dkt. 52 at 13:7; *see also id.* at 9:19–20 ("Usually what happens in a sort of typical case, *which this isn't . . .* ") (emphasis added); *id.* at 14:1–3 (Attorney: "[I]t's not a typical ERISA case. So I think we just -- " Court: "Oh, I think

28  everybody recognizes that.").

1  the circumstances that persuaded the court to impose the stay in the first place have changed

2  significantly") (quotation marks and citation omitted); *Tribe v. U.S. Bureau of Reclamation*, No. 19-

3  cv-04405-WHO, 2021 WL 4482117, at *3 (N.D. Cal. Sept. 30, 2021) (same).

4       Defendants cite *Hall v. Tilton*, but that case only supports Plaintiffs' position. No. C 07-3233

5  RMW (PR), 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010). There, a stay of discovery was

6  granted because (1) there was a pending motion to dismiss that could "dispose of the entire case,"

7  and (2) there was "no dispute that, should the motion be granted, any discovery request would be

8  moot." *Id.* Neither of those circumstances are present here. Instead, the pending Partial Motion to

9  Dismiss is brought by only two of the seven Defendants and seeks dismissal of only one of the six

10  claims, and discovery must take place regardless of the ruling on that motion. Unsurprisingly,

11  Defendants fail to cite a single case supporting their view that plaintiffs should be barred from taking

12  any discovery while a partial motion to dismiss is pending.

13       Defendants also fail to acknowledge the unfairness of staying discovery here while discovery

14  proceeds in two related ERISA denial-of-benefits cases in which they are also defendants. *See*

15  *Caldwell v. Musk*, No. 3:24-cv-02022-MMC (N.D. Cal.); *Kaiden v. Musk, et al.*, No. 4:24-cv-03554-

16  MMC (N.D. Cal.). Defendants offer no reason why there should continue to be a discovery stay here

17  when there are no discovery stays in either of those later-filed cases, especially given that *Caldwell*

18  also involves a pending partial motion to dismiss a Section 510 claim.

19       **B.**    **Plaintiffs Are Prejudiced By Continued Delay.**

20       As noted above, the April 2025 deadline for cross motions for judgment is fast approaching,

21  yet no discovery has been taken. The passage of time inherently prejudices Plaintiffs' ability to

22  pursue their cause of action by taking discovery and developing their case. *See, e.g.*, *Lathrop v. Uber*

23  *Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (acknowledging

24  that "the delay a stay might engender" causes "concomitant prejudice to Plaintiff"). Defendants'

25  assertion that this prejudice is "conclusory" (Opp. at 4) is simply off-base and unsupported by their

26  authorities, one of which addressed a motion to strike allegations from a complaint, and the other a

27  request to withdraw and amend responses to requests for admission. *Id.* (citing *Sylabs, Inc. v. Rose*,

28

1  No. 23-00849-SVK, 2024 WL 4312719, at *6 (N.D. Cal. Sept. 26, 2024), and *Nagle v. York*, No. 20-

2  cv-08482-VKD, 2021 WL 5012173, at *2 (N.D. Cal. Oct. 28, 2021)).

3         Drawing from their standard playbook throughout this process, Defendants now propose

4  further delay as their "solution" to Plaintiffs' concerns about prejudice: they note that "Plaintiffs can

5  always seek more time to complete discovery later." Opp. at 1. Defendants' solution proves the

6  point: stays cause delay. And delay is exactly the reason why courts generally disfavor discovery

7  stays. *See, e.g.*, *SVB Fin. Grp. v. FDIC*, No. 23-cv-06543-BLF, 2024 WL 1898439, at *1 (N.D. Cal.

8  Apr. 29, 2024) (denying discovery stay and noting that stays are "directly at odds with the need for

9  expeditious resolution of litigation") (citations omitted); *Tavantzis v. Am. Airlines, Inc.*, No. 23-cv-

10  05607-BLF, 2024 WL 812012, at *1 (N.D. Cal. Feb. 23, 2024) (same).

11         **C.     Opening Discovery Will Not Prejudice Defendants.**

12         Now that the basis for a discovery stay no longer exists, Defendants bear a "heavy burden" of

13  making "a strong showing" to explain why they think discovery should remain stayed. *Tavantzis*,

14  2024 WL 812012, at *1 (quoting *Gray*, 133 F.R.D. at 40) (quotation marks omitted). Defendants

15  have not carried that burden. Their only argument is that opening discovery will purportedly

16  prejudice them because a ruling on the Partial Motion to Dismiss may "impact the scope of

17  discovery" and "the scope of potential discovery disputes." Opp. at 6–7. But that argument applies in

18  every case when a motion to dismiss is pending, so it cannot be enough to justify a stay—especially

19  here, where the Partial Motion to Dismiss addresses only one claim and involves only two of the

20  seven Defendants. Indeed, courts typically require defendants seeking to impose or continue a

21  discovery stay to show that a pending motion is "potentially dispositive of the entire case, or at least

22  dispositive on the issue at which discovery is directed," and that "the pending dispositive motion can

23  be decided absent additional discovery." *Tavantzis*, 2024 WL 812012, at *1 (quoting *Pac. Lumber

24  Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351–52 (N.D. Cal. 2003)).

