1  MORGAN, LEWIS & BOCKIUS LLP
   Eric Meckley (Bar No. 168181)
2  eric.meckley@morganlewis.com
   One Market, Spear Street Tower
3  San Francisco, CA 94105-1126
   Tel: +1.415.442.1000
4
   Jeremy P. Blumenfeld (admitted *pro hac vice*)
5  jeremy.blumenfeld@morganlewis.com
   Brian W. Sullivan (admitted *pro hac vice*)
6  brian.sullivan@morganlewis.com
   2222 Market Street
7  Philadelphia, PA 19103-3007
   Tel: +1.215.963.5000
8
   *Attorneys for Defendants*
9

MORGAN, LEWIS & BOCKIUS LLP
Christopher J. Boran (admitted *pro hac vice*)
christopher.boran@morganlewis.com
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Tel: +1.312.324.1000

Abbey M. Glenn (Bar No. 267751)
abbey.glenn@morganlewis.com
1111 Pennsylvania Ave, NW
Washington, DC 20004-2541
Tel: +1.202.739.3000

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12                 **SAN FRANCISCO DIVISION**

13

14  PARAG AGRAWAL, NED SEGAL, VIJAYA
    GADDE, and SEAN EDGETT,
15
                 Plaintiffs,
16
         vs.
17
    ELON MUSK; X CORP., f/k/a Twitter, Inc.;
18  TWITTER, INC. CHANGE OF CONTROL
    AND INVOLUNTARY TERMINATION
19  PROTECTION POLICY; TWITTER, INC.
    CHANGE OF CONTROL SEVERANCE
20  AND INVOLUNTARY TERMINATION
    PROTECTION POLICY; LINDSAY
21  CHAPMAN; BRIAN BJELDE; and DHRUV
    BATURA,
22
                 Defendants.
23

Case No. 3:24-cv-01304-MMC

**ADMINISTRATIVE CONSENT MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED UNDER CIVIL LOCAL RULES 3-12 AND 7-11**

Complaint Filed: March 4, 2024

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ADMINISTRATIVE CONSENT MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED 3:24-CV-01304-MMC

1    Pursuant to Civil Local Rules 3-12(b) and 7-11, Defendants Elon Musk, X Corp., the

2    Twitter, Inc. Change of Control and Involuntary Termination Protection Policy, the Twitter, Inc.

3    Change of Control Severance and Involuntary Termination Protection Policy, Lindsay Chapman,

4    Brian Bjelde, and Dhruv Batura (collectively, "Defendants") hereby file this Administrative

5    Consent Motion to Consider Whether Cases Should be Related. Defendants submit that, pursuant

6    to under Civil Local Rule 3-12(a), the action entitled *Sarah Personette, et al. v. Elon Musk, et al.*,

7    Case No. 3:24-06266-JCS ("*Personette* Action") is related to the instant action ("*Agrawal* Action").

8    *See* Compl., Case No. 3:24-06266-JCS, Dkt. 1 (N.D. Cal. Sept. 5, 2024).  Defendants further submit

9    that the *Personette* Action is also related to *Caldwell v. Musk, et al.*, Case No. 3:24-cv-02022-MMC

10    ("*Caldwell* Action") and *Kaiden v. Musk, et al.*, Case No. 3:24-cv-03554-MMC ("*Kaiden*

11    Action").[1]

12    Pursuant to Civil Local Rule 3-12(a), actions are related to one another when (1) "[t]he

13    actions concern substantially the same parties, property, transaction, or event," and (2) "[i]t appears

14    likely that there will be an unduly burdensome duplication of labor and expense or conflicting

15    results if the cases are conducted before different Judges." These elements are satisfied here, and

16    Plaintiffs consent to relating the *Personette* Action with the other actions referenced herein.

## I.    THE ACTIONS CONCERN SUBSTANTIALLY THE SAME PARTIES, PROPERTY, TRANSACTION, OR EVENT

The *Personette* Action involves several of the same Defendants—Musk, X Corp., and the

Twitter, Inc. Change of Control and Involuntary Termination Protection Policy—as the *Agrawal*,

*Caldwell*, and *Kaiden* Actions. These actions involve substantially the same transactions or events,

namely, Defendants' alleged failure to pay Plaintiffs the severance benefits allegedly owed to them

under the Plan. Defendants contend that all of the plaintiffs in both actions were properly terminated

from employment for "Cause" and, thus, are not entitled to severance benefits. Accordingly, much

of the evidence relevant to the claims in all cases overlaps.

[1] On August 7, 2024, this Court issued an Order finding that the *Caldwell* and *Kaiden* cases are related. *See* Related Case Order, *Caldwell v. Musk, et al.*, Case No. 3:24-cv-02022-MMC, Dkt. 53 (Aug. 7, 2024) ("On the basis of the material submitted to the Court, as the Judge assigned to the earliest filed case, I find that the cases are related as defined by Civil L.R. 3-12(a).").

## II. IT IS LIKELY THERE WILL BE AN UNDULY BURDENSOME DUPLICATION OF LABOR AND EXPENSE OR CONFLICTING RESULTS IF THE CASES PROCEED BEFORE DIFFERENT JUDGES

As set forth above, the *Personette* Action concerns the same defendants and substantially the same legal claims and theories as the *Agrawal*, *Caldwell*, and *Kaiden* Actions. As a result, if these actions are adjudicated before different judges, there will be an unduly burdensome duplication of labor and expense, as well as a risk of inconsistent results. Accordingly, relating the *Personette* Action to the *Agrawal*, *Caldwell* and *Kaiden* Actions will serve the interests of judicial economy and avoid potentially conflicting results.

## III. CONCLUSION

For the foregoing reasons, Defendants request that the Court issue an order relating the *Personette* Action with the *Agrawal, Caldwell*, and *Kaiden* Actions. The *Personette* Plaintiffs consent to this Motion and requested relief.

Dated: November 15, 2024

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Christopher Boran*
　　Eric Meckley
　　Jeremy Blumenfeld (admitted *pro hac vice*)
　　Christopher Boran (admitted *pro hac vice*)
　　Abbey Glenn
　　Brian Sullivan (admitted *pro hac vice*)

*Attorneys for Defendants*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3