| | |
|---|---|
| David L. Anderson (SBN 149604)<br>dlanderson@sidley.com<br>Sheila A.G. Armbrust (SBN 265998)<br>sarmbrust@sidley.com<br>Nicole M. Ryan (SBN 175980)<br>nicole.ryan@sidley.com<br>Sarah E. Gallo (SBN 335544)<br>sgallo@sidley.com<br>Chaddy Georges (SBN 335546)<br>cgeorges@sidley.com<br>SIDLEY AUSTIN LLP<br>555 California Street, Suite 2000<br>San Francisco, CA 94104<br>Tel: (415) 772-1200 | Caroline A. Wong (*pro hac vice*)<br>caroline.wong@sidley.com<br>SIDLEY AUSTIN LLP<br>One South Dearborn Chicago, IL 60603<br>Telephone: (312) 853-7000 |

*Attorneys for Plaintiffs Parag Agrawal,*
*Ned Segal, Vijaya Gadde, and Sean Edgett*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT,<br><br>Plaintiffs,<br><br>vs.<br><br>ELON MUSK; X CORP., f/k/a TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA,<br><br>Defendants. | Case No. 3:24-cv-01304-MMC<br><br>Assigned to: Honorable Maxine M. Chesney<br><br>**STIPULATION AND [PROPOSED] ORDER MODIFYING CASE SCHEDULE** |

Pursuant to Civil L.R. 6-2 and 7-12, and Standing Order 7 of this Court, Plaintiffs, together with Defendants, by and through their respective counsel, jointly stipulate as follows:

WHEREAS, on March 4, 2024, Plaintiffs filed their Complaint against Defendants, asserting six causes of action (Dkt. 1);

WHEREAS, the Parties anticipate filing cross-motions for judgment pursuant to Federal Rule of Civil Procedure 52 as to Counts I–IV of the Complaint, Plaintiffs' claims for benefits under ERISA Section 502(a)(1)(B);

WHEREAS, the Parties anticipate filing cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 as to Count V and VI of the Complaint, Plaintiffs' claim for unlawful discharge to interfere with their right to benefits under ERISA Section 510 and for penalties under ERISA Section 502(c);

WHEREAS, on May 20, 2024 Defendants filed a Motion to Dismiss Count V of Plaintiffs' Complaint (Dkt. 46);

WHEREAS, on July 2, 2024, the Court entered an Order Setting Briefing Schedule and Hearing on Cross-Motions for Judgment (the "Scheduling Order") (Dkt. 67);

WHEREAS, the Scheduling Order set deadlines for the Parties to file motions as follows: "The deadline for plaintiffs to file their Rule 52 motion for judgment is April 25, 2025. The deadline for defendants to file their opposition/cross-motion is June 6, 2025. The deadline for plaintiffs to file their reply/opposition is July 18, 2025. The deadline for defendants to file their reply is August 8, 2025.";

WHEREAS, the Scheduling Order set the hearing date as follows: "The hearing date is September 12, 2025, at 9:00 a.m.";

WHEREAS, the Scheduling Order does not provide a deadline for the Parties to complete fact discovery;

WHEREAS, the Scheduling Order does not provide deadlines for the Parties to file cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 relating to Plaintiffs' claims brought pursuant to ERISA Section 510, 29 U.S.C. 1140, and ERISA Section 502(c), 29

1  U.S.C. § 1132(c), and it is unclear to the Parties whether the Court contemplated adjudicating

2  Plaintiffs' section 502(c) and 510 claims pursuant to Rule 52 or Rule 56;

3        WHEREAS, on November 1, 2024 the Court denied Defendants' Motion to Dismiss Count V

4  of Plaintiffs' Complaint (Dkt. 73);

5        WHEREAS, discovery in this matter is ongoing;

6        WHEREAS, the Parties through their respective counsel, have met and conferred, and agree

7  that that they cannot complete fact discovery prior to the deadlines for filing cross-motions set in the

