| | |
|---|---|
| David L. Anderson (SBN 149604) <br> dlanderson@sidley.com <br> Sheila A.G. Armbrust (SBN 265998) <br> sarmbrust@sidley.com <br> Nicole M. Ryan (SBN 175980) <br> nicole.ryan@sidley.com <br> Sarah E. Gallo (SBN 335544) <br> sgallo@sidley.com <br> Chaddy Georges (SBN 335546) <br> cgeorges@sidley.com <br> SIDLEY AUSTIN LLP <br> 555 California Street, Suite 2000 <br> San Francisco, CA 94104 <br> Telephone: (415) 772-1200 | Caroline A. Wong (Admitted *pro hac vice*) <br> caroline.wong@sidley.com <br> SIDLEY AUSTIN LLP <br> One South Dearborn <br> Chicago, IL 60603 <br> Telephone: (312) 853-7000 |

*Attorneys for Plaintiffs Parag Agrawal,*
*Ned Segal, Vijaya Gadde, and Sean Edgett*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT, <br><br> Plaintiffs, <br><br> vs. <br><br> ELON MUSK; X CORP., f/k/a TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA, <br><br> Defendants. | Case No. 3:24-cv-01304-MMC <br><br> **DECLARATION OF SHEILA A.G. ARMBRUST IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY** <br><br> Hearing Date: April 4, 2025 <br> Time: 9:00 AM <br> Location: Courtroom 7, 19th Floor <br> Hon. Maxine M. Chesney |

I, Sheila A.G. Armbrust, declare:

1. I am a partner at the law firm Sidley Austin LLP and counsel for Plaintiffs in this matter. I am licensed to practice law in the State of California and admitted to practice before this Court.

2. The facts stated in this declaration are true and correct based upon my own personal knowledge and, if called as a witness to testify, I could and would competently testify thereto.

3. I respectfully submit this declaration in support of Plaintiffs' Motion to Compel Discovery.

4. On November 8, 2024, counsel for Plaintiffs propounded their First Request for Production of Documents to Defendants. Attached as **Exhibit A** to this declaration is a true and correct copy of Plaintiffs' request.

5. On November 8, 2024, counsel for Plaintiffs propounded their First Set of Interrogatories to Defendant X Corp. Attached as **Exhibit B** to this declaration is a true and correct copy of Plaintiffs' request.

6. On December 9, 2024, counsel for Defendants propounded their Objections and Responses to Plaintiffs' First Request for Production of Documents. Attached as **Exhibit C** to this declaration is a true and correct copy of Defendants' objections and responses.

7. On December 9, 2024, counsel for Defendants propounded Defendant X Corp.'s Objections and Responses to Plaintiffs' First Set of Interrogatories. Attached as **Exhibit D** to this declaration is a true and correct copy of X Corp.'s objections and responses.

8. On December 30, 2024, counsel for Plaintiffs and counsel for Defendants had a telephonic meet-and-confer regarding, among other topics, Defendants' objections and responses to Plaintiffs' discovery requests.

9. Counsel for Plaintiffs and counsel for Defendants subsequently exchanged meet-and-confer letters regarding Defendants' objections and responses. Attached as **Exhibits E–H** to this declaration are true and correct copies of the following letter correspondence:

a. Letter dated **January 2, 2025**, from counsel for Plaintiffs to counsel for Defendants, following up on their telephonic meet-and-confer and requesting a response by January 10, 2025 (**Exhibit E**).

b. Letter dated **January 21, 2025**, from counsel for Defendants, responding to the January 2, 2025 letter from counsel for Plaintiffs (**Exhibit F**).

c. Letter dated **January 27, 2025**, from counsel for Plaintiffs, responding to the January 21, 2025 letter from counsel for Defendants and requesting a response by January 31, 2025 (**Exhibit G**).

d. Letter dated **February 4, 2025,** from counsel for Defendants, responding to the January 27, 2025 letter from counsel for Plaintiffs (**Exhibit H**).

10. On February 25, 2025, counsel for Wachtell informed me that they do not object to the production of deposition and arbitration hearing testimony from *X Corp. v. Wachtell, Lipton, Rosen & Katz*, No. CGC-23-607461 (Cal. Super. Ct., S.F. Cty.) (the "*Wachtell* Proceedings") in the above-captioned litigation so long as the parties maintain the confidentiality of all materials consistent with the protective orders in both the above-captioned litigation and the *Wachtell* Proceedings, including designation of all produced materials as "confidential." Wachtell's counsel informed me that Wachtell proposed a stipulation to X Corp. to protect the confidentiality of any production from the *Wachtell* Proceedings in the above-captioned litigation. I understand that Wachtell is not waiving the confidentiality of the *Wachtell* Proceedings, which the parties in the *Wachtell* Proceedings agreed to maintain as confidential.

11. Attached as **Exhibit I** to this declaration is a true and correct copy of the Complaint filed in *X Corp. v. Wachtell, Lipton, Rosen & Katz*, No. CGC-23-607461 (Cal. Super. Ct., S.F. Cty. July 5, 2023), with highlighting added by counsel for Plaintiffs to paragraphs that reference the names of any Plaintiffs in this case and/or refer generally to Twitter's executives, officers, or management.

12. Attached as **Exhibit J** to this declaration is a true and correct copy of the Stipulated Protective Order in *X Corp. v. Wachtell, Lipton, Rosen & Katz*, JAMS Ref. No. 5100001599 (Apr. 1, 2024).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 25th day of February, 2025, in San Francisco, California.

By: */s/ Sheila A.G. Armbrust*
Sheila A.G. Armbrust