# Exhibit A

| | |
|---|---|
| David L. Anderson (SBN 149604)<br>dlanderson@sidley.com<br>Sheila A.G. Armbrust (SBN 265998)<br>sarmbrust@sidley.com<br>Nicole M. Ryan (SBN 175980)<br>nicole.ryan@sidley.com<br>Sarah E. Gallo (SBN 335544)<br>sgallo@sidley.com<br>Chaddy Georges (SBN 335546)<br>cgeorges@sidley.com<br>SIDLEY AUSTIN LLP<br>555 California Street, Suite 2000<br>San Francisco, CA 94104<br>Telephone: (415) 772-1200 | Mark B. Blocker (Admitted *pro hac vice*)<br>mblocker@sidley.com<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7000 |

*Attorneys for Plaintiffs Parag Agrawal,*
*Ned Segal, Vijaya Gadde, and Sean Edgett*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT,<br><br>Plaintiffs,<br><br>vs.<br><br>ELON MUSK; X CORP., f/k/a TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA,<br><br>Defendants. | Case No. 3:24-cv-01304-MMC<br><br>**PLAINTIFFS PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, AND SEAN EDGETT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**<br><br>Judge: Hon. Maxine M. Chesney |

1

PLAINTIFFS PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, AND SEAN EDGETT'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS; CASE NO. 3:24-CV-01304-MMC

| | | |
|---|---|---|
| PROPOUNDING PARTY: | | PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT |
| RESPONDING PARTY: | | ELON MUSK; X CORP., f/k/a TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA |
| SET NO.: | | ONE |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Parag Agrawal, Ned Segal, Vijaya Gadde, and Sean Edgett ("Plaintiffs") hereby request that Defendants produce, permit inspection and copying, or otherwise cause to be reproduced each of the following documents and tangible things within their possession, custody, or control. Production is to be made at the offices of Sidley Austin LLP, 555 California Street, San Francisco, CA 94104 within 30 days of the service hereof, and a response in writing is to be made within the same 30 days.

**DEFINITIONS**

1. "Appeal Denial" refers to the January 12, 2024 letter from the Twitter Severance Administration Committee to David L. Anderson denying the Plaintiffs' appeal of their claims for benefits.

2. "Claim Denials" refer to the four May 26, 2023 letters denying each Plaintiff's initial claim for benefits, sent from Lindsay Chapman to David L. Anderson.

3. The "Committee" refers to the Twitter Severance Administration Committee for the 2017 Plan (see ¶ 15 below), Including Defendants Lindsay Chapman, Brian Bjelde, and Dhruv Batura.

4. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5. "Complaint" refers to the Complaint for Severance Benefits, Equitable Relief, and Statutory Penalties (ERISA) filed on March 4, 2024 (Dkt. 1) in the above-captioned case.

6. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

2

PLAINTIFFS PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, AND SEAN EDGETT'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS; CASE NO. 3:24-CV-01304-MMC

7. "Defendants" refer to Elon Musk; X Corp., f/k/a Twitter, Inc.; the Twitter, Inc. Change of Control and Involuntary Termination Protection Policy; the Twitter, Inc. Change of Control Severance and Involuntary Termination Protection Policy; Lindsay Chapman; Brian Bjelde; and Dhruv Batura.

8. "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

9. "Identify" means, when referring to a Person, to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a Person has been identified in accordance with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requesting the identification of that Person. When referring to Documents, "Identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

10. "Including" means including, but not limited to.

11. "Person(s)" means any natural person or any legal entity, Including any business or governmental entity or association.

12. "Twitter" refers to the company formerly known as "Twitter, Inc." and now known as Defendant X Corp.

13. "You" and "Your" refer to each and every Defendant upon whom these requests are propounded.

14. The "2014 Plan" refers to the Twitter, Inc. Change of Control and Involuntary Termination Protection Policy, as amended and restated effective August 8, 2014.

15. The "2017 Plan" refers to the Twitter, Inc. Change of Control Severance and Involuntary Termination Protection Policy, as amended and restated, effective February 22, 2017.

16. Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Complaint.

**INSTRUCTIONS**

17. Whenever necessary to bring within the scope of these requests Documents that might otherwise be construed to be outside its scope, You shall construe: (i) the use of a verb in any tense as the use of that verb in all other tenses; and (ii) the use of the feminine, masculine, or neuter genders as Including all genders.

18. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

19. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all Documents that might otherwise be construed to be outside of its scope.

20. The use of the singular form of any word includes the plural and vice versa.

21. No paragraph herein shall be construed with reference to any other paragraph for the purpose of limitation.

22. Unless otherwise stated in the request, each request shall be construed independently and without reference to any other request for the purpose of limitation or exclusion.

23. Produce all responsive Documents in Your custody, possession, or control, or subject to Your custody or control, whether directly or indirectly, Including Documents in the custody, possession, or control of any of Your predecessors, successors, employees, agents, attorneys, or other Persons acting or purporting to act on Your behalf.

24. Produce responsive Documents as they are kept in the ordinary course of business, or organized and labeled to correspond to the request to which they are responsive. A request for a Document includes a request for any and all file folders or binders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself. The integrity and internal sequence of the requested Documents within each folder shall not be disturbed or commingled with the contents of another folder. All Documents should be stored, clipped, stapled, or otherwise arranged in the same form and manner as they were found.

25. Provide all electronically stored information ("ESI") in standard Group IV TIFF format with accompanying text extraction and metadata in a standard DAT file. Spreadsheets and any other type of document that is unreadable or has limited accessibility in the Group IV TIFF format, such as MS Excel and .csv files, should be produced in native format rather than in TIFF format with a slipsheet in TIFF format indicating that the file was produced in native format. Produce audio, audiovisual, and video files in their native formats. Produce the metadata for any responsive ESI with the responsive data, Including, but not limited to, the following fields as appropriate for the file type: custodian, author(s), recipient(s), blind copy recipient(s), subject, file name, file path, title, date and time last modified, date and time sent, date and time received, document type, begin and end Bates number(s), attachment(s) begin and end Bates number(s), and text. ESI should not be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use the ESI. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

26. All Documents requested herein shall be produced in their entirety, along with any attachments, drafts, and non-identical copies, Including copies that differ due to handwritten notes or other notes or markings. If any responsive Documents cannot be produced in full, produce such Documents to the extent possible, and specify the reason for the inability to produce the remainder.

27. If any responsive Document is not produced because of a claim of privilege or work product, provide an appropriate privilege log, Including, for each Document: (i) the nature of the privilege being claimed; (ii) the type of document; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

28. If objection is made to any particular request, state in Your response whether Documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive Documents will occur notwithstanding such objection.

5

PLAINTIFFS PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, AND SEAN EDGETT'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS; CASE NO. 3:24-CV-01304-MMC

29. If in responding to these requests, You claim any ambiguity in a request, or in a definition or instruction applicable thereto, such claim shall not be utilized as a basis for refusing to respond, but You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the request.

30. If objection is made to a portion of any of the requests, You shall furnish Documents responsive to the remainder of that request.

31. If there are no Documents responsive to a particular request, state so in Your response to that particular request.

32. These requests are continuing in nature. In accordance with Rule 26(e) of the Federal Rules, You are required to promptly serve supplementary responses and produce additional Documents if You obtain further or different information.

**RELEVANT TIME PERIOD**

The relevant time period for each request is November 1, 2021 to February 28, 2024 (the "Relevant Time Period"), unless otherwise specifically indicated, and shall include all Documents and information Concerning such period, even though prepared or published outside of the Relevant Time Period. If a Document prepared before or after the Relevant Time Period is necessary for a correct or complete understanding of any Document covered by a request, You must produce the earlier or subsequent Document as well. If a Document is undated or the date of its preparation cannot be ascertained, and the Document is otherwise responsive to a request, You must produce the Document.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

All Communications between or among Elon Musk and/or any member(s) of the Committee.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

All Communications between Elon Musk and any other Defendant Concerning Plaintiffs.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Documents and Communications between Elon Musk and any director or executive of Twitter relating to any Plaintiff, at any time prior to October 27, 2022.

