# Exhibit C

1    MORGAN, LEWIS & BOCKIUS LLP          MORGAN, LEWIS & BOCKIUS LLP
     Eric Meckley, Bar No. 168181         Christopher J. Boran (admitted *pro hac vice*)
2    eric.meckley@morganlewis.com         christopher.boran@morganlewis.com
     One Market, Spear Street Tower       110 North Wacker Drive, Suite 2800
3    San Francisco, CA  94105-1596        Chicago, IL 60606-1511
     Tel: +1.415.442.1000                 Tel: +1.312.324.1000
4
     Jeremy P. Blumenfeld (admitted *pro hac vice*)    Abbey M. Glenn (Bar No. 267751)
5    jeremy.blumenfeld@morganlewis.com    abbey.glenn@morganlewis.com
     Brian W. Sullivan (admitted *pro hac vice*)       1111 Pennsylvania Ave, NW
6    brian.sullivan@morganlewis.com       Washington, DC 20004-2541
     2222 Market Street                   Tel: +1.202.739.3000
7    Philadelphia, PA 19103-3007
     Tel: +1.215.963.5000
8
     *Attorneys for Defendants*
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13
     PARAG AGRAWAL, NED SEGAL,            Case No. 3:24-cv-01304-MMC
14   VIJAYA GADDE, and SEAN EDGETT,

15              Plaintiffs,

16         v.

17   ELON MUSK; X CORP., f/k/a TWITTER,   **DEFENDANTS' OBJECTIONS AND**
     INC.; TWITTER, INC. CHANGE OF        **RESPONSES TO PLAINTIFFS' FIRST**
18   CONTROL AND INVOLUNTARY              **REQUEST FOR PRODUCTION OF**
     TERMINATION PROTECTION POLICY;       **DOCUMENTS**
19   TWITTER, INC. CHANGE OF CONTROL
     SEVERANCE AND INVOLUNTARY            Judge: Hon. Maxine M. Chesney
20   TERMINATION PROTECTION POLICY;
     LINDSAY CHAPMAN; BRIAN BJELDE;
21   AND DHRUV BATURA,

22              Defendants.

23

24         Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Elon Musk, X Corp.,

25   the Twitter, Inc. Change of Control and Involuntary Termination Protection Policy, the Twitter,

26   Inc. Change of Control Severance and Involuntary Termination Protection Policy, Lindsay

27   Chapman, Brian Bjelde, and Dhruv Batura (collectively, "Defendants") hereby object and respond

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

to the First Set of Request for Production of Documents ("Requests") propounded by Plaintiffs Parag Agrawal, Ned Segal, Vijaya Gadde, and Sean Edgett ("Plaintiffs") in this matter. Defendants reserve the right to supplement or amend these objections and responses as necessary in accordance with the Federal Rules of Civil Procedure and any Local Rules and orders of this Court.

## GENERAL OBJECTIONS TO ALL REQUESTS

Each and every response to Plaintiffs' Requests is made subject to the following objections, regardless of whether a specific objection is stated in the response. The assertion of a specific objection in response to a particular Request is not intended to constitute a waiver of these general objections that are not specifically referred to in the response.

1.     Defendants object to each Request and to each of Plaintiffs' "Definitions" and "Instructions" to the extent they seek to impose obligations that are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Defendant will respond to the Requests within the scope of these rules.

2.     Defendants object to the Requests to the extent they seek documents not relevant to any party's claims or defenses in this matter and/or to the extent they are overly broad and unduly burdensome considering the limits on relevance and proportionality imposed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1).

3.     Defendants object to the Requests to the extent they use undefined terms, rendering the Request vague, ambiguous, unintelligible, and unanswerable in its current form.

4.     Defendants object to the Requests to the extent they seek documents protected by the attorney-client privilege, the common-interest privilege, and/or the work-product doctrine. Any inadvertent production of privileged documents or identification of privileged documents shall not constitute a waiver of any of the rights or privileges of Defendants, and Defendants reserve the right to demand and obtain the return of any such production and all copies thereof.

5.     Defendants object to the Requests to the extent they seek documents that already is in Plaintiffs' possession, custody, or control, or that is equally available to Plaintiffs.

6.     Defendants object to the Requests to the extent they seek discovery of documents that belongs solely to third parties and/or is not within Defendants' possession, custody, or control.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

7.     Defendants object to the Requests to the extent the documents sought are unreasonably cumulative or duplicative.

8.     Defendants object to the Requests to the extent they seek documents beyond the administrative record. Plaintiffs' claim for benefits pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), is subject to abuse of discretion review and limited in scope to the administrative record. Pursuant to 29 C.F.R. § 2560.503-1(h)(2)(iii), a claimant appealing an adverse benefit determination is entitled to copies of "all documents, records, and other information relevant to the claimant's claim for benefits." Under Department of Labor regulations, "relevant" means those documents submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination. 29 C.F.R. Section 2560.503-1(m)(8). The administrative record, which was previously produced to Plaintiffs during the administrative process, encompasses all "relevant" documents with respect to "Plaintiffs' claims or claim appeal."  If Plaintiffs believe that discovery beyond the administrative record is appropriate in the context of their ERISA Section 502(a)(1)(B) claims, they must specify which categories of documents or communications they believe bear on an alleged conflict of interest or procedural irregularity and why. *E.g.*, *DelDebbio v. Walgreens Co.*, 2012 WL 707155, at *2 (N.D. Cal. Mar. 5, 2012) (plaintiffs must identify specific alleged procedural irregularities and explain how the supposed irregularities "prevented the full development of the administrative record" before they are entitled to conduct discovery); *Zewdu v. Citigroup Long Term Disability Plan*, 264 F.R.D. 622, 626 (N.D. Cal. Feb. 12, 2010) ("Discovery must be narrowly tailored to reveal the nature and extent of the conflict, and must not be a fishing expedition.").

9.     Defendants object to Plaintiffs' definition of "Committee" in Definition No. 3 as inaccurate. Contrary to Plaintiffs' definition, the Twitter Severance Administration Committee ("Committee") had responsibility for determining appeals under the Twitter, Inc. Change of Control and Involuntary Termination Protection Policy (as amended and restated effective August 8, 2014) and the Twitter, Inc. Change of Control Severance and Involuntary Termination Protection Policy (as amended and restated effective February 22, 2017), which Plaintiffs define in their

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

1    Interrogatories as the 2014 Plan and 2017 Plan, respectively. Indeed, Plaintiffs submitted a

2    consolidated appeal to the Committee for determination under the 2014 and 2017 Plan. In denying

3    Plaintiffs' consolidated appeal, the Committee defined the 2014 Plan and 2017 Plan collectively as

4    the "Plan." Defendants thus construe the Requests accordingly and use the term "Plan" herein in

5    the same manner as the Committee.

