# Exhibit D

MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000

Jeremy P. Blumenfeld (admitted *pro hac vice*)
jeremy.blumenfeld@morganlewis.com
Brian W. Sullivan (admitted *pro hac vice*)
brian.sullivan@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5000

MORGAN, LEWIS & BOCKIUS LLP
Christopher J. Boran (admitted *pro hac vice*)
christopher.boran@morganlewis.com
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Tel: +1.312.324.1000

Abbey M. Glenn (Bar No. 267751)
abbey.glenn@morganlewis.com
1111 Pennsylvania Ave, NW
Washington, DC 20004-2541
Tel: +1.202.739.3000

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT,<br><br>Plaintiffs,<br><br>v.<br><br>ELON MUSK; X CORP., f/k/a TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA,<br><br>Defendants. | Case No. 3:24-cv-01304-MMC<br><br>**DEFENDANT X CORP.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br>Judge: Hon. Maxine M. Chesney |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant X Corp. ("X Corp." or "Defendant"), hereby objects and responds to the First Set of Interrogatories ("Interrogatories") propounded by Plaintiffs Parag Agrawal, Ned Segal, Vijaya Gadde and Sean Edgett ("Plaintiffs") in this matter. Defendant reserves the right to supplement or amend these objections and responses

as necessary in accordance with the Federal Rules of Civil Procedure and any Local Rules and orders of this Court.

## **GENERAL OBJECTIONS TO ALL INTERROGATORIES**

In addition to the objections set forth below, Defendant makes the following objections applicable to each of the Interrogatories. These objections form a part of the responses to each Interrogatory and are set forth here to avoid the duplication and repetition involved in restating them for each response.

1. Defendant objects to the Interrogatories to the extent they seek to impose obligations that are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Defendant will respond to the Interrogatories within the scope of these rules. Defendant objects to the Interrogatories to the extent they seek information not relevant to any party's claims or defenses in this matter and/or to the extent they are overly broad and unduly burdensome considering the limits on relevance and proportionality imposed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1).

2. Defendant objects to the Interrogatories to the extent they seek information subject to the attorney-client privilege, the common-interest privilege, and/or the work-product doctrine.

3. Defendant objects to the Interrogatories to the extent they infringe on the privacy, confidentiality, or proprietary interests of third parties who are not parties to this lawsuit.

4. Defendant objects to the Interrogatories to the extent they seek information that already is in Plaintiffs' possession, custody, or control, or that is equally available to Plaintiffs.

5. Defendant objects to the Interrogatories to the extent they seek discovery of information that belongs solely to third parties and/or is not within Defendant's possession, custody, or control.

6. Defendant objects to the Interrogatories to the extent they ask for or are based on legal conclusions or an inappropriate characterization of the facts.

7. Defendant objects to Plaintiffs' Definitions and Instructions to the extent they impose and/or purport to impose burdens beyond those set forth in the Federal Rules of Civil Procedure and/or the Local Rules and orders of the Court.

8.      Defendant objects to Plaintiffs' definition of "Committee" in Definition No. 2. Contrary to Plaintiffs' definition, the Twitter Severance Administration Committee ("Committee") had responsibility for determining appeals under the Twitter, Inc. Change of Control and Involuntary Termination Protection Policy (as amended and restated effective August 8, 2014) and the Twitter, Inc. Change of Control Severance and Involuntary Termination Protection Policy (as amended and restated effective February 22, 2017), which Plaintiffs define in their Interrogatories as the 2014 Plan and 2017 Plan, respectively. Indeed, Plaintiffs submitted a consolidated appeal to the Committee for determination under the 2014 Plan and 2017 Plan. In denying Plaintiffs' consolidated appeal, the Committee defined the 2014 Plan and 2017 Plan collectively as the "Plan." Defendant thus construes the Interrogatories accordingly and uses the term "Plan" herein in the same manner as the Committee.

9.      Defendant objects to Plaintiffs' definition of "Communications" in Definition No. 3 as overbroad, unduly burdensome, seeking information that is irrelevant to the parties' claims or defenses, disproportionate to the needs of the case, and unwarranted under Rule 34, as this definition imposes obligations that are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

10.     Defendant objects to Plaintiffs' definition of "Identify" in Definition No. 9 as overbroad, unduly burdensome, seeking information that is irrelevant to the parties' claims or defenses, disproportionate to the needs of the case, and unwarranted under Rule 34, as this definition imposes obligations that are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

11.     Defendant objects to Plaintiffs' definition of the "Relevant Time Period" as overbroad, unduly burdensome, seeking information that is irrelevant to the parties' claims or defenses, and disproportionate to the needs of the case. Plaintiffs do not raise any allegations prior to 2022. *See*, *e.g.*, Compl. ¶ 43 ("Starting on January 31, 2022, Musk began purchasing Twitter stock."). Nor do Plaintiffs assert any allegations post-dating the final determination of Plaintiffs' appeal under the Plan, dated January 12, 2024. Accordingly, in responding to these Interrogatories,

Defendant construes the Relevant Time Period as January 31, 2022 – January 12, 2024, unless stated otherwise.

