# Exhibit J

|   |   |
|---|---|
| ARBITRATION BEFORE JAMS | |
| X CORP., | JAMS Ref. No. 5100001599 |
| Claimant and Counterclaim Respondent, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| vs. | |
| WACHTELL, LIPTON, ROSEN & KATZ, | |
| Respondent and Counterclaimant. | |

Pursuant to JAMS Rules 16.2, 17, and 26(b), and to facilitate the exchange of information in pre-hearing discovery, as well as the presentation of evidence at the Arbitration Hearing, X Corp. and Wachtell, Lipton, Rosen & Katz agree as follows:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than resolving this arbitration may be warranted. Accordingly, X Corp. and Wachtell, Lipton, Rosen & Katz hereby stipulate to and petition the arbitrator to enter the following Stipulated Protective Order.

2. DEFINITIONS

2.1. Challenging Party: a Party that challenges the designation of information or items under this Stipulated Protective Order.

2.2. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things, so designated pursuant to Paragraph 5.1 of this Stipulated Protective Order.

2.3. Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4. Designating Party: a Party that designates information or items that it produces in disclosures or responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.5. Disclosure or Discovery Material: all items or information, regardless of the

1

medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this arbitration.

2.6. Expert: a person with specialized knowledge or experience in a matter pertinent to the arbitration who has been retained by a Party or its counsel to serve as an expert witness or consultant in this action.

2.7. "HIGHLY CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things, so designated pursuant to Paragraph 5.1 of this Stipulated Protective Order. The Party designating information as "HIGHLY CONFIDENTIAL" shall make such a designation only as to that information that it maintains in good faith is highly sensitive, highly confidential, proprietary, or trade secret information, and that disclosure to a Party would create a substantial risk of harm.

2.8. House Counsel: attorneys who are employees of a party to this arbitration. House Counsel does not include Outside Counsel of Record or any other outside counsel. House Counsel does not include Wachtell, Lipton, Rosen & Katz's partners or associates, other than partners who are acting in a capacity as the law firm's in-house counsel in connection with this arbitration.

2.9. Outside Counsel of Record: attorneys who are not employees or partners of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10. Party: any party to this arbitration, either Claimant X Corp. or Respondent Wachtell, Lipton, Rosen & Katz.

2.11. Producing Party: a Party that produces Disclosure or Discovery Material in this arbitration.

2.12. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and

subcontractors.

2.13. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.14. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party or an individual who is permitted to receive Disclosure or Discovery Material under Paragraphs 7.2 and/or 7.3 below subject to their execution of the "Acknowledgment and Agreement to Be Bound" set forth in Exhibit A.

3. <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material, as defined above, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain at the time of disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order or the confidentiality provision of the arbitration agreement; and (b) any information known to the Receiving Party or its Experts prior to the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality or non-disclosures to the Disclosing Party. This Stipulated Protective Order applies to discovery and to documents and testimony offered at the arbitration hearing. The Parties may enter into separate agreements or orders further governing the use of Protected Material at the arbitration hearing. This Stipulated Protective Order is separate and apart from the arbitration agreement's requirements on confidentiality, the scope of which the parties currently dispute.

4. <u>DURATION</u>

Even after final disposition of this arbitration, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court or arbitrator otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of

1  all claims, counterclaims and defenses in this action, with or without prejudice; and (2) final
2  award herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or
3  reviews of this action (including a petition to confirm or vacate the award), including the time
4  limits for filing any motions or applications for extension of time pursuant to applicable law.

5  5. DESIGNATING PROTECTED MATERIAL

6      5.1.    Except as otherwise provided in this Stipulated Protective Order, or as otherwise
7  stipulated or ordered, Disclosure or Discovery Material may be designated before the material is
8  disclosed or produced.

9      Designation to obtain the confidentiality protections in conformity with this Stipulated
10  Protective Order requires:

11      (a) For information in documentary form (e.g., paper or electronic documents, but
12  excluding transcripts of depositions or other pre-hearing proceedings), that the Producing Party
13  affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Designations may be
14  applied on a document-by-document basis. The bulk or mass-designation of documents as
15  "HIGHLY CONFIDENTIAL" is not permitted. Any previously-produced documents affixed
16  with interim confidentiality designations will be deemed "CONFIDENTIAL" under this
17  Stipulated Protective Order unless the Producing Party designates those documents as "HIGHLY
18  CONFIDENTIAL" within seven (7) days following entry of this Stipulated Protective Order.

