| | |
|---|---|
| David L. Anderson (SBN 149604)<br>dlanderson@sidley.com<br>Sheila A.G. Armbrust (SBN 265998)<br>sarmbrust@sidley.com<br>Nicole M. Ryan (SBN 175980)<br>nicole.ryan@sidley.com<br>Sarah E. Gallo (SBN 335544)<br>sgallo@sidley.com<br>Chaddy Georges (SBN 335546)<br>cgeorges@sidley.com<br>SIDLEY AUSTIN LLP<br>555 California Street, Suite 2000<br>San Francisco, CA 94104<br>Telephone: (415) 772-1200 | Caroline Wong (Admitted *pro hac vice*)<br>caroline.wong@sidley.com<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7000 |

*Attorneys for Plaintiffs Parag Agrawal,*
*Ned Segal, Vijaya Gadde, and Sean Edgett*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT,<br><br>Plaintiffs,<br><br>vs.<br><br>ELON MUSK; X CORP., f/k/a TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA,<br><br>Defendants. | Case No. 3:24-cv-01304-MMC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY** |

The Court has read and considered the Motion to Compel Discovery (the "Motion") filed by Plaintiffs Parag Agrawal, Ned Segal, Vijaya Gadde, and Sean Edgett ("Plaintiffs"). The Court has also read and considered Defendants' ("Defendants") response in opposition, and Plaintiffs' reply, as well as all other related filings and argument properly submitted.

The Court hereby **GRANTS** the Motion pursuant to Federal Rules of Civil Procedure 26 and 33. Rule 26 allows discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). This "broad right of discovery" is based on the general principle that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). Under Rule 33, interrogatories may "relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Under the "liberal discovery principles of the Federal Rules," Defendants must "carry a heavy burden" to show why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

For claims under Section 510 of ERISA, the scope of discovery includes documents and information regarding defendants' intent to interfere with plaintiffs' right to benefits. *See Lessard v. Applied Risk Mgmt.*, 307 F.3d 1020, 1024 (9th Cir. 2002). For denial-of-benefits claims under Section 502(a)(1)(B) of ERISA, the scope of discovery includes the administrative record, as well as discovery regarding procedural irregularities and any conflicts of interest in the benefits decision. *See, e.g.*, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 972 (9th Cir. 2006). Plaintiffs demonstrated the relevancy of RFP Nos. 3, 4, 5, 15, 24, and 31 and of Interrogatory No. 4 to their claims. Defendants did not meet their burden of showing why Plaintiffs' motion to compel discovery in response to these requests should be denied.

Therefore, the Court hereby **ORDERS** Defendants to produce documents in response to:

1.   RFP No. 3:  Documents and communications from January 31st, 2022 to October 27, 2022 between Elon Musk and Parag Agrawal, Mimi Alemayehou, Leslie Berland, Dalana Brand, Nick Caldwell, Egon Durban, Sean Edgett, Vijaya Gadde, Robert Kaiden, Omid Kordestani, Martha Lane Fox, Fei-Fei Li, Sarah Personette, Patrick Pichette, David Rosenblatt, Ned Segal, Jay Sullivan, and Bret Taylor that refer to any of the Plaintiffs.

|     |     |     |
| --- | --- | --- |
| 1   | 2.  | RFP No. 4: All Communications to or from Elon Musk from January 31st, 2022 to February 28, 2024 regarding Plaintiffs' job performance at Twitter. |
| 3   | 3.  | RFP No. 5: All Communications to or from Elon Musk from January 31st, 2022 to February 28, 2024 regarding Plaintiffs' terminations from Twitter. |
| 5   | 4.  | RFP No. 15: The agendas, minutes, and materials for each meeting of the Twitter Severance Administration Committee from January 31, 2022 to February 28, 2024. |
| 7   | 5.  | RFP No. 24: All documents and communications concerning any reason Elon Musk has given as cause for Plaintiffs' terminations from Twitter, including but not limited to payment of legal fees, payment of retention bonuses, and management of Twitter's expenses from January 1, 2018 to the present. |
| 11  | 6.  | RFP No. 31: All documents produced by any Defendant, and all deposition and arbitration testimony, in connection with the proceedings in *X Corp. v. Wachtell, Lipton, Rosen & Katz*, No. CGC-23-607461 (Cal. Super. Ct., S.F. Cty.), including arbitration proceedings for JAMS Arbitration Ref. No 5100001599, from July 5, 2023 to the present. |

The Court further **ORDERS** Defendant X Corp. to respond to Plaintiffs' Interrogatory No. 4, by identifying any and all individuals who were granted access to the headquarters of Twitter, received a Twitter or X Corp. email address, or received Twitter server credentials at any time between October 25, 2022 and December 31, 2022 who were concurrently employees of Tesla; X Corp.; The Boring Company; Excession, LLC; Neuralink Corp.; Space Exploration Technologies Corp. ("SpaceX"); X.AI Corp.; or any other company founded and/or operated by Elon Musk.

IT IS SO ORDERED.

Dated: _____, 2025

_____
The Honorable Maxine M. Chesney
Senior United States District Judge