# Exhibit B

## Wong, Caroline A.

| | |
|---|---|
| **From:** | Wong, Caroline A. |
| **Sent:** | Tuesday, April 15, 2025 1:50 PM |
| **To:** | Glenn, Abbey M. |
| **Cc:** | Block, Samuel D.; Boran, Christopher; Rudolph, Dylan; Blumenfeld, Jeremy P.; Meckley, Eric; Sullivan, Brian W.; Carney, Mitchell; Anderson, David; Armbrust, Sheila; Ryan, Nicole; Georges, Chaddy; Trombetta, Lauren F. |
| **Subject:** | RE: Agrawal v. Musk- Revised ESI Search Terms |

Abbey,

Plaintiffs provided their list of ESI sources on February 25th in response to Defendants' request on February 11. Plaintiffs have requested information on Defendants' ESI in correspondence dated January 24, February 5, March 10, March 21, March 26, March 31,  and April 2, as well as during our Zoom meet-and-confer on April 4. By failing to provide this information, Defendants have violated the party's ESI Order by failing "to exchange contemporaneously a list of ESI sources in their possession, custody, or control that may contain relevant information." *See* Dkt. 87.

In addition, Defendants still have not answered our question below, which we re-raised on our April 4 meet-and-confer, about whether Mr. Musk ever generated relevant ESI on his cellphone, such as ESI from Signal, iMessage, WhatsApp, or other non-SMS instant messages.

Please provide a list of Defendants' sources of ESI and an answer to our question whether Mr. Musk ever generated relevant ESI on his cellphone, such as ESI from Signal, iMessage, WhatsApp, or other non-SMS instant messages, by Thursday, April 17, or provide your availability to meet-and-confer by Zoom on these issues.

Best,
Caroline


**CAROLINE A. WONG**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7146
caroline.wong@sidley.com
Pronouns: she/her/hers

---

**From:** Wong, Caroline A.
**Sent:** Monday, March 31, 2025 6:08 PM
**To:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
**Cc:** Block, Samuel D. <samuel.block@morganlewis.com>; Boran, Christopher <christopher.boran@morganlewis.com>; Rudolph, Dylan <dylan.rudolph@morganlewis.com>; Blumenfeld, Jeremy P. <jeremy.blumenfeld@morganlewis.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Sullivan, Brian W. <brian.sullivan@morganlewis.com>; Carney, Mitchell <mitchell.carney@morganlewis.com>; Anderson, David <dlanderson@sidley.com>; Armbrust, Sheila <sarmbrust@sidley.com>; Ryan, Nicole <nicole.ryan@sidley.com>; Georges, Chaddy <cgeorges@sidley.com>; Trombetta, Lauren F. <ltrombetta@sidley.com>
**Subject:** RE: Agrawal v. Musk- Revised ESI Search Terms

Abbey,

Your email again fails to provide the information we requested in letters and emails from January 24, February 5, March 10, March 21, and March 26 regarding data on Mr. Musk's cellphone other than text messages. You state that there is no reason to believe that Mr. Musk currently "has any relevant . . . ESI stored on his cellphone apart from text messages."

Our question is not whether Mr. Musk "has" relevant ESI on his cellphone apart from text messages, but rather whether Mr. Musk ever generated relevant ESI on his cellphone, such as ESI from Signal, iMessage, WhatsApp, or other non-SMS instant messages.

Please answer this question or let us add this as another topic for our meet and confer this week. We await your response regarding times.

Best,
Caroline


**CAROLINE A. WONG**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7146
caroline.wong@sidley.com
Pronouns: she/her/hers

---

**From:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
**Sent:** Friday, March 28, 2025 6:56 PM
**To:** Wong, Caroline A. <caroline.wong@sidley.com>
**Cc:** Block, Samuel D. <samuel.block@morganlewis.com>; Boran, Christopher <christopher.boran@morganlewis.com>; Rudolph, Dylan <dylan.rudolph@morganlewis.com>; Blumenfeld, Jeremy P. <jeremy.blumenfeld@morganlewis.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Sullivan, Brian W. <brian.sullivan@morganlewis.com>; Carney, Mitchell <mitchell.carney@morganlewis.com>; Anderson, David <dlanderson@sidley.com>; Armbrust, Sheila <sarmbrust@sidley.com>; Ryan, Nicole <nicole.ryan@sidley.com>; Georges, Chaddy <cgeorges@sidley.com>; Trombetta, Lauren F. <ltrombetta@sidley.com>
**Subject:** RE: Agrawal v. Musk- Revised ESI Search Terms

