# Exhibit E

## Glenn, Abbey M.

| | |
|---|---|
| **From:** | Glenn, Abbey M. |
| **Sent:** | Sunday, April 6, 2025 12:39 PM |
| **To:** | 'Wong, Caroline A.' |
| **Cc:** | Block, Samuel D.; Boran, Christopher; Rudolph, Dylan; Blumenfeld, Jeremy P.; Meckley, Eric; Sullivan, Brian W.; Carney, Mitchell; Anderson, David; Armbrust, Sheila; Ryan, Nicole; Georges, Chaddy; Trombetta, Lauren F. |
| **Subject:** | RE: Agrawal- Revised Musk Search Terms |

Caroline,

To clarify, the "workaround" you mention in your email below is a new technology. Specifically, it is the new version of a Cellebrite tool that will be used to collect and search Mr. Musk's text messages. We learned Thursday afternoon, the day before our April 4 conference, that the tool will be available to search Mr. Musk's text messages. We understand it will provide both Boolean and proximity search capability that was unavailable to us previously. We are providing this update for informational purposes and because we promised to do so during our April 4 conference. Although your colleague (Ms. Armbrust) proposed that we discuss this information further on Monday, April 7, we understand from your email below that Plaintiffs have since changed their mind and declared impasse, preferring instead to seek to compel Defendants to search for potentially relevant text messages using the 111 single term searches previously proposed (27 terms proposed by Defendants, and 84 proposed by Plaintiffs).

Relatedly, it has been nearly three months since Defendants served Plaintiffs with document requests on January 13. And it has been more than a month since Plaintiffs reported they were still in the process of searching for responsive documents to produce. To date, Plaintiffs have produced zero documents, and we learned from you at Friday's conference that Plaintiffs are unwilling to commit to producing any documents until all disputes regarding their written objections and responses to Defendants' January 13 discovery requests are definitively resolved, despite Defendants' position that we intend to commence rolling productions of ESI in the near term. Additionally, Plaintiffs have thus far refused to share any search terms they are using for ESI collection and review purposes, even though Plaintiffs have previously stated that it would be "improper for Defendants to refuse to disclose the search terms they plan to use for their collection and review of ESI in this matter." C. Wong Email (Feb. 12, 2025). Despite this stated position, it is Plaintiffs—not Defendants—who have taken this "improper" approach. Not only have Plaintiffs refused to share search terms, but they also have refused to provide hit reports for those terms or for the search terms Defendants affirmatively proposed weeks ago on March 14. Courts routinely require the provision of proposed ESI search terms and hit reports. *See, e.g.*, *Tremblay v. OpenAI, Inc*., 2024 WL 3638421, at *2 (N.D. Cal. July 31, 2024) (granting order requiring the disclosure of search terms); *Andersen v. Stability AI Ltd*., 2025 WL 870358, at *5 (N.D. Cal. Mar. 19, 2025) (recognizing that the "effectiveness of meet and confers depends on the parties' candor, and this is especially true when the parties are addressing potential search terms" and granting order "requiring hit reports be provided as part of the meet and confer process regarding search terms"); *Doe v. Kaiser Found. Health Plan, Inc*., 2024 WL 3225904, at *4 (N.D. Cal. June 28, 2024) (ordering party to provide document hit count statistics on opposing party's proposed search terms); *Corker v. Costco Wholesale Corp*., 2022 WL 2490496, at *2 (W.D. Wash. July 6, 2022) (recognizing prior order requiring party to disclose search terms).

In contrast to Plaintiffs' conduct above, Defendants affirmatively shared proposed search terms for responding to Plaintiffs' requests to produce email and Slack communications from the parties and identified ESI custodians months ago, provided hit reports for those terms; provided further hit reports based on Plaintiffs' additional proposed terms; provided a compromise set of proposed search terms with associated hit reports and attempted to engage in further negotiations about those terms; and have reviewed thousands of documents (containing

1

proposed search terms) for purposes of producing ESI while attempting to negotiate a final, agreed-upon set of search terms.  All of these efforts have been taken *in addition to* the broad text-message searches Plaintiffs will seek to compel from Mr. Musk (noted above), and ESI searches of *non-party entities* Defendants have coordinated in an effort to cooperate with Plaintiffs' discovery demands.  We are surprised and disappointed that Plaintiffs will not reciprocate in Defendants' good-faith efforts by, at the very least, sharing the ESI search terms they are using, responding to Defendants' proposed terms, and providing hit reports.

During the parties' April 4 conference, Defendants again asked Plaintiffs to agree to share their search terms, consider Defendants' proposed search terms, provide hit reports, and generally engage in discussion about the methodologies by which Plaintiffs will search for and review ESI.  Plaintiffs declined to provide any response during our conference.  Later that same evening (Friday, April 4), Plaintiffs sent an email stating that Plaintiffs would only "consider" Defendants' proposed search terms (from March 14) and "follow up on those in due course."  Plaintiffs' latest email continues to leave Defendants with no definitive answer on that issue and no answer at all on whether Plaintiffs will share their own search terms, provide any hit reports, or produce documents prior to resolution of any and all objections and disputes related to Defendants' written document requests (even though these are all things Defendants have agreed to do in response to Plaintiffs' discovery requests).  This does not comply with Plaintiffs' obligation under the parties' stipulated ESI protocol to reasonably engage "in an effort to agree upon search methodology to be applied, including but not limited to, search terms." Dkt. 95 at p. 5.

As a result, the parties are at impasse.  Defendants see little choice but to move to compel Plaintiffs to share search terms, provide hit reports, engage meaningfully and cooperatively in the process of negotiating ESI collection and review efforts, and to produce responsive documents in their possession rather than withholding all documents until any and all disputes concerning their objections are resolved.  Defendants propose that the parties address these issues in the joint letter brief that Plaintiffs indicated they are preparing on the 111 Musk text message search terms addressed above.  If Plaintiffs refuse to do so, however, Defendants will prepare a separate letter brief.

Regards,

**Abbey M. Glenn**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5569 | Main: +1.202.739.3000 | Mobile: +1.202.420.0005 | Fax: +1.202.739.3001
abbey.glenn@morganlewis.com | www.morganlewis.com



---

**From:** Wong, Caroline A. <caroline.wong@sidley.com>
**Sent:** Friday, April 4, 2025 8:38 PM
**To:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
**Cc:** Block, Samuel D. <samuel.block@morganlewis.com>; Boran, Christopher <christopher.boran@morganlewis.com>; Rudolph, Dylan <dylan.rudolph@morganlewis.com>; Blumenfeld, Jeremy P. <jeremy.blumenfeld@morganlewis.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Sullivan, Brian W. <brian.sullivan@morganlewis.com>; Carney, Mitchell <mitchell.carney@morganlewis.com>; Anderson, David <dlanderson@sidley.com>; Armbrust, Sheila <sarmbrust@sidley.com>; Ryan, Nicole <nicole.ryan@sidley.com>; Georges, Chaddy <cgeorges@sidley.com>; Trombetta, Lauren F. <ltrombetta@sidley.com>
**Subject:** RE: Agrawal- Revised Musk Search Terms