25  Unless defendants can make both showings, then "discovery proceeds." *Id.* Defendants have not

26  made either showing here.

27         Defendants also protest that they have "never agreed that full discovery on the 502(a)(1)(B)

28  claims should proceed pending a ruling on the motion to dismiss." Opp. at 5 (brackets omitted). But

1   Defendants miss the point, which is that they agreed in the Joint Case Management Report that *some*

2   discovery on the Section 502(a)(1)(B) claims could proceed pending a ruling on the Partial Motion

3   to Dismiss. *See* Dkt. 59 at 9–10. That prior agreement undermines their claim of purported prejudice.

4           **D.      Defendants' Procedural Arguments Fail.**

5           Defendants raise two procedural arguments about Plaintiffs' Motion, but neither has merit.

6           First, Defendants claim that Plaintiffs "refused to engage seriously in conferral efforts before

7   filing their Motion." Opp. at 1. Not so. The parties' correspondence makes clear that it is Defendants

8   who did not take the process seriously. *See* Dkt. 70-2, Armbrust Decl. Ex. A. In truth, Plaintiffs

9   asked Defendants if they would agree to open discovery, so that the parties could at least "start with

10  document requests and other written discovery" on the categories of discovery available for ERISA

11  Section 502(a)(1)(B) claims under *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th

12  Cir. 2006). *See* Dkt. 70-2, Armbrust Decl. Ex. A at A-5. Defendants refused. They declined

13  Plaintiffs' multiple offers to confer telephonically. *Id.* at A-5, A-7. They then proposed, as a

14  "compromise," to produce documents from the administrative record. Not only are those documents

15  less than what Defendants previously agreed to produce in this litigation (*see* Dkt. 59 at 9), but those

16  documents should have been produced in the claims administration process *more than a year ago*.

17  Defendants' failure to produce those documents was one of many procedural irregularities infecting

18  that process, and confirms this is not a "typical" ERISA case. Defendants' offer to produce those

19  documents now as a "compromise" is a brazen attempt to benefit from their own prior wrongdoing.

20  Plaintiffs' decision to proceed with filing this Motion, rather than tolerating further delay, was

21  entirely appropriate.[2]

22          Second, Defendants claim that Plaintiffs' Motion should have been styled as a motion for

23  reconsideration, and that it "flunks" Local Rule 7-9 because Plaintiffs did not seek leave before

24  filing it. *See* Opp. at 2–3. But Plaintiffs' Motion is not a motion for reconsideration. It is a new

---

25  [2] Defendants also raise numerous issues about the scope of discovery, including about the types of
    "procedural irregularities" relevant to the Section 502(a)(1)(B) claims and whether certain
26  documents in the administrative record are privileged. *See* Opp. at 5–6 & nn.2–3. Plaintiffs disagree
    with Defendants' position on these matters, but this briefing is not the appropriate vehicle to resolve
27  them. Defendants' arguments about these issues only confirm that discovery should be opened, so
    that the parties have adequate time to resolve their discovery disputes before the discovery period
28  closes.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO OPEN DISCOVERY
CASE NO. 3:24-CV-01304-MMC

request that is being raised for the first time on grounds that did not exist when the Court ordered a discovery stay in June. Plaintiffs are "not ask[ing] the Court to reconsider any of the findings or legal conclusions" in that prior order. *Payroll Res. Grp. v. HealthEquity, Inc.*, No. 23-cv-02794-TSH, 2024 WL 2974150, at *2 (N.D. Cal. June 13, 2024). Rather, their Motion rests on "a new factual predicate" that was "not previously before the Court"—*i.e.*, the changed expectations regarding the timing of a ruling on the Partial Motion to Dismiss, and the months that have elapsed since the discovery stay was entered. *Id.* (rejecting argument that motion should be construed as a motion for reconsideration under Local Rule 7-9).[3]

Moreover, Plaintiffs informed Defendants during their meet-and-confer process that they planned to file this Motion, yet Defendants did not raise this procedural issue at any point in that process. *See* Dkt. 70-2, Armbrust Decl. Ex. A. Defendants' failure to raise this issue in the meet-and-confer process confirms that Defendants either do not view the issue as serious, or did not confer in good faith.

**III.    CONCLUSION**

For these reasons, Plaintiffs respectfully request entry of an order opening discovery as to Plaintiffs' Section 502(a)(1)(B) claims (Counts I–IV), including during the pendency of Defendants' Partial Motion to Dismiss.

Date:  October 31, 2024

SIDLEY AUSTIN LLP

By:*/s/ David L. Anderson*
     David L. Anderson

*Attorneys for Plaintiffs Parag Agrawal, Ned Segal, Vijaya Gadde, and Sean Edgett*

---

[3] Alternatively, if this Court concludes that Plaintiffs' Motion should be construed as a motion for reconsideration, Plaintiffs respectfully ask the Court to treat their Motion as a motion for leave to file a motion for reconsideration *instanter*. *Cf. In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1163 (N.D. Cal. 2019) (granting motion for leave under Local Rule 7-9, which was filed simultaneously with a proposed motion for reconsideration).

6