8  Scheduling Order;

9        WHEREAS, the Parties agree that good cause exists to modify the case schedule to allow the

10 Parties sufficient time to complete discovery in advance of submitting their cross-motions, and to

11 provide deadlines for the Parties to complete fact discovery and to file cross-motions for summary

12 judgment pursuant to Federal Rule of Civil Procedure 56 in connection with Plaintiffs' claims

13 brought pursuant to ERISA sections 502(c) and 510; and

14       WHEREAS, the Parties have not previously sought a modification of any deadline set in the

15 Scheduling Order.

16       NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the

17 Parties, subject to approval by the Court, that:

18       The case schedule shall be modified as follows:

| EVENT | NEW DEADLINE |
|---|---|
| Fact Discovery Cutoff | July 25, 2025 |
| Deadline for Plaintiffs to File Rule 52 Motion in Connection With Their ERISA § 502(a)(1)(B) Claims for Benefits and to File Rule 56 Motion in Connection With Their ERISA §§ 502(c) and 510 Claims | August 29, 2025 |
| Deadline for Defendants to File Oppositions to Plaintiffs' Rule 52 and 56 Motions and to File Cross-Motions Pursuant to Rules 52 and 56 | October 10, 2025 |
| Deadline for Plaintiffs to File Replies in Support of Their Rule 52 and 56 Motions and Oppositions to | November 21, 2025 |

28

| | |
|---|---|
| Defendants' Cross-Motions Pursuant to Rules 52 and 56 | |
| Deadline for Defendants to File Replies In Support of Their Rule 52 and 56 Motions | December 16, 2025 |
| Hearing on Rule 52 and 56 Motions | January 16, 2026 |

Dated: February 21, 2025   **SIDLEY AUSTIN LLP**

By */s/ Sheila A.G. Armbrust*
   Sheila A.G. Armbrust

*Attorneys for Plaintiffs Parag Agrawal, Ned Segal, Vijaya Gadde, and Sean Edgett*

Dated: February 21, 2025   **MORGAN, LEWIS & BOCKIUS LLP**

By */s/ Abbey M. Glenn*
   Abbey M. Glenn

*Attorneys for Defendants Elon Musk, X Corp., Twitter, Inc. Change of Control and Involuntary Termination Protection Policy, Twitter, Inc. Change of Control Severance and Involuntary Termination Protection Policy, Lindsay Chapman, Brian Bjelde, and Dhruv Batura*

# [PROPOSED] ORDER

Upon consideration of the Parties' Stipulation Modifying Case Schedule, the declaration submitted in support thereof, and finding good cause exists for the Request, it is hereby **ORDERED** that the case schedule is modified as follows:

| EVENT | NEW DEADLINE |
|---|---|
| Fact Discovery Cutoff | July 25, 2025 |
| Deadline for Plaintiffs to File Rule 52 Motion in Connection With Their ERISA § 502(a)(1)(B) Claims for Benefits and to File Rule 56 Motion in Connection With Their ERISA §§ 502(c) and 510 Claims | August 29, 2025 |
| Deadline for Defendants to File Oppositions to Plaintiffs' Rule 52 and 56 Motions and to File and Cross-Motions Pursuant to Rules 52 and 56 | October 10, 2025 |
| Deadline for Plaintiffs to File Replies in Support of Their Rule 52 and 56 Motions and Oppositions to Defendants' Cross-Motions Pursuant to Rules 52 and 56 | November 21, 2025 |
| Deadline for Defendants to File Replies In Support of Their Rules 52 and 56 Motions | December 16, 2025 |
| Hearing on Rule 52 and Rule 56 Motions | January 16, 2026 |

IT IS SO ORDERED.

Dated: _____

Hon. Maxine M. Chesney
Senior United States District Judge

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

I, Sheila A.G. Armbrust, am the ECF user whose ID and password are being used to file this STIPULATION AND [PROPOSED] ORDER MODIFYING CASE SCHEDULE . In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that counsel for all parties have concurred in this filing.

Dated: February 21, 2025                                By: */s/ Sheila A.G. Armbrust*
                                                                                    Sheila A.G. Armbrust