6

PLAINTIFFS PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, AND SEAN EDGETT'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS; CASE NO. 3:24-CV-01304-MMC

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

All Communications to or from Elon Musk regarding Plaintiffs' job performance at Twitter.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

All Communications to or from Elon Musk regarding Plaintiffs' termination from Twitter.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

All Communications of Elon Musk and/or his counsel with Plaintiffs regarding disclosure of his ownership stake in Twitter with the Securities and Exchange Commission ("SEC").

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

All Communications to or from Elon Musk Concerning Plaintiffs' benefits under the 2014 Plan and/or 2017 Plan, Including Communications with Alex Spiro of Quinn Emanuel Urquhart & Sullivan, LLP.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

All Communications to or from any member(s) of the Committee Concerning Plaintiffs' benefits under the 2014 Plan and/or 2017 Plan, Including Communications with Alex Spiro of Quinn Emanuel Urquhart & Sullivan, LLP.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

All Communications to or from Elon Musk Concerning claimants other than Plaintiffs who submitted ERISA claims for benefits following Elon Musk's acquisition of Twitter, Including Communications with Alex Spiro of Quinn Emanuel Urquhart & Sullivan, LLP.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

All Documents reflecting Communications between the Committee and experts relied upon in preparation of the Appeal Denial.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

All Documents and Communications relied upon by experts retained by the Committee (Including Steven Tasher and Jonathan Foster) in forming their expert opinions.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Documents sufficient to Identify all claimants other than Plaintiffs under the 2014 Plan or the 2017 Plan, and sufficient to Identify whether those claimants' claims were approved or denied.

7

PLAINTIFFS PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, AND SEAN EDGETT'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS; CASE NO. 3:24-CV-01304-MMC

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

All Documents and Communications relating to any denials of claims for benefits (Including denials of appeals thereof) for all claimants other than Plaintiffs under the 2014 Plan or the 2017 Plan, Including denials of the claims for benefits for Leslie Berland, Dalana Brand, Nick Caldwell, Robert Kaiden, Sarah Personette, and Jay Sullivan from January 1, 2022 to the Present.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

All Documents and Communications regarding Plaintiffs' claims or claim appeal.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

The agendas, minutes, and materials for each meeting of the Committee during the Relevant Period.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

All Documents and Communications relating to creation of the Committee or the appointment of Committee members.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

The Committee's charter, bylaws, operating rules, and procedures, Including any amendments, exhibits, schedules or appendices.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

Documents sufficient to show the names, all job titles, and all employers of each Committee member.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

All Documents and Communications relating to creation of a committee for the 2014 Plan or the appointment of committee members.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

The charter, bylaws, operating rules, and procedures, Including any amendments, exhibits, schedules, or appendices for any severance review committee created for the 2014 Plan.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Documents sufficient to show the names, all job titles, and all employers of each member of any committee created for the 2014 Plan.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

Documents sufficient to show the source of funding for benefits under the 2014 Plan and/or 2017 Plan.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

All Documents Plaintiffs requested from X Corp. on June 28, 2023, Including but not limited to:

a. Final transaction expenses spreadsheet circulated to the Twitter Board of Directors on October 27, 2022.

b. October 2022 email from Ms. Gadde to outside counsel forwarding Elon Musk's demand of nonpayment letter for advice; and counsel's response.

c. Kobre & Kim LLP monthly bills and final October 2022 invoice.

d. Wachtell, Lipton, Rosen & Katz invoices from June 2022 through October 2022.

e. Simpson Thacher & Bartlett LLP invoices from April 2022 through October 2022.

f. Wilson Sonsini Goodrich & Rosati invoices from April 2022 through October 2022.

g. Emails between Martin Korman and/or Twitter's outside counsel at Wilson Sonsini Goodrich & Rosati and Mr. Edgett regarding success fees for comparable deals from April 2022 through October 2022.

h. 2015 and 2016 emails from Martin Korman and/or Twitter's outside counsel Wilson Sonsini Goodrich & Rosati regarding success fees for deal counsel in potential sale of Twitter.

i. Mr. Edgett's notes from meetings with Elon Musk, Antonio Gracias, and others regarding Twitter's financials and technology on or around October 20, 2022.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

All Documents and Communications Concerning any reason Elon Musk, or the Committee, has given as cause for Plaintiffs' terminations from Twitter, Including but not limited to payment of legal fees, payment of retention bonuses, and management of Twitter's expenses from January 1, 2018 to the Present.