6          10.    Defendants object to Plaintiffs' definition of "Communications" in Definition No.

7    4 because it imposes obligations that are inconsistent with or greater than those imposed by the

8    Federal Rules of Civil Procedure and the Local Rules of this Court. For instance, it is difficult to

9    fathom how Defendants could possibly produce verbal communications or documents constituting

10   "ideas." Defendants therefore construe these Requests as seeking emails, text messages, and Slack

11   messages.

12         11.    Defendants object to Plaintiffs' definition of "Identify" in Definition No. 9 as

13   overbroad, unduly burdensome, seeking materials that are irrelevant to the parties' claims or

14   defenses, disproportionate to the needs of the case, and unwarranted under Rule 34, as this

15   definition imposes obligations that are inconsistent with or greater than those imposed by the

16   Federal Rules of Civil Procedure and the Local Rules of this Court.

17         12.    Defendants object to Plaintiffs' definition of "Person(s)" in Definition No. 11 as

18   vague, overbroad, and unduly burdensome to the extent it includes "any legal entity, including any

19   business or governmental entity or association."

20         13.    Defendants object to Plaintiffs' Instruction No. 23 as vague, overbroad, unduly

21   burdensome, and disproportionate to the needs of the case to the extent it includes documents

22   "subject to Your custody or control, whether directly or indirectly, including Documents in the

23   custody, possession, or control of any of Your predecessors, successors, employees, agents,

24   attorneys, or other Persons acting or purporting to act on Your behalf." Defendants have limited

25   their responses and will produce only those documents which are reasonably accessible without

26   imposing undue cost or burden and are within the possession, custody, or control of X Corp. or the

27   individually named Defendants.  Defendants further object to Plaintiffs' Instruction No. 23 as

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4
DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

seeking documents protected by the attorney-client privilege, the common-interest privilege, and/or the work product doctrine.

14.    Defendants object to Plaintiffs' Instruction No. 24 as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it includes "any and all file folders or binders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself." Defendants will not produce irrelevant or non-responsive documents simply because they are maintained in the same "file folders or binders" as responsive documents.

15.    Defendants object to Plaintiffs' Instruction No. 25 to the extent it is inconsistent with the terms of an ESI Protocol, to be negotiated between the Parties, that will govern the production of ESI in this matter.

16.    Defendants object to Plaintiffs' Instruction No. 26 as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case because it imposes obligations that are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court insofar as it asks Defendants to "specify the reason for the inability to produce the remainder" of a responsive document if it "cannot be produced in full." For example, if a document "cannot be produced in full" solely because an earlier draft version of that document was not maintained in the ordinary course of business, Defendants may not even be aware that the document is not being produced "in full" as Plaintiffs define that phrase, much less be capable of specifying the reason why such draft was not produced.

17.    Defendants object to Plaintiffs' Instruction No. 27 because it imposes obligations that are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court insofar as it asks Defendants to provide "the relationship of the author, addressees, and recipients to each other."

18.    Defendants object to Plaintiffs' Instruction No. 29 as overbroad and unduly burdensome. It is not Defendants' responsibility to divine what Plaintiffs might be seeking when using vague or ambiguous language in their Requests. To the extent Plaintiffs' requests are vague or ambiguous such that Defendants cannot reasonably determine what document is sought,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

1  Defendants will object as appropriate and may refuse to produce documents in response to such

2  Requests.

3        19.     Defendants object to Plaintiffs' Instruction No. 31 as unduly burdensome and

4  unwarranted under Rule 34, as it imposes obligations that are inconsistent with or greater than those

5  imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Defendants

6  respond to these Requests based upon information presently available to them that Defendants have

7  been able to identify through reasonable efforts. In so doing, Defendants reserve and do not waive

8  the right to present or rely upon subsequently developed legal theories or additional information

9  later discovered, obtained, or inadvertently omitted at this time. Defendants' investigation into this

10  matter is continuing, and Defendants expressly reserve the right to supplement and/or amend their

11  objections and responses to Plaintiffs' Requests as may be appropriate in accordance with the

12  Federal Rules of Civil Procedure or the Local Rules or orders of this Court, and to use such

13  documents in any hearing or proceeding.

14        20.     Defendants object to Plaintiffs' definition of the "Relevant Time Period" as

15  overbroad, unduly burdensome, seeking materials that are irrelevant to the parties' claims or

16  defenses, and disproportionate to the needs of the case. Plaintiffs do not raise any allegations prior

17  to January 31, 2022. *See*, *e.g.*, Compl. ¶ 43 ("Starting on January 31, 2022, Musk began purchasing

18  Twitter stock."). Nor do Plaintiffs raise any allegations post-dating the final determination of

19  Plaintiffs' appeal under the Plan, dated January 12, 2024. Accordingly, in responding to these

20  Requests, Defendants construe the Relevant Time Period as January 31, 2022 – January 12, 2024,

21  unless stated otherwise. Defendants further object to this definition's instruction that "[i]f a

22  document prepared before or after the Relevant Time Period is necessary for a correct or complete

23  understanding of any document covered by a request, you must produce the earlier or subsequent

24  document as well" as vague, overbroad, unduly burdensome, disproportionate to the needs of the

25  case, and because it imposes obligations that are inconsistent with or greater than those imposed by

26  the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiffs' instruction, as

27  written, would require Defendants to undertake a review of myriad unspecified documents that are

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6
DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

1   *not* responsive to Plaintiffs' Requests merely to assess whether they are "necessary for a correct or

2   complete understanding" of other responsive documents.

3       21.    Defendants are willing to meet and confer with Plaintiffs regarding the Requests and

4   the bases for the objections and responses set forth below. In particular, Defendants invite Plaintiffs

5   to address the Requests seeking documents beyond the administrative record and Plaintiffs'

6   allegations of conflict and/or procedural irregularities that bear on those Requests.