12. Defendant responds to these Interrogatories based upon information presently available to it that Defendant has been able to identify through reasonable efforts. In so doing, Defendant reserves and does not waive the right to present or rely upon subsequently developed legal theories or additional information later discovered, obtained, or inadvertently omitted at this time. Defendant's investigation into this matter is continuing, and Defendant expressly reserves the right to supplement and/or amend its objections and responses to Plaintiffs' Interrogatories as may be appropriate in accordance with the Federal Rules of Civil Procedure or the Local Rules or orders of this Court, and to use such information in any hearing or proceeding.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

**IDENTIFY all steps taken by Defendants from October 27, 2022 up to and Including the date of your response to preserve Documents related to the facts and allegations described in the Complaint.**

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and disproportional to the needs of the case. Defendant further objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as seeking what is commonly referred to as "discovery on discovery," which is disfavored. To be relevant and proportional to the needs of the case, a party seeking "discovery on discovery" "must show a specific deficiency in the other party's production." *Uschold v. Carriage Services, Inc.*, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019) (collecting cases). Plaintiffs have not identified any "specific deficiency" in Defendant's production, nor could they given that discovery recently commenced, and Defendant has not yet produced any documents in response to Plaintiffs' Requests for Production, which were served contemporaneously with these Interrogatories. Moreover, the Northern District of

1  California's ESI Guidelines require parties to meet and confer only after "a dispute concerning the
2  scope of a party's preservation efforts . . . [to] fully discuss the reasonableness and proportionality
3  of the preservation." N.D. Cal. Guidelines for the Discovery of Electronically Stored Information
4  2.01(d). Based on these objections, Defendant will not respond further to Interrogatory No. 1 at this
5  time.

**INTERROGATORY NO. 2:**

**IDENTIFY any and all individuals, Including consultants, advisors, or attorneys, who were involved in the decision to terminate any Plaintiff's employment from Twitter, Including those individuals' names, job titles, and roles in the decision-making process during the Relevant Time Period. For each individual named, IDENTIFY any personal or professional relationship to Elon Musk, Including any relationship to any company owned wholly or in part by Elon Musk. IDENTIFY for purposes of this Interrogatory means to provide the name of the individual, dates of the relationship with Elon Musk, and description of the relationship with Elon Musk.**

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claims or defenses to the extent it seeks "any and all individuals, including consultants, advisors, or attorneys, who were involved in the decision to terminate any Plaintiff's employment from Twitter." Defendant further objects to this Interrogatory as vague and ambiguous in its use of the phrase "involved in the decision." Defendant further objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the General and Specific Objections above, Defendant states that Elon Musk was the decisionmaker with respect to the decision to terminate Plaintiffs' employment at Twitter.

**INTERROGATORY NO. 3:**

**IDENTIFY any and all individuals, Including consultants, advisors, or attorneys, who were involved in the review and/or denial of any Plaintiff's claims for benefits under the 2014**

**Plan or 2017 Plan, Including those individuals' names, job titles, and roles in the review and/or denial of those claims for benefits during the Relevant Time Period. For each individual named, IDENTIFY any personal or professional relationship to Elon Musk, Including any relationship to any company owned wholly or in part by Elon Musk. IDENTIFY for purposes of this Interrogatory means to provide the name of the individual, dates of the relationship with Elon Musk, and description of the relationship with Elon Musk.**

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claims or defenses to the extent it seeks "all individuals, including consultants, advisors, or attorneys," regardless of whether those individuals had decision-making authority with respect to Plaintiffs' Claims or Appeal. Defendant further objects to this Interrogatory as vague and ambiguous in its use of the phrases "involved in the review and/or denial" and "any personal or professional relationship to Elon Musk." Defendant further objects to this Interrogatory on the ground that it seeks information that already is in Plaintiffs' possession, custody, or control. Defendant further objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the General and Specific Objections above, Defendant states that Lindsay Chapman, Senior Director of Human Resources, Space Exploration Technologies Corp. ("SpaceX"), served as Plan Administrator with responsibility for deciding each of Plaintiffs' claims. The Committee, which was responsible for determining Plaintiffs' joint appeal of the denial of their claims for benefits under the Plan, was comprised of:

- Dhruv Batura, Senior Director of Finance, X Corp., employed with X Corp. since March 2023; Mr. Batura was previously employed with Tesla from 2013 until March 2023.
- Brian Bjelde, VP, Human Resources, SpaceX, employed with SpaceX since 2003.
- Lindsay Chapman, Senior Director of Human Resources, SpaceX, employed with SpaceX since 2015.