19      (b) For testimony given in deposition, hearings or other proceedings in this arbitration,
20  such testimony shall automatically be considered Protected Material for a period of thirty (30)
21  calendar days following the delivery of the transcript of such deposition, hearing, or other
22  proceeding. A Party may designate some or all of the testimony as Protected Materials by
23  identifying on the record before the close of the deposition, hearing, or other proceeding, all
24  testimony that is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or by providing written
25  notice to all Parties within thirty (30) calendar days of receipt of the transcript of such deposition,
26  hearing, or other proceeding, designating some or all of the testimony as "CONFIDENTIAL" or
27  "HIGHLY CONFIDENTIAL." The use of a document as an exhibit at a deposition shall not in
28  any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Nothing

4

STIPULATION AND [P~~ROPOSED~~] PROTECTIVE ORDER

in this Paragraph 5.1 shall limit a Party's right to attend a deposition, hearing or other proceeding in this arbitration, except that a Designating Party may exclude a representative of a Party who does not otherwise qualify as an authorized recipient under Paragraph 7.3 below from attendance at a deposition during the discussion of materials designated as "HIGHLY CONFIDENTIAL."

5.2. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  Upon timely correction of a destination, the Receiving Party must make reasonable efforts to assure that Protected Material is treated in accordance with the provisions of this Stipulated Protective Order.

5.3. <u>No Waiver</u>.  This Stipulated Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party in this arbitration, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or any other privileges, or any Party's right to contest any such assertion.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1. Any Party may challenge the heightened designation of documents as "HIGHLY CONFIDENTIAL" rather than "CONFIDENTIAL" at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the arbitration, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) calendar days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the

5

confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. In advance of conferring, the Designating Party shall respond in writing to the Challenging Party's written notice and explain the basis for its belief that the heightened confidentiality designation was proper. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. Where time is of the essence through no fault of a Challenging Party, the Challenging Party may seek arbitral intervention without completing this process.

  6.3. <u>Arbitrator Intervention</u>. If the Parties cannot resolve a challenge without arbitral intervention, either the Challenging Party or the Designating Party may submit a written challenge with the arbitrator, no earlier than twenty-one (21) calendar days after the initial notice of challenge, including a challenge to the designation of a deposition transcript or any portions thereof. Any challenge brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. Where time is of the essence through no fault of the Challenging Party, the Challenging Party may request a conference with the arbitrator in lieu of submitting the written challenge.

  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous designations or challenges made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party or Challenging Party to sanctions or an award of attorneys' fees to the prevailing party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the arbitrator rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

  7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or

attempting to settle this arbitration (collectively the "Permitted Uses"). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the arbitration has been terminated, a Receiving Party must comply with the provisions of Paragraph 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the arbitrator or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Permitted Uses;

(b) the officers, directors, partners, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Permitted Uses and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for the Permitted Uses and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the arbitrator and JAMS personnel;

(e) court reporters and their staff, professional litigation consultants, and Professional Vendors to whom disclosure is reasonably necessary for the Permitted Uses;

(f) during or in preparing for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(g) during or in preparing for their testimony at the Arbitration Hearing, party-controlled witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(h) during or in preparing for their testimony at the Arbitration Hearing, non-party, non-expert witnesses in the action who were the author or recipient of the document containing the information or a custodian or other person who otherwise possessed the document containing the information, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), subject to the additional limitation that the witness may only be shown such "CONFIDENTIAL" information or items during or in preparing for their testimony at the Arbitration Hearing, and may not retain physical copies or receive electronic versions of those materials, regardless of file format and including, without limitation, screen captures or photographs of displayed documents.

7.3. <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the arbitrator or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Permitted Uses;

(b) House Counsel of the Receiving Party to whom disclosure is reasonably necessary for the Permitted Uses and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for the Permitted Uses and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the arbitrator and JAMS personnel;

(e) court reporters and their staff, professional litigation consultants, and Professional Vendors to whom disclosure is reasonably necessary for the Permitted Uses;

(f) during or in preparing for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be

1  disclosed to anyone except as permitted under this Stipulated Protective Order.

2  (g) during or in preparing for their testimony at the Arbitration Hearing, party-
3  controlled witnesses in the action to whom disclosure is reasonably necessary and who have
4  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

5  (h) during or in preparing for their testimony at the Arbitration Hearing, non-party,
6  non-expert witnesses in the action who were the author or recipient of the document containing
7  the information or a custodian or other person who otherwise possessed the document containing
8  the information, and who have signed the "Acknowledgment and Agreement to Be Bound"
9  (Exhibit A), subject to the additional limitation that the witness may only be shown such
10 "HIGHLY CONFIDENTIAL" information or items during or in preparing for their testimony at
11 the Arbitration Hearing, and may not retain physical copies or receive electronic versions of those
12 materials, regardless of file format and including, without limitation, screen captures or
13 photographs of displayed documents.

14 8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN ANOTHER
15     ACTION

16 If a Party is served with a subpoena or a court order issued in other litigation that compels
17 disclosure of any information or items designated in this action as "CONFIDENTIAL" or
18 "HIGHLY CONFIDENTIAL," that Party must:

19 (a) promptly notify in writing the Designating Party. Such notification shall include a
20 copy of the subpoena or court order;

21 (b) promptly notify in writing the party who caused the subpoena or order to issue in
22 the other litigation that some or all of the material covered by the subpoena or order is subject to
23 this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;
24 and

25 (c) cooperate with respect to all reasonable procedures sought to be pursued by the
26 Designating Party whose Protected Material may be affected.