**EXTERNAL EMAIL - Use caution with links and attachments.**

Caroline,

We have already responded to the portion of your March 21 email addressing the search terms to be applied to Mr. Musk's text messages. Here we respond to your questions about data on Mr. Musk's cellphone beyond text messages, which you raised for the first time on March 21.

Plaintiffs are improperly attempting to expand the scope of the search beyond what is relevant and proportional to the needs of the case to include any data located on Mr. Musk's cellphone. Based upon our reasonable investigation into this issue, text messages are the only source of data on Mr. Musk's cellphone that might possibly contain relevant information. Mr. Musk did not generate on his cellphone any relevant notes, calendar entries, sound recordings, voice memos, pictures, or other documents related to Plaintiffs, their terminations, claims for severance benefits, or anything remotely related to the claims and issues in this case. Counsel

has confirmed this.  Because there is no basis to believe that Mr. Musk has any relevant notes, sound recordings, voice memos, pictures, calendar entries, or other documents or ESI stored on his cellphone apart from text messages, there is no reason to search anything but text messages.

Regards,

**Abbey M. Glenn**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5569 | Main: +1.202.739.3000 | Mobile: +1.202.420.0005 | Fax: +1.202.739.3001
abbey.glenn@morganlewis.com | www.morganlewis.com

**GLOBAL IMPACT OF THE US ADMINISTRATION**
Visit our resource center ▸

---

**From:** Wong, Caroline A. <caroline.wong@sidley.com>
**Sent:** Friday, March 21, 2025 11:24 PM
**To:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
**Cc:** Block, Samuel D. <samuel.block@morganlewis.com>; Boran, Christopher <christopher.boran@morganlewis.com>; Rudolph, Dylan <dylan.rudolph@morganlewis.com>; Blumenfeld, Jeremy P. <jeremy.blumenfeld@morganlewis.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Sullivan, Brian W. <brian.sullivan@morganlewis.com>; Carney, Mitchell <mitchell.carney@morganlewis.com>; Anderson, David <dlanderson@sidley.com>; Armbrust, Sheila <sarmbrust@sidley.com>; Ryan, Nicole <nicole.ryan@sidley.com>; Georges, Chaddy <cgeorges@sidley.com>; Trombetta, Lauren F. <ltrombetta@sidley.com>
**Subject:** RE: Agrawal v. Musk- Revised ESI Search Terms

[EXTERNAL EMAIL]
Abbey,

Thank you for the proposed search terms for Mr. Musk's cellphone that you sent on March 12. First, attached is a document reflecting Plaintiffs' proposed additions. Plaintiffs expect all words containing each search term in the attached will be reviewed. For example, "compensat" is drafted to include "compensate," "compensates," "compensation," etc.  Second, regardless of search terms, we propose that all texts Mr. Musk sent or received on October 26, 2022 and October 27, 2022 be reviewed for responsiveness. Please let us know by Tuesday, March 25 whether Defendants are amenable to this proposal.

Additionally, we do not understand the basis for limiting application of these search terms to Mr. Musk's text messages, which you have separately told us you are using as short-hand to refer to iMessage and SMS messages. We recognize that in your February 11, 2025 letter you represented that "the only non-iMessage/SMS messaging we understand Mr. Musk used at times is Signal," and Signal messages from the relevant time period "became unavailable before any duty to preserve arose from this March 2024 litigation." There is, however, other non-messaging data on Mr. Musk's cellphone. Plaintiffs' Requests for Production seek "documents" as defined to be synonymous in scope with Federal Rule of Civil Procedure 34(a)(1)(A), which includes "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations." Plaintiffs' requests are therefore not limited to only Mr. Musk's cellphone communications, but also the notes, sound recordings, calendar entries, voice memos, and other types of documents stored on Mr. Musk's cellphone.