9

PLAINTIFFS PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, AND SEAN EDGETT'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS; CASE NO. 3:24-CV-01304-MMC

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

All Documents in their unredacted form attached to Plaintiffs' Claim Denials in Appendix A.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

All Documents in their unredacted form attached to Plaintiffs' Appeal Denial in Appendix B.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

All Documents and Communications relating to the decision of the Compensation Committee of the Twitter Board of Directors in or around May 2022 to add participants to the 2014 Plan, the 2017 Plan, or any other plan.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

All Documents or Communications regarding the formation of the Transactions Committee of the Twitter Board of Directors ("Transactions Committee") in or around April 2022.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

All Documents or Communications relating to the decisions of the Transactions Committee or the Twitter Board of Directors to retain and/or remit payment to counsel to represent Twitter in matters related to the acquisition of Twitter by Elon Musk.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

All Documents requested by Plaintiffs pursuant to ERISA Section 104(b)(4), 29 U.S.C. § 1024(b)(4), Including:

a. The latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the 2014 Plan and/or the 2017 Plan is established or operated.

b. All Documents that Identify the fiduciaries of the 2014 Plan and/or the 2017 Plan.

c. Any bylaws or internal procedures regarding the process of claims made by participants of the 2014 Plan and/or the 2017 Plans.

d. Documents relating to any delegation of fiduciary responsibilities in connection with the 2014 Plan and/or the 2017 Plan.

//
//

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31:**

All Documents produced by any Defendant, and all deposition and arbitration testimony, in connection with the proceedings in *X Corp. v. Wachtell, Lipton, Rosen & Katz*, No. CGC-23-607461 (Cal. Super. Ct., S.F. Cty.), Including arbitration proceedings for JAMS Arbitration Ref. No 5100001599, from July 5, 2023 to the Present.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32:**

All Documents and Communications Defendants intend to rely on in support of any affirmative defense.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 33:**

All Documents and Communications that any Defendant references in, or relies upon in preparing responses to, any interrogatory served by Plaintiffs on any Defendant in this action.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 34:**

All Documents identified in Your Initial Disclosures made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Date: November 8, 2024

SIDLEY AUSTIN LLP

By: */s/ Sheila A.G. Armbrust*
David L. Anderson
Sheila A.G. Armbrust

*Attorneys for Plaintiffs Parag Agrawal, Ned Segal, Vijaya Gadde, and Sean Edgett*

# CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2024, I caused true and correct copies of the foregoing PLAINTIFFS PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, AND SEAN EDGETT'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS to be served by U.S. Mail and E-Mail upon:

**ERIC MECKLEY**
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001
eric.meckley@morganlewis.com

**ABBEY M. GLENN**
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel: +1.202.739.3000
abbey.glenn@morganlewis.com

**BRIAN W. SULLIVAN**
**JEREMY P. BLUMENFELD**
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-3008
Tel: +1.215.963.5000
Brian.sullivan@morganlewis.com
Jeremy.blumenfeld@morganlewis.com

**CHRISTOPHER J. BORAN**
MORGAN, LEWIS, & BOCKIUS LLP
110 N. Wacker Drive
Chicago, IL 60606
Tel: +1.312.324.1000
Christopher.boran@morganlewis.com

/s/ *Caroline A. Wong*
Caroline A. Wong

13

PLAINTIFFS PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, AND SEAN EDGETT'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS; CASE NO. 3:24-CV-01304-MMC