7   **RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

8   **REQUEST FOR PRODUCTION NO. 1:**

9       **All Communications between or among Elon Musk and/or any member(s) of the**

10  **Committee.**

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

12      Defendants object to this Request on the grounds that it is overbroad, unduly burdensome,

13  disproportionate to the needs of this case, and seeks documents that are not relevant to any party's

14  claims or defenses to the extent it seeks "[a]ll Communications between or among Elon Musk

15  and/or any member(s) of the Committee" regardless of whether those communications concern the

16  subject matter at issue in this litigation. Defendants further object to this Request on the grounds

17  that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks

18  documents that are not relevant to any party's claims or defenses to the extent it seeks documents

19  beyond the administrative record. Defendants further object to this Request to the extent it seeks

20  documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

21      Subject to and without waiving their General and Specific Objections above, Defendants

22  will conduct a reasonable search for, and produce on a rolling basis, any non-privileged

23  communications between Elon Musk and/or any member(s) of the Committee concerning

24  Plaintiffs' terminations from Twitter, Inc. ("Twitter"), Plaintiffs' claims for benefits under the Plan

25  ("Claims"), or Plaintiffs' appeal of the denial of their claims for benefits under the Plan ("Appeal").

26  **REQUEST FOR PRODUCTION NO. 2:**

27      **All Communications between Elon Musk and any other Defendant Concerning**

28  **Plaintiffs.**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks "[a]ll Communications between Elon Musk and any other Defendant Concerning Plaintiffs" regardless of whether those communications concern the subject matter at issue in this litigation. Defendants further object to this Request as duplicative of Request No. 1. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks documents beyond the administrative record. Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving their General and Specific Objections above, Defendants refer Plaintiffs to the documents that will be produced in response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

**Documents and Communications between Elon Musk and any director or executive of Twitter relating to any Plaintiff, at any time prior to October 27, 2022.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses, to the extent it seeks "Documents and Communications between Elon Musk and any director or executive of Twitter relating to any Plaintiff" regardless of whether those documents or communications concern the subject matter at issue in this litigation. Defendants further object to this Request as temporally overbroad to the extent it seeks documents "at any time prior to October 27, 2022." Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks documents beyond the administrative record. Defendants further object to this Request on the grounds that it is vague and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8
DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

1    ambiguous in its use of the phrase "any director or executive of Twitter." Defendants further object

2    to this Request to the extent it seeks documents in Plaintiffs' possession, custody, or control.

3        Subject to and without waiving their General and Specific Objections above, Defendants

4    will conduct a reasonable search for, and produce on a rolling basis, communications dated January

5    31, 2022-October 27, 2022 between Elon Musk and any individual who was a member of Twitter's

6    Board of Directors or Staff (as that term was used by Twitter) as of October 26, 2022, concerning

7    Plaintiffs' terminations from Twitter.

8    **REQUEST FOR PRODUCTION NO. 4:**

9        **All Communications to or from Elon Musk regarding Plaintiffs' job performance at**

10    **Twitter.**

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

12        Defendants object to this Request on the grounds that it is overbroad, unduly burdensome,

13    disproportionate to the needs of this case, and seeks documents that are not relevant to any party's

14    claims or defenses to the extent it seeks "[a]ll Communications to or from Elon Musk regarding

15    Plaintiffs' job performance at Twitter" regardless of whether those documents or communications

16    concern the subject matter at issue in this litigation. Defendants further object to this Request on

17    the grounds that it is overbroad and unduly burdensome to the extent it seeks "[a]ll communications

18    to or from Elon Musk" regardless of whether the sender or recipient had any decision-making

19    authority as to Plaintiffs' employment. Defendants further object to this Request on the grounds

20    that it is vague and ambiguous in its use of the phrase "job performance." Defendants further object

21    to this Request as duplicative of Request Nos. 1-3. Defendants further object to this Request on the

22    grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and

23    seeks documents that are not relevant to any party's claims or defenses to the extent it seeks

24    documents beyond the administrative record. Defendants further object to this Request to the extent

25    it seeks documents protected from disclosure by the attorney-client privilege and/or work product

26    doctrine.

27        Subject to and without waiving their General and Specific Objections above, Defendants

28    refer Plaintiffs to the documents that will be produced in response to Requests No. 1 and 3.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

**REQUEST FOR PRODUCTION NO. 5:**

**All Communications to or from Elon Musk regarding Plaintiffs' termination from Twitter.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and is disproportionate to the needs of this case to the extent it seeks "[a]ll communications to or from Elon Musk" regardless of whether those documents or communications concern the subject matter at issue in this litigation. Defendants further object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks "[a]ll communications to or from Elon Musk" regardless of whether the sender or recipient had any decision-making authority as to Plaintiffs' employment. Defendants also object to this Request as duplicative of Request Nos. 1-4. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks documents beyond the administrative record. Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving their General and Specific Objections above, Defendants will conduct a reasonable search for, and produce on a rolling basis, any non-privileged communications between Elon Musk and the individual(s) identified in Defendant X Corp.'s response to Interrogatory No. 2 concerning Plaintiffs' terminations from Twitter. Defendants also refer Plaintiffs to the documents, if any exist, that will be produced in response to Request Nos. 1 and 3.

**REQUEST FOR PRODUCTION NO. 6:**

**All Communications of Elon Musk and/or his counsel with Plaintiffs regarding disclosure of his ownership stake in Twitter with the Securities and Exchange Commission ("SEC").**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10
DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

2         Defendants object to this Request on the grounds that it is overbroad, unduly burdensome,

3    disproportionate to the needs of this case, and seeks documents that are not relevant to any party's

4    claims or defenses. Defendants further object to this Request on the grounds that it is vague and

5    ambiguous in its use of the phrase "disclosure of his ownership stake." Defendants further object

6    to this Request to the extent it seeks documents protected from disclosure by the attorney-client

7    privilege and/or work product doctrine.

8         Based on their General and Specific objections, Defendants do not intend to produce any

9    documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 7:**

11        **All Communications to or from Elon Musk Concerning Plaintiffs' benefits under the**

12   **2014 Plan and/or 2017 Plan, Including Communications with Alex Spiro of Quinn Emanuel**

13   **Urquhart & Sullivan, LLP.**

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

15        Defendants object to this Request to the extent it seeks documents protected from disclosure

16   by the attorney-client privilege and/or work product doctrine. Plaintiffs are not entitled to take

17   discovery on attorney-client privileged materials because the Plan is a "top hat" plan, which is

18   exempt from ERISA's fiduciary responsibility provisions and, in turn, the fiduciary exception to

19   the attorney-client privilege.  *See, e.g., Kramer v. Am. Elec. Power Exec. Severance Plan*, 2023

20   WL 2925117, at *2, 7 (S.D. Ohio Apr. 13, 2023) (because the plan was an ERISA top hat plan,

21   "the fiduciary exception to attorney-client privilege does not apply"); *Tolbert v. RBC Cap. Mkts.*

22   *Corp.*, 2012 WL 1067629, at *5 (S.D. Tex. Mar. 28, 2012) ("[T]he WAP is a top hat ERISA plan.