None of these individuals has a personal or professional relationship with Mr. Musk beyond their employment with companies of which Mr. Musk is whole or part-owner.

**INTERROGATORY NO. 4:**

**IDENTIFY any and all individuals who were granted access to the headquarters of Twitter, received a Twitter or X Corp. email address, or received Twitter server credentials at any time between October 25, 2022 and December 31, 2022 who were concurrently employees of Tesla; X Corp.; The Boring Company; Excession, LLC; Neuralink Corp.; Space Exploration Technologies Corp. ("SpaceX"); X.AI Corp.; or any other company founded and/or operated by Elon Musk.**

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claims or defenses insofar as it seeks the identity of "any and all individuals" regardless of whether those individuals had any involvement in Plaintiffs' termination or the determination of Plaintiffs' claims or appeal under the Plan. Defendant further objects to this Interrogatory as vague and ambiguous in its use of the phrases "granted access to the headquarters of Twitter," "received Twitter server credentials," and "any other company founded and/or operated by Elon Musk." Based on these objections, Defendant will not respond further to Interrogatory No. 4 at this time.

**INTERROGATORY NO. 5:**

**IDENTIFY any and all individuals who served as fiduciaries to the 2014 Plan and/or 2017 Plan from January 1, 2022 up to and Including the date of your response.**

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this Interrogatory as temporally overbroad to the extent it seeks information pre-dating Plaintiffs' claims for benefits and post-dating the determination of Plaintiffs' joint appeal. Defendant further objects to this Interrogatory because it calls for a legal conclusion as to the definition of "fiduciaries."

Subject to and without waiving the General and Specific Objections above, Defendant states that there are no fiduciaries to the Plan. The Plan is a "top hat" plan which, as a matter of law, is

1  exempt from the fiduciary requirements imposed by the Employee Retirement Income Security
2  Act. *E.g.*, *Duggan v. Hobbs*, 99 F.3d 307, 310 (9th Cir. 1996).

3  **INTERROGATORY NO. 6:**

4  IDENTIFY any and all Persons who provided professional services to the 2014 Plan
5  and/or 2017 Plan during the Relevant Time Period.

6  **RESPONSE TO INTERROGATORY NO. 6:**

7  Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly
8  burdensome, and seeks information that is not relevant to any party's claims or defenses to the
9  extent it seeks "all Persons who provide professional services" to the Plan, regardless of whether
10 those individuals had decision-making authority under the Plan. Defendant further objects to this
11 Interrogatory as vague and ambiguous in its use of the phrase "provided professional services."
12 Defendant further objects to this Interrogatory as temporally overbroad to the extent it seeks
13 information pre-dating Plaintiffs' claims for benefits and post-dating the determination of
14 Plaintiffs' joint appeal. Based on these objections, Defendant will not respond further to
15 Interrogatory No. 6 at this time.

16 **INTERROGATORY NO. 7:**

17 IDENTIFY any individuals who were granted benefits under the 2014 Plan or the 2017
18 Plan during the Relevant Time Period.

19 **RESPONSE TO INTERROGATORY NO. 7:**

20 Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly
21 burdensome, seeks information that is irrelevant to the parties' claims or defenses, and is
22 disproportionate to the needs of this case because it seeks identification of every individual that has
23 been granted benefits under the Plan, regardless of whether the decision was made by the Plan
24 Administrator Lindsay Chapman or the Committee. Defendant further objects to this Interrogatory
25 as temporally overbroad to the extent it seeks information pre-dating the merger of Twitter with
26 entities associated with Elon Musk. Defendant further objects to this Interrogatory to the extent it
27 infringes on the privacy, confidentiality, or proprietary interests of third parties who are not parties
28 to this lawsuit.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANT X CORP.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES

Subject to and without waiving the General and Specific Objections above, Defendant states that, based on its fact investigation to date, no claim for benefits under the Plan has been granted since entities associated with Elon Musk purchased Twitter on October 27, 2022.

**INTERROGATORY NO. 8:**

**IDENTIFY any individuals who were denied benefits under the 2014 Plan or 2017 Plan from October 27, 2022 up to and Including the date of your response based on a purported "for cause" termination, the grounds for denial identified by the relevant plan administrator, and the conclusions of any committee relating to those individuals' claims for benefits.**

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the parties' claims or defenses, and is disproportionate to the needs of this case because it seeks identification of every individual that has been denied benefits under the Plan, regardless of whether the decision was made by the Plan Administrator Lindsay Chapman or the Committee. Defendant further objects to this Interrogatory to the extent it infringes on the privacy, confidentiality, or proprietary interests of third parties who are not parties to this lawsuit.