27 If the Designating Party timely seeks a protective order, the Party served with the subpoena
28 or court order shall not produce any information designated in this action as "CONFIDENTIAL" or

9

STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] PROTECTIVE ORDER

1  "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or
2  order issued, unless the Party has obtained the Designating Party's permission.  The Designating
3  Party shall bear the burden and expense of seeking protection in that court of its confidential
4  material—and nothing in these provisions should be construed as authorizing or encouraging a
5  Receiving Party in this action to disobey a lawful directive from another court.
6  9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>
7          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
8  Material to any person or in any circumstance not authorized under this Stipulated Protective
9  Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the
10 unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the
11 Protected Material, (c) inform the person or persons to whom unauthorized disclosures were
12 made of all the terms of this Order, and (d) request such person or persons to execute the
13 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.
14 10. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>
15     <u>MATERIAL</u>
16         When a Producing Party gives notice to any Receiving Party that certain inadvertently
17 produced material is subject to a claim of privilege or other protection, the Receiving Party must
18 promptly return, sequester, or destroy the specified information and any copies it has; must not
19 use or disclose the information until the claim is resolved; and must take reasonable steps to
20 retrieve the information if the Party disclosed it before being notified, including disclosure as
21 provided for in Paragraph 7 of this Stipulated Protective Order.  At the time it provides notice, the
22 Producing Party must also provide a log describing the materials subject to the claim of privilege.
23 If the Receiving Party believes that the materials are not privileged, the Receiving Party shall
24 notify the Producing Party within fourteen (14) calendar days of receipt of the notice, and shall
25 set forth the grounds upon which the Receiving Party's position rests.  If the parties are unable to
26 resolve the dispute within twenty-one (21) calendar days from the date of the original notice,
27 either the Producing Party or Receiving Party can raise the issue with the arbitrator for resolution.
28 The disputed documents or materials are considered privileged or immune from discovery until

the arbitrator orders otherwise. The parties agree that the inadvertent disclosure of a communication or information subject to a claim of privilege or other protection shall not operate as a waiver of any claim of any privilege or protection otherwise applicable.

11. MISCELLANEOUS

11.1. Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the arbitrator in the future.

11.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

12. FINAL DISPOSITION

Within sixty (60) calendar days after the final disposition of this arbitration, as defined in Paragraph 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies that all Protected Material was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, arbitration submissions, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition, arbitration and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

1  13. <u>AUTHORITY OF THE ARBITRATOR TO ENFORCE THE TERMS OF THIS
2      STIPULATED PROTECTIVE ORDER</u>

3      Consistent with JAMS Rule 29, the arbitrator shall have the authority to enforce this
4  Stipulated Protective Order, including sanctions for non-compliance.
5      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 1, 2024                              REID COLLINS & TSAI LLP

                                          By:  <u>/s/ Scott D. Saldaña</u>
                                               William T. Reid, IV
                                               Joshua J. Bruckerhoff
                                               Scott D. Saldaña
                                               Aaron Brown
                                               Julia Di Fiore
                                               Robert Lacroix
                                               1301 S Capital of Texas Hwy
                                               Building C, Suite 300
                                               Austin, Texas 78746
                                               Telephone: 512-647-6100
                                               Email: wreid@reidcollins.com
                                                      jbruckerhoff@reidcollins.com
                                                      ssaldana@reidcollins.com
                                                      abrown@reidcollins.com
                                                      jdifiore@reidcollins.com
                                                      rlacroix@reidcollins.com

                                               Marc Dworsky
                                               920 Camino Viejo
                                               Santa Barbara, CA 93108
                                               Telephone: 626-437-3117
                                               Email: mdworsky@reidcollins.com

                                               Adrian Sawyer
                                               SAWYER & LABAR LLP
                                               1700 Montgomery Street, Suite 108
                                               San Francisco, CA 94111
                                               Telephone: 415-262-3820
                                               Email: sawyer@sawyerlabar.com

                                          Counsel for Claimant X CORP.

MORRISON & FOERSTER LLP

By:   */s/ Jordan Eth*
      Daralyn Durie
      Jordan Eth
      Ragesh K. Tangri
      425 Market Street
      San Francisco, CA 94105-2482
      Telephone: 415-268-7000
      Email: DDurie@mofo.com
             JEth@mofo.com
             RTangri@mofo.com

Counsel for Respondent
  WACHTELL, LIPTON, ROSEN & KATZ

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: April April 1, 2024

*Brian C. Walsh*
Hon. Brian Walsh (Ret.)

13
STIPULATION AND [P~~ROPOSED~~] PROTECTIVE ORDER

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Arbitrator in the arbitration proceedings before JAMS entitled *X Corp. vs. Wachtell, Lipton, Rosen & Katz*, JAMS Reference No. 5100001599.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the Tribunal in the above-referenced arbitration or any court of competent jurisdiction for the purpose of compliance with and enforcement of the Stipulated Protective Order, even if such proceedings occur after the conclusion or close of the above-referenced arbitration.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                            [printed name]

Signature: _____
                        [signature]