23   Thus, the fiduciary exception does not apply."). Defendants further object to this Request on the

24   grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and

25   seeks documents that are not relevant to any party's claims or defenses to the extent it seeks

26   documents beyond the administrative record. Defendants further object to this Request as

27   duplicative of Request Nos. 1 and 2.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11
DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

1   Subject to and without waiving their General and Specific Objections above, Defendants

2   will conduct a reasonable search for, and produce on a rolling basis, non-privileged

3   communications to or from Elon Musk concerning Plaintiffs' benefits under the Plan, to the extent

4   any such communications exist. Defendants also direct Plaintiffs to the documents, if any exist, that

5   will be produced in response to Request No. 1.

6   **REQUEST FOR PRODUCTION NO. 8:**

7   **All Communications to or from any member(s) of the Committee Concerning**

8   **Plaintiffs' benefits under the 2014 Plan and/or 2017 Plan, Including Communications with**

9   **Alex Spiro of Quinn Emanuel Urquhart & Sullivan, LLP.**

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11  Defendants object to this Request to the extent it seeks documents in Plaintiffs' possession,

12  custody, or control. Defendants further object to this Request on the grounds that it is overbroad,

13  unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not

14  relevant to any party's claims or defenses to the extent it seeks documents beyond the

15  administrative record. Defendants further object to this Request to the extent it seeks documents

16  protected from disclosure by the attorney-client privilege and/or work product doctrine. Plaintiffs

17  are not entitled to take discovery on attorney-client privileged materials because the Plan is a "top

18  hat" plan, which is exempt from ERISA's fiduciary responsibility provisions and, in turn, the

19  fiduciary exception to the attorney-client privilege. *See, e.g., Kramer v. Am. Elec. Power Exec.*

20  *Severance Plan*, 2023 WL 2925117, at *2, 7 (S.D. Ohio Apr. 13, 2023) (because the plan was an

21  ERISA top hat plan, "the fiduciary exception to attorney-client privilege does not apply"); *Tolbert*

22  *v. RBC Cap. Mkts. Corp.*, 2012 WL 1067629, at *5 (S.D. Tex. Mar. 28, 2012) ("[T]he WAP is a

23  top hat ERISA plan.  Thus, the fiduciary exception does not apply.").

24  Subject to and without waiving their General and Specific Objections above, Defendants

25  will conduct a reasonable search for, and produce on a rolling basis, non-privileged

26  communications to or from Committee members relating to Plaintiffs' Claims or Appeal.

27  Defendants also direct Plaintiffs to the documents that will be produced in response to Request No.

28  1.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

1  **REQUEST FOR PRODUCTION NO. 9**:

2        **All Communications to or from Elon Musk Concerning claimants other than Plaintiffs**

3  **who submitted ERISA claims for benefits following Elon Musk's acquisition of Twitter,**

4  **Including Communications with Alex Spiro of Quinn Emanuel Urquhart & Sullivan, LLP.**

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

6        Defendants object to this Request on the grounds that it is overbroad, unduly burdensome,

7  disproportionate to the needs of this case, and seeks documents that are not relevant to any party's

8  claims or defenses to the extent it seeks communications concerning "claimants *other than*

9  Plaintiffs." (emphasis added). Defendants further object to this Request to the extent it infringes on

10  the privacy, confidentiality, or proprietary interests of third parties who are not parties to this

11  lawsuit. Defendants further object to this Request to the extent it seeks documents protected from

12  disclosure by the attorney-client privilege and/or work product doctrine. Plaintiffs are not entitled

13  to take discovery on attorney-client privileged materials because the Plan is a "top hat" plan, which

14  is exempt from ERISA's fiduciary responsibility provisions and, in turn, the fiduciary exception to

15  the attorney-client privilege. *See, e.g., Kramer v. Am. Elec. Power Exec. Severance Plan*, 2023

16  WL 2925117, at *2, 7 (S.D. Ohio Apr. 13, 2023) (because the plan was an ERISA top hat plan,

17  "the fiduciary exception to attorney-client privilege does not apply"); *Tolbert v. RBC Cap. Mkts.*

18  *Corp.*, 2012 WL 1067629, at *5 (S.D. Tex. Mar. 28, 2012) ("[T]he WAP is a top hat ERISA plan.

19  Thus, the fiduciary exception does not apply."). Defendants further object to this Request on the

20  grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and

21  seeks documents that are not relevant to any party's claims or defenses to the extent it seeks

22  documents beyond the administrative record.

23        Subject to their General and Specific Objections above, Defendants do not intend to produce

24  any documents in response to this Request.

25  **REQUEST FOR PRODUCTION NO. 10**:

26        **All Documents reflecting Communications between the Committee and experts relied**

27  **upon in preparation of the Appeal Denial.**

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13
DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses insofar as it seeks "[a]ll documents reflecting Communications between the Committee and experts relied upon in preparation of the Appeal Denial" regardless of whether those communications concern the subject matter at issue in this litigation. Defendants further object to this Request on the grounds that it is vague and ambiguous in its use of the phrase "Documents reflecting Communications." Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks documents beyond the administrative record. Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving their General and Specific Objections above, Defendants are not aware of any documents that would be responsive to this Request. Should Defendants become aware of any responsive documents through a reasonable search, they will produce, on a rolling basis, any non-privileged communications between the Committee and Steven A. Tasher or Jonathan F. Foster.

**REQUEST FOR PRODUCTION NO. 11:**

**All Documents and Communications relied upon by experts retained by the Committee (Including Steven Tasher and Jonathan Foster) in forming their expert opinions.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants object to this Request as vague and ambiguous in its use of the phrase "relied upon by experts." Defendants further object to this Request to the extent it seeks documents in Plaintiffs' possession, custody, or control. All of the documents listed in the "Materials Relied Upon" section of Jonathan F. Foster's expert report and in the "Documentation Reviewed and Relied Upon" section of the Steven A. Tasher expert report were included in the administrative record and produced to Plaintiffs during the administrative process. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs

of this case, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks documents beyond the administrative record.

Subject to and without waiving their General and Specific Objections above, Defendants will produce the administrative records for Plaintiffs' Claims and Appeal.