Subject to and without waiving the General and Specific Objections above, Defendant states that, based on its fact investigation to date, since the entities associated with Elon Musk purchased Twitter on October 27, 2022, ten claims for benefits under the Plan have been denied because it was determined that the claimants were terminated for cause.

**INTERROGATORY NO. 9:**

**IDENTIFY the hours billed, number of timekeepers, and total costs billed for each month from April through October 2022, inclusive, for services rendered to Elon Musk and/or X Corp. by outside law firms, Including Skadden, Arps, Slate, Meagher & Flom and Quinn, Emanuel, Urquhart & Sullivan, related to the merger and acquisition of Twitter by X Corp.**

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the parties' claims or defenses, and is disproportionate to the needs of this case. The legal expenses incurred by the buyers in connection with the merger and acquisition of Twitter are entirely irrelevant to Plaintiffs' claims. Defendant further objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory on the grounds that it seeks documents beyond the scope of the administrative record. Plaintiffs' claim for benefits pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), is subject to abuse of discretion review and limited in scope to the administrative record. Pursuant to 29 C.F.R. § 2560.503-1(h)(2)(iii), a claimant appealing an adverse benefit determination is entitled to copies of "all documents, records, and other information relevant to the claimant's claim for benefits." Under Department of Labor regulations, "relevant" means those documents submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination. 29 C.F.R. Section 2560.503-1(m)(8). The administrative record, which was previously produced to Plaintiffs during the administrative process, encompasses all "relevant" documents and communications with respect to "Plaintiffs' claims or claim appeal." Based on these objections, Defendant will not respond further to Interrogatory No. 9 at this time.

**INTERROGATORY NO. 10:**

**IDENTIFY all litigation, arbitration, and/or other disputes to which any Defendant is a party Concerning any denials of benefits under the 2014 Plan and/or the 2017 Plan.**

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the parties' claims or defenses, and is disproportionate to the needs of this case to the extent it seeks information concerning "litigation, arbitration, and/or other disputes" filed by claimants *other* than Plaintiffs.

Subject to and without waiving the General and Specific Objections above, Defendant states that, in addition to this lawsuit, the following lawsuits have been filed asserting claims for benefits under the Plan:

- *Caldwell v. Musk, et al.*, No. 3:24-cv-02022-MMC (N.D. Cal. Apr. 3, 2024).
- *Kaiden v. Musk, et al.*, No. 3:24-cv-03554-MMC (N.D. Cal. June 12, 2024).
- *Personette, et al. v. Musk, et al.*, No. 3:24-cv-06266-JSC (N.D. Cal. Sept. 5, 2024).
- *Berland v. Musk, et al.*, No. 3:24-cv-07589-JSC (N.D. Cal. Nov. 1, 2024).

Dated:  December 9, 2024

Signed as to objections,

/s/ *Christopher Boran*
Eric Meckley
Jeremy Blumenfeld (admitted *pro hac vice*)
Christopher Boran (admitted *pro hac vice*)
Abbey Glenn
Brian Sullivan (admitted *pro hac vice*)
Dylan Rudolph

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that on December 9, 2024, a copy of the foregoing was served via electronic mail on the following counsel for Plaintiffs:

Sheila A.G. Armbrust
David L. Anderson
Nicole M. Ryan
Sarah E. Gallo
Chaddy Georges
Sidley Austin LLP
555 California Street, Suite 2000
San Francisco, CA 94104
sarmbrust@sidley.com
dlanderson@sidley.com
nicole.ryan@sidley.com
sgallo@sidley.com
cgeorges@sidley.com

Mark B. Blocker
Caroline A. Wong
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
mblocker@sidley.com
caroline.wong@sidley.com

                                                */s/ Abbey M. Glenn*
                                                Abbey M. Glenn

## VERIFICATION

I, Lindsay Chapman, sign the foregoing Defendant X Corp.'s Objections and Responses to Plaintiffs' First Set of Interrogatories. I am familiar with its contents. I hereby verify that the factual information contained in the foregoing responses, whether known to me personally, supplied to me by others on whom I have relied, or based on a review of Defendant's business records, is true and accurate to the best of my knowledge, information, and belief.

Dated: December 9, 2024

*DocuSigned by:*
*Lindsay Chapman*
ABA81A76D57F4D1...

Lindsay Chapman