**REQUEST FOR PRODUCTION NO. 12:**

**Documents sufficient to Identify all claimants other than Plaintiffs under the 2014 Plan or the 2017 Plan, and sufficient to Identify whether those claimants' claims were approved or denied.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks documents concerning "claimants *other than* Plaintiffs." (emphasis added). Defendants further object to this Request to the extent it infringes on the privacy, confidentiality, or proprietary interests of third parties who are not parties to this lawsuit. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks documents beyond the administrative record.

Subject to their General and Specific Objections above, Defendants refer Plaintiffs to Defendant X Corp.'s response to Interrogatory Nos. 7-8. Defendants do not intend to produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

**All Documents and Communications relating to any denials of claims for benefits (Including denials of appeals thereof) for all claimants other than Plaintiffs under the 2014 Plan or the 2017 Plan, Including denials of the claims for benefits for Leslie Berland, Dalana Brand, Nick Caldwell, Robert Kaiden, Sarah Personette, and Jay Sullivan from January 1, 2022 to the Present.**

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks documents concerning "claimants *other than* Plaintiffs." (emphasis added). Defendants further object to this Request to the extent it infringes on the privacy, confidentiality, or proprietary interests of third parties who are not parties to this lawsuit. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks documents beyond the administrative record. Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to their General and Specific Objections above, Defendants do not intend to produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

**All Documents and Communications regarding Plaintiffs' claims or claim appeal.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks documents beyond the administrative record. Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents in Plaintiffs' possession, custody, or control.

Subject to and without waiving their General and Specific Objections above, Defendants will produce the administrative records for Plaintiffs' Claims and Appeal.

**REQUEST FOR PRODUCTION NO. 15:**

**The agendas, minutes, and materials for each meeting of the Committee during the Relevant Period.**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks documents beyond the administrative record. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks "agendas, minutes, and materials for each meeting of the Committee during the Relevant Period," regardless of whether such Committee meeting addressed Plaintiffs' Claims or Appeal. Defendants further object to this Request to the extent it infringes on the privacy, confidentiality, or proprietary interests of third parties who are not parties to this lawsuit. Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request as temporally overbroad insofar as it seeks "agendas, minutes, and materials for each meeting of the Committee," including those meetings that occurred after the final determination of Plaintiffs' Appeal. Defendants further object to this Request to the extent it seeks documents in Plaintiffs' possession, custody, or control.

Subject to and without waiving their General and Specific Objections above, Defendants will produce the administrative records for Plaintiffs' Claims and Appeal.

**REQUEST FOR PRODUCTION NO. 16:**

**All Documents and Communications relating to creation of the Committee or the appointment of Committee members.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks "[a]ll Documents and Communications relating to creation of the Committee or the appointment of Committee members." Defendants further object to this Request as vague and ambiguous in its use of the phrases "creation of" and "appointment of." Defendants further object to this Request to the extent it seeks documents in Plaintiffs' possession, custody, or control. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

to any party's claims or defenses to the extent it seeks documents beyond the administrative record. Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving their General and Specific Objections above, Defendants will produce the resolution establishing the Committee.

**REQUEST FOR PRODUCTION NO. 17:**

**The Committee's charter, bylaws, operating rules, and procedures, Including any amendments, exhibits, schedules or appendices.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants object to this Request as vague and ambiguous in its use of the terms "charter, bylaws, operating rules, and procedures" and "amendments, exhibits, schedules or appendices." Defendants further object to this Request to the extent it seeks documents in Plaintiffs' possession, custody, or control. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks documents beyond the administrative record. Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving their General and Specific Objections above, Defendants will produce the resolution establishing the Committee. Defendants also direct Plaintiffs to the administrative record documents that will be produced in response to Request No. 14 reflecting the Committee's role with respect to the Plan.

**REQUEST FOR PRODUCTION NO. 18:**

**Documents sufficient to show the names, all job titles, and all employers of each Committee member.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, seeks documents irrelevant to the parties' claims and defenses, and disproportionate to the needs of the case to the extent it seeks documents that are not related to Plaintiffs' Claims or Appeal.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

1  Defendants further object to this Request as vague and ambiguous in its use of the phrase "sufficient

2  to show." Defendants further object to this Request as temporally overbroad to the extent it seeks

3  documents pre- and post-dating the Committee's consideration of Plaintiffs' Claims and Appeal.

4      Subject to and without waiving their General and Specific Objections above, Defendants

5  refer Plaintiffs to Defendant X Corp.'s response to Interrogatory No. 3. Defendants do not intend

6  to produce any documents in response to this Request.

7  **REQUEST FOR PRODUCTION NO. 19:**

8      **All Documents and Communications relating to creation of a committee for the 2014**

9  **Plan or the appointment of committee members.**

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

11     Defendants object to this Request on the grounds that it is overbroad and unduly

12 burdensome to the extent it seeks "[a]ll Documents and Communications relating to creation of a

13 committee for the 2014 Plan or the appointment of committee members." Defendants further object

14 to this Request as vague and ambiguous in its use of the phrases "creation of" and "appointment

15 of." Defendants further object to this Request to the extent it seeks documents in Plaintiffs'

16 possession, custody, or control. Defendants further object to this Request to the extent it seeks

17 documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

18 Defendants further object to this Request as duplicative of Request No. 16 because the Committee

19 had responsibility for what Plaintiffs describe as the 2014 Plan.

20     Subject to and without waiving their General and Specific Objections above, Defendants

21 direct Plaintiffs to the documents that will be produced in response to Request Nos. 14 and 16.

22 **REQUEST FOR PRODUCTION NO. 20:**

23     **The charter, bylaws, operating rules, and procedures, Including any amendments,**

24 **exhibits, schedules, or appendices for any severance review committee created for the 2014**

25 **Plan.**

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

27     Defendants object to this Request as vague and ambiguous in its use of the phrases "charter,

28 bylaws, operating rules, and procedures" and "amendments, exhibits, schedules or appendices."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19
DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

1    Defendants further object to this Request to the extent it seeks documents in Plaintiffs' possession,

2    custody, or control. Defendants further object to this Request to the extent it seeks documents

3    protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants

4    further object to this Request as duplicative of Request No. 17 because the Committee had

5    responsibility for what Plaintiffs describe as the 2014 Plan.

6        Subject to and without waiving their General and Specific Objections above, Defendants

7    direct Plaintiffs to the documents that will be produced in response to Request Nos. 14 and 16.

8    **REQUEST FOR PRODUCTION NO. 21:**

9        **Documents sufficient to show the names, all job titles, and all employers of each**

10   **member of any committee created for the 2014 Plan.**

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

12       Defendants object to this Request on the grounds that it is overbroad, unduly burdensome,

13   seeks documents irrelevant to the parties' claims and defenses, and disproportionate to the needs

14   of the case to the extent it seeks documents that are not related to Plaintiffs' claims. Defendants

15   further object to this Request as vague and ambiguous in its use of the phrase "sufficient to show."

16   Defendants further object to this Request as temporally overbroad to the extent it seeks documents

17   pre- and post-dating the Committee's consideration of Plaintiffs' Claims and Appeal. Defendants

18   further object to this Request as duplicative of Request No. 18 because the Committee had

19   responsibility for what Plaintiffs describe as the 2014 Plan.

20       Subject to and without waiving their General and Specific Objections above, Defendants

21   refer Plaintiffs to the Defendant X Corp.'s response to Interrogatory No. 3. Defendants do not

22   intend to produce any documents in response to this Request.

23   **REQUEST FOR PRODUCTION NO. 22:**

24       **Documents sufficient to show the source of funding for benefits under the 2014 Plan**

25   **and/or 2017 Plan.**

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

27       Defendants object to this Request on the grounds that it is overbroad, unduly burdensome,

28   seeks documents irrelevant to the parties' claims and defenses, and disproportionate to the needs

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

of the case to the extent it seeks documents showing the assets held by Defendants. Defendants further object to this Request as vague and ambiguous in its use of the phrase "sufficient to show." Defendants further object to this Request to the extent it seeks documents in Plaintiffs' possession, custody, or control.

Subject to and without waiving their General and Specific Objections above,  Defendants direct Plaintiffs to the Plan documents, produced as part of the administrative record of Plaintiffs' Claims and Appeal. Defendants do not intend to produce any additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

**All Documents Plaintiffs requested from X Corp. on June 28, 2023, Including but not limited to:**

a.    **Final transaction expenses spreadsheet circulated to the Twitter Board of Directors on October 27, 2022.**

b.    **October 2022 email from Ms. Gadde to outside counsel forwarding Elon Musk's demand of nonpayment letter for advice; and counsel's response.**

c.    **Kobre & Kim LLP monthly bills and final October 2022 invoice.**

d.    **Wachtell, Lipton, Rosen & Katz invoices from June 2022 through October 2022.**

e.    **Simpson Thacher & Bartlett LLP invoices from April 2022 through October 2022.**

f.    **Wilson Sonsini Goodrich & Rosati invoices from April 2022 through October 2022.**

g.    **Emails between Martin Korman and/or Twitter's outside counsel at Wilson Sonsini Goodrich & Rosati and Mr. Edgett regarding success fees for comparable deals from April 2022 through October 2022.**

h.    **2015 and 2016 emails from Martin Korman and/or Twitter's outside counsel Wilson Sonsini Goodrich & Rosati regarding success fees for deal counsel in potential sale of Twitter.**

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

21

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

**i.** **Mr. Edgett's notes from meetings with Elon Musk, Antonio Gracias, and others regarding Twitter's financials and technology on or around October 20, 2022.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks documents beyond the administrative record. Defendants further object to this Request as vague and ambiguous in its use of the phrase "including but not limited to." Defendants construe this Request as seeking the specific categories of documents identified in subparts (a) – (i) to Request No. 23, and state the following objections and responses thereto:

a.      Defendants object to this Request to the extent it seeks documents in Plaintiffs' possession, custody, or control. As noted in the July 21, 2023, letter to Plaintiffs' counsel, "your request for detail regarding transaction expenses approved by the Board (item #1 on your list) is contained within the administrative record and will be produced herewith." Accordingly, Defendants direct Plaintiffs to the administrative record documents that will be produced in response to Request No. 14.

b.      Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, seeks documents irrelevant to the parties' claims and defenses, and is disproportionate to the needs of this case. Defendants further object to this Request as vague and ambiguous insofar as it fails to identify with sufficient specificity the date of the requested email or its intended recipients. Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants invite Plaintiffs to meet and confer regarding this Request.

c.      Defendants object to this Request to the extent it seeks documents in Plaintiffs' possession, custody, or control. Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to and without waiving their General and Specific Objections above, Defendants direct

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

1   Plaintiffs to the administrative record documents that will be produced in response to Request No.

2   14, which includes Exhibit D to the expert report of Steven A. Tasher, which contains "[a]ll hourly

3   and success fee invoices."

4          d.      Defendants object to this Request to the extent it seeks documents in Plaintiffs'

5   possession, custody, or control. Defendants further object to this Request to the extent it seeks

6   documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

7   Subject to and without waiving their General and Specific Objections above, Defendants direct

8   Plaintiffs to the administrative record documents that will be produced in response to Request No.

9   14, which includes Exhibit D to the expert report of Steven A. Tasher, which contains "[a]ll hourly

10  and success fee invoices."

11         e.      Defendants object to this Request to the extent it seeks documents in Plaintiffs'

12  possession, custody, or control. Defendants further object to this Request to the extent it seeks

13  documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

14  Subject to and without waiving their General and Specific Objections above, Defendants direct

15  Plaintiffs to the administrative record documents that will be produced in response to Request No.

16  14, which includes Exhibit D to the expert report of Steven A. Tasher, which contains "[a]ll hourly

17  and success fee invoices."

18         f.      Defendants object to this Request to the extent it seeks documents in Plaintiffs'

19  possession, custody, or control. Defendants further object to this Request to the extent it seeks

20  documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

21  Subject to and without waiving their General and Specific Objections above, Defendants direct

22  Plaintiffs to the administrative record documents that will be produced in response to Request No.

23  14, which includes Exhibit D to the expert report of Steven A. Tasher, which contains "[a]ll hourly

24  and success fee invoices."

25         g.      Defendants object to this Request on the grounds that it is overbroad, unduly

26  burdensome, seeks documents irrelevant to the parties' claims and defenses, and disproportionate

27  to the needs of the case to the extent it seeks documents outside the administrative record.

28  Defendants further object to this Request as vague and ambiguous in its use of the phrase "regarding

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

1  success fees for comparable deals." Defendants further object to this Request to the extent it seeks

2  documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

3  Defendants invite Plaintiffs to meet and confer regarding this Request.

4        h.     Defendants object to this Request on the grounds that it is overbroad, unduly

5  burdensome, seeks documents irrelevant to the parties' claims and defenses, and disproportionate

6  to the needs of the case to the extent it seeks documents that are not related to Plaintiffs' claims.

7  Defendants further object to this Request as temporally overbroad to the extent it seeks documents

8  from 2015 and 2016 that bear no meaningful connection to Plaintiffs' claims in this matter.

9  Defendants further object to this Request to the extent it seeks documents protected from disclosure

10  by the attorney-client privilege and/or work product doctrine. Based on their General and Specific

11  Objections above, Defendants do not intend to produce any documents in response to this Request.

12        i.     Defendants object to this Request on the grounds that it is overbroad, unduly

13  burdensome, seeks documents irrelevant to the parties' claims and defenses, and disproportionate

14  to the needs of this case to the extent it seeks documents outside the administrative record.

15  Defendants further object to this Request to the extent it seeks documents protected from disclosure

16  by the attorney-client privilege and/or work product doctrine. Defendants invite Plaintiffs to meet

17  and confer regarding this Request.

18  **REQUEST FOR PRODUCTION NO. 24:**

19        **All Documents and Communications Concerning any reason Elon Musk, or the**

20  **Committee, has given as cause for Plaintiffs' terminations from Twitter, Including but not**

21  **limited to payment of legal fees, payment of retention bonuses, and management of Twitter's**

22  **expenses from January 1, 2018 to the Present.**

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

24        Defendants object to this Request as duplicative of Request No. 14. Defendants further

25  object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to

26  the needs of this case, and seeks documents that are not relevant to any party's claims or defenses

27  to the extent it seeks documents beyond the administrative record and to the extent it seeks "[a]ll

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

1    Documents and Communications" that even touch on a subject matter relating to a reason for

2    Plaintiffs' terminations for cause.

3        Subject to and without waiving their General and Specific Objections above, Defendants

4    will produce the administrative records for Plaintiffs' Claims and Appeal.

5    **REQUEST FOR PRODUCTION NO. 25:**

6        **All Documents in their unredacted form attached to Plaintiffs' Claim Denials in**

7    **Appendix A.**

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

9        Defendants object to this Request to the extent it seeks documents protected from disclosure

10   by the attorney-client privilege and/or work product doctrine. Plaintiffs are not entitled to take

11   discovery on attorney-client privileged materials because the Plan is a "top hat" plan, which is

12   exempt from ERISA's fiduciary responsibility provisions and, in turn, the fiduciary exception to

13   the attorney-client privilege. *See, e.g., Kramer v. Am. Elec. Power Exec. Severance Plan*, 2023

14   WL 2925117, at *2, 7 (S.D. Ohio Apr. 13, 2023) (because the plan was an ERISA top hat plan,

15   "the fiduciary exception to attorney-client privilege does not apply"); *Tolbert v. RBC Cap. Mkts.*

16   *Corp.*, 2012 WL 1067629, at *5 (S.D. Tex. Mar. 28, 2012) ("[T]he WAP is a top hat ERISA plan.

17   Thus, the fiduciary exception does not apply.").

18       Subject to and without waiving their General and Specific Objections above, and pursuant

19   to the parties' agreement, Defendants will produce the completely privileged documents previously

20   withheld and the partially privileged documents without redactions for privilege that were identified

21   on the privilege log provided to Plaintiffs on or around July 20, 2023 (collectively, the "Privileged

22   Appendix A Documents"). Plaintiffs have agreed (a) they will not argue in this litigation or in any

23   other proceeding that Defendants' production of the Privileged Appendix A Documents effects any

24   waiver of privilege beyond the particular Privileged Appendix A Documents themselves for use in

25   this litigation only, and (b) that any Privileged Appendix A Documents filed with the Court will be

26   filed under seal and Plaintiffs will not contest the continued sealing of those documents.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

**REQUEST FOR PRODUCTION NO. 26:**

All Documents in their unredacted form attached to Plaintiffs' Appeal Denial in Appendix B.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Plaintiffs are not entitled to take discovery on attorney-client privileged materials because the Plan is a "top hat" plan, which is exempt from ERISA's fiduciary responsibility provisions and, in turn, the fiduciary exception to the attorney-client privilege. *See, e.g., Kramer v. Am. Elec. Power Exec. Severance Plan*, 2023 WL 2925117, at *2, 7 (S.D. Ohio Apr. 13, 2023) (because the plan was an ERISA top hat plan, "the fiduciary exception to attorney-client privilege does not apply"); *Tolbert v. RBC Cap. Mkts. Corp.*, 2012 WL 1067629, at *5 (S.D. Tex. Mar. 28, 2012) ("[T]he WAP is a top hat ERISA plan. Thus, the fiduciary exception does not apply.").

Subject to and without waiving their General and Specific Objections above, and pursuant to the parties' agreement, Defendants will produce the completely privileged documents previously withheld and the partially privileged documents without redaction for privilege that were identified on the privilege log provided to Plaintiffs on or around February 28, 2024 (collectively, the "Privileged Appendix B Documents"). Plaintiffs have agreed (a) they will not argue in this litigation or in any other proceeding that Defendants' production of the Privileged Appendix B Documents effects any waiver of privilege beyond the particular Privileged Appendix B Documents themselves for use in this litigation only and (b) that any Privileged Appendix B Documents filed with the Court will be filed under seal and Plaintiffs will not contest the continued sealing of those documents.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications relating to the decision of the Compensation Committee of the Twitter Board of Directors in or around May 2022 to add participants to the 2014 Plan, the 2017 Plan, or any other plan.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

2         Defendants object to this Request as duplicative of Request Nos. 14 and 24. Defendants

3 further object to this Request on the grounds that it is overbroad, unduly burdensome,

4 disproportionate to the needs of this case, and seeks documents that are not relevant to any party's

5 claims or defenses to the extent it seeks documents that are not related to the Plan and documents

6 beyond the administrative record. Defendants further object to this Request on the grounds that it

7 is vague and ambiguous in its use of the phrase "any other plan."

8         Subject to and without waiving their General and Specific Objections above, Defendants

9 will produce the administrative records for Plaintiffs' Claims and Appeal.

10 **REQUEST FOR PRODUCTION NO. 28:**

11         **All Documents or Communications regarding the formation of the Transactions**

12 **Committee of the Twitter Board of Directors ("Transactions Committee") in or around April**

13 **2022.**

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

15         Defendants object to this Request on the grounds that it is vague and ambiguous in its use

16 of the phrase "regarding the formation of." Defendants further object to this Request on the grounds

17 that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks

18 documents that are not relevant to any party's claims or defenses to the extent it seeks documents

19 beyond the administrative record. Defendants further object to this Request to the extent it seeks

20 documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

21         Based on their General and Specific Objections above, Defendants invite Plaintiffs to meet

22 and confer regarding this Request.

23 **REQUEST FOR PRODUCTION NO. 29:**

24         **All Documents or Communications relating to the decisions of the Transactions**

25 **Committee or the Twitter Board of Directors to retain and/or remit payment to counsel to**

26 **represent Twitter in matters related to the acquisition of Twitter by Elon Musk.**

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants object to this Request as duplicative of Request Nos. 14 and 24. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses to the extent it seeks documents beyond the administrative record. Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving their General and Specific Objections above, Defendants will produce the administrative records for Plaintiffs' Claims and Appeal.

**REQUEST FOR PRODUCTION NO. 30:**

**All Documents requested by Plaintiffs pursuant to ERISA Section 104(b)(4), 29 U.S.C. § 1024(b)(4), Including:**

    **a.**     **The latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the 2014 Plan and/or the 2017 Plan is established or operated.**

    **b.**     **All Documents that Identify the fiduciaries of the 2014 Plan and/or the 2017 Plan.**

    **c.**     **Any bylaws or internal procedures regarding the process of claims made by participants of the 2014 Plan and/or the 2017 Plans.**

    **d.**     **Documents relating to any delegation of fiduciary responsibilities in connection with the 2014 Plan and/or the 2017 Plan.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendants object to this Request as duplicative of Request Nos. 16-21. Defendants further object to this Request to the extent it seeks documents in Plaintiffs' possession, custody, or control. As noted in the July 21, 2023, letter to Plaintiffs' counsel with respect to Plaintiffs' request pursuant to ERISA Section 104(b)(4), 29 U.S.C. § 1024(b)(4), "you have received the documents that you contend were not previously produced." To the extent Plaintiffs still contend that Defendants have not provided certain requested documents, Plaintiffs should identify any purported gaps rather than

MORGAN, LEWIS & BOCKIUS LLP ATTORNEYS AT LAW SAN FRANCISCO

1  simply requesting here the very same list of documents to which Defendants have already
2  responded in full.

3       Subject to and without waiving their General and Specific Objections above, Defendants
4  direct Plaintiffs to the documents that will be produced in response to Request Nos. 16-21 and to
5  the administrative record documents that will be produced in response to Request No. 14.

6  **REQUEST FOR PRODUCTION NO. 31:**

7       **All Documents produced by any Defendant, and all deposition and arbitration**
8  **testimony, in connection with the proceedings in *X Corp. v. Wachtell, Lipton, Rosen & Katz*,**
9  **No. CGC-23-607461 (Cal. Super. Ct., S.F. Cty.), Including arbitration proceedings for JAMS**
10 **Arbitration Ref. No 5100001599, from July 5, 2023 to the Present.**

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

12      Defendants object to this Request on the grounds that it is overbroad, unduly burdensome,
13 disproportionate to the needs of this case, and seeks documents that are not relevant to any party's
14 claims or defenses. Defendants further object to this Request to the extent it seeks documents
15 governed by a confidentiality order. Defendants further object to this Request to the extent it
16 infringes on the privacy, confidentiality, or proprietary interests of third parties who are not parties
17 to this lawsuit.

18      Based on their General and Specific Objections above, Defendants do not intend to produce
19 any documents in response to this Request.

20 **REQUEST FOR PRODUCTION NO. 32:**

21      **All Documents and Communications Defendants intend to rely on in support of any**
22 **affirmative defense.**

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

24      Subject to and without waiving their General Objections above, Defendants' investigation
25 into this matter is continuing.  Defendants refer Plaintiffs to the documents that will be produced
26 in response to the Requests above. Defendants will conduct a reasonable search for, and produce
27 on a rolling basis, any additional non-privileged, responsive documents.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

**REQUEST FOR PRODUCTION NO. 33:**

**All Documents and Communications that any Defendant references in, or relies upon in preparing responses to, any interrogatory served by Plaintiffs on any Defendant in this action.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of this case, and seeks documents that are not relevant to the parties' claims or defenses because it seeks "[a]ll Documents" that were "relie[d] upon" in preparing responses to Plaintiffs' interrogatories, whether or not those documents were actually used in preparing the responses or have any bearing on the claims or defenses at issue in this case. Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving their General and Specific Objections above, Defendants will produce on a rolling basis the documents referenced in Defendant X Corp.'s responses to Plaintiffs' interrogatories.

**REQUEST FOR PRODUCTION NO. 34:**

**All Documents identified in Your Initial Disclosures made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants object to this Request to the extent it calls for information containing attorney mental impressions or otherwise covered by the work product doctrine or any other applicable privilege.

Subject to and without waiving their General and Specific Objections above, Defendants will produce, on a rolling basis, the documents identified in their Initial Disclosures. Defendants' investigation of this case is ongoing, and Defendants reserve the right to supplement their Rule 26(a)(1) disclosures and response to this Request as necessary.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

30
DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

1    Dated:  December 9, 2024

2                                                    /s/ Christopher Boran
                                                    Eric Meckley
3                                                    Jeremy Blumenfeld (admitted *pro hac vice*)
                                                    Christopher Boran (admitted *pro hac vice*)
4                                                    Abbey Glenn
                                                    Brian Sullivan (admitted *pro hac vice*)
5                                                    Dylan Rudolph

6                                                    *Attorneys for Defendants*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC

1

## <u>CERTIFICATE OF SERVICE</u>

2          I certify that on December 9, 2024, a copy of the foregoing was served via electronic mail

3    on the following counsel for Plaintiffs:

4

5          Sheila A.G. Armbrust
           David L. Anderson
6          Nicole M. Ryan
           Sarah E. Gallo
7          Chaddy Georges
           Sidley Austin LLP
8          555 California Street, Suite 2000
           San Francisco, CA 94104
9          sarmbrust@sidley.com
           dlanderson@sidley.com
10         nicole.ryan@sidley.com
           sgallo@sidley.com
11         cgeorges@sidley.com

12         Mark B. Blocker
           Caroline A. Wong
13         Sidley Austin LLP
           One South Dearborn Street
14         Chicago, IL 60603
           mblocker@sidley.com
15         caroline.wong@sidley.com

16

17

18                                                    _/s/ Abbey M. Glenn_
                                                      Abbey M. Glenn
19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS; CASE NO. 3:24-CV-01304-MMC