# Exhibit C

| | |
|---|---|
| **From:** | Boran, Christopher |
| **To:** | Wong, Caroline A.; Glenn, Abbey M. |
| **Cc:** | Block, Samuel D.; Rudolph, Dylan; Blumenfeld, Jeremy P.; Meckley, Eric; Sullivan, Brian W.; Carney, Mitchell; Anderson, David; Armbrust, Sheila; Ryan, Nicole; Georges, Chaddy; Trombetta, Lauren F. |
| **Subject:** | RE: Agrawal- Revised Musk Search Terms |
| **Date:** | Sunday, April 6, 2025 5:59:15 PM |
| **Attachments:** | image001.jpg |

Caroline,

We disagree with the assertions and narrative in your email below, but we will not belabor it further. For what it's worth, it was not our preference to send our email below on a Sunday, but we thought it was important to do so before Monday so Plaintiffs could decide whether to address these issues in the joint letter they are preparing. We will prepare a separate letter, as you suggest.

Thanks,
Chris

**Chris Boran**
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1146 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Natalie Medina | +1.312.324.1167 | natalie.medina@morganlewis.com
christopher.boran@morganlewis.com | www.morganlewis.com



**From:** Wong, Caroline A. <caroline.wong@sidley.com>
**Sent:** Sunday, April 6, 2025 7:02 PM
**To:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
**Cc:** Block, Samuel D. <samuel.block@morganlewis.com>; Boran, Christopher <christopher.boran@morganlewis.com>; Rudolph, Dylan <dylan.rudolph@morganlewis.com>; Blumenfeld, Jeremy P. <jeremy.blumenfeld@morganlewis.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Sullivan, Brian W. <brian.sullivan@morganlewis.com>; Carney, Mitchell <mitchell.carney@morganlewis.com>; Anderson, David <dlanderson@sidley.com>; Armbrust, Sheila <sarmbrust@sidley.com>; Ryan, Nicole <nicole.ryan@sidley.com>; Georges, Chaddy <cgeorges@sidley.com>; Trombetta, Lauren F. <ltrombetta@sidley.com>
**Subject:** RE: Agrawal- Revised Musk Search Terms

[EXTERNAL EMAIL]
Abbey,

Your email below mischaracterizes what occurred during the meet-and-confer the parties had on Friday, April 4 – the first and only meet-and-confer that Defendants have requested so far on Defendants' RFPs.

In particular, contrary to your email below, we specifically told you on Friday that Plaintiffs are **not** taking the position that they are unwilling to commit to producing any documents until all disputes regarding their written objections and responses to Defendants' RFPs are resolved. We also specifically told you that Plaintiffs are **not** refusing to share search terms or hit reports, but rather that we will evaluate Defendants' requests regarding those items in light of the positions you took on the April 4 meet-and-confer and will follow up in due course.

Your email below declaring impasse, just two days later, on a Sunday morning, is inappropriate, including because we have not yet had sufficient time to evaluate your requests, much less to consult with our clients about them, in light of the positions you took on Friday's meet-and-confer – and because we are still waiting for Defendants to respond to us with case law support for their positions regarding the appropriate scope of discovery under Section 510, given your colleague Mr. Boran's statement on Friday that he "100%" disagrees with the case law we provided in support of our understanding of the appropriate scope of discovery. We ask you again, now for the third time, to provide that support.

Moreover, Defendants are in no position to criticize the pace of Plaintiffs' efforts to collect, review, and produce documents responsive to Defendants' RFPs. Again, the parties have met and conferred on Defendants' RFPs only

once – just two days ago, at Defendants' first and only request – and now you are suddenly reaching out over the weekend to unilaterally declare an impasse on Defendants' RFPs and threaten motion practice. By comparison, Plaintiffs served RFPs on Defendants on November 8, 2024 (five months ago) and the parties have engaged in four telephonic meet-and-confers relating to those RFPs since then. Yet since the start of discovery in this case, Defendants still have not produced a single document outside the administrative record. Nor have Defendants committed to a date by which they will start their ESI production. Your criticisms of Plaintiffs ring hollow in light of Defendants' extraordinary delay.

We think a joint letter brief on Plaintiffs' responses to Defendants' RFPs is therefore premature. If Defendants nevertheless insist on submitting one, it should be separate from the joint letter brief that the parties are already preparing regarding search terms for Defendant Musk's cellphone (a separate issue, which the parties have discussed during meet-and-confers on February 4 and April 4), and we will set forth Plaintiffs' position in our section, including the reasons why Defendants' proposed letter brief is premature and unnecessary.

Best,
Caroline


**CAROLINE A. WONG**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7146
caroline.wong@sidley.com
Pronouns: she/her/hers

> **From:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
> **Sent:** Sunday, April 6, 2025 11:39 AM
> **To:** Wong, Caroline A. <caroline.wong@sidley.com>
> **Cc:** Block, Samuel D. <samuel.block@morganlewis.com>; Boran, Christopher <christopher.boran@morganlewis.com>; Rudolph, Dylan <dylan.rudolph@morganlewis.com>; Blumenfeld, Jeremy P. <jeremy.blumenfeld@morganlewis.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Sullivan, Brian W. <brian.sullivan@morganlewis.com>; Carney, Mitchell <mitchell.carney@morganlewis.com>; Anderson, David <dlanderson@sidley.com>; Armbrust, Sheila <sarmbrust@sidley.com>; Ryan, Nicole <nicole.ryan@sidley.com>; Georges, Chaddy <cgeorges@sidley.com>; Trombetta, Lauren F. <ltrombetta@sidley.com>
> **Subject:** RE: Agrawal- Revised Musk Search Terms
>
> Caroline,
>
> To clarify, the "workaround" you mention in your email below is a new technology. Specifically, it is the new version of a Cellebrite tool that will be used to collect and search Mr. Musk's text messages. We learned Thursday afternoon, the day before our April 4 conference, that the tool will be available to search Mr. Musk's text messages. We understand it will provide both Boolean and proximity search capability that was unavailable to us previously. We are providing this update for informational purposes and because we promised to do so during our April 4 conference. Although your colleague (Ms. Armbrust) proposed that we discuss this information further on Monday, April 7, we understand from your email below that Plaintiffs have since changed their mind and declared impasse, preferring instead to seek to compel Defendants to search for potentially relevant text messages using the 111 single term searches previously proposed (27 terms proposed by Defendants, and 84 proposed by Plaintiffs).
>
> Relatedly, it has been nearly three months since Defendants served Plaintiffs with document requests on January 13. And it has been more than a month since Plaintiffs reported they were still in the

process of searching for responsive documents to produce.  To date, Plaintiffs have produced zero documents, and we learned from you at Friday's conference that Plaintiffs are unwilling to commit to producing any documents until all disputes regarding their written objections and responses to Defendants' January 13 discovery requests are definitively resolved, despite Defendants' position that we intend to commence rolling productions of ESI in the near term.  Additionally, Plaintiffs have thus far refused to share any search terms they are using for ESI collection and review purposes, even though Plaintiffs have previously stated that it would be "improper for Defendants to refuse to disclose the search terms they plan to use for their collection and review of ESI in this matter."  C. Wong Email (Feb. 12, 2025).  Despite this stated position, it is Plaintiffs—not Defendants—who have taken this "improper" approach.  Not only have Plaintiffs refused to share search terms, but they also have refused to provide hit reports for those terms or for the search terms Defendants affirmatively proposed weeks ago on March 14.  Courts routinely require the provision of proposed ESI search terms and hit reports. *See, e.g.*, *Tremblay v. OpenAI, Inc*., 2024 WL 3638421, at *2 (N.D. Cal. July 31, 2024) (granting order requiring the disclosure of search terms); *Andersen v. Stability AI Ltd*., 2025 WL 870358, at *5 (N.D. Cal. Mar. 19, 2025) (recognizing that the "effectiveness of meet and confers depends on the parties' candor, and this is especially true when the parties are addressing potential search terms" and granting order "requiring hit reports be provided as part of the meet and confer process regarding search terms"); *Doe v. Kaiser Found. Health Plan, Inc*., 2024 WL 3225904, at *4 (N.D. Cal. June 28, 2024) (ordering party to provide document hit count statistics on opposing party's proposed search terms); *Corker v. Costco Wholesale Corp*., 2022 WL 2490496, at *2 (W.D. Wash. July 6, 2022) (recognizing prior order requiring party to disclose search terms).

In contrast to Plaintiffs' conduct above, Defendants affirmatively shared proposed search terms for responding to Plaintiffs' requests to produce email and Slack communications from the parties and identified ESI custodians months ago, provided hit reports for those terms; provided further hit reports based on Plaintiffs' additional proposed terms; provided a compromise set of proposed search terms with associated hit reports and attempted to engage in further negotiations about those terms; and have reviewed thousands of documents (containing proposed search terms) for purposes of producing ESI while attempting to negotiate a final, agreed-upon set of search terms.  All of these efforts have been taken *in addition to* the broad text-message searches Plaintiffs will seek to compel from Mr. Musk (noted above), and ESI searches of *non-party entities* Defendants have coordinated in an effort to cooperate with Plaintiffs' discovery demands.  We are surprised and disappointed that Plaintiffs will not reciprocate in Defendants' good-faith efforts by, at the very least, sharing the ESI search terms they are using, responding to Defendants' proposed terms, and providing hit reports.

During the parties' April 4 conference, Defendants again asked Plaintiffs to agree to share their search terms, consider Defendants' proposed search terms, provide hit reports, and generally engage in discussion about the methodologies by which Plaintiffs will search for and review ESI.  Plaintiffs declined to provide any response during our conference.  Later that same evening (Friday, April 4), Plaintiffs sent an email stating that Plaintiffs would only "consider" Defendants' proposed search terms (from March 14) and "follow up on those in due course."  Plaintiffs' latest email continues to leave Defendants with no definitive answer on that issue and no answer at all on whether Plaintiffs will share their own search terms, provide any hit reports, or produce documents prior to resolution of any and all objections and disputes related to Defendants' written document requests (even though these are all things Defendants have agreed to do in response to Plaintiffs' discovery requests).  This does not comply with Plaintiffs' obligation under the parties' stipulated ESI protocol to reasonably engage "in an effort to agree upon search methodology to be applied, including but not limited to, search terms." Dkt. 95 at p. 5.

As a result, the parties are at impasse.  Defendants see little choice but to move to compel Plaintiffs to share search terms, provide hit reports, engage meaningfully and cooperatively in the process of

negotiating ESI collection and review efforts, and to produce responsive documents in their possession rather than withholding all documents until any and all disputes concerning their objections are resolved. Defendants propose that the parties address these issues in the joint letter brief that Plaintiffs indicated they are preparing on the 111 Musk text message search terms addressed above. If Plaintiffs refuse to do so, however, Defendants will prepare a separate letter brief.

Regards,

**Abbey M. Glenn**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5569 | Main: +1.202.739.3000 | Mobile: +1.202.420.0005 | Fax: +1.202.739.3001
abbey.glenn@morganlewis.com | www.morganlewis.com



**From:** Wong, Caroline A. <caroline.wong@sidley.com>
**Sent:** Friday, April 4, 2025 8:38 PM
**To:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
**Cc:** Block, Samuel D. <samuel.block@morganlewis.com>; Boran, Christopher <christopher.boran@morganlewis.com>; Rudolph, Dylan <dylan.rudolph@morganlewis.com>; Blumenfeld, Jeremy P. <jeremy.blumenfeld@morganlewis.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Sullivan, Brian W. <brian.sullivan@morganlewis.com>; Carney, Mitchell <mitchell.carney@morganlewis.com>; Anderson, David <dlanderson@sidley.com>; Armbrust, Sheila <sarmbrust@sidley.com>; Ryan, Nicole <nicole.ryan@sidley.com>; Georges, Chaddy <cgeorges@sidley.com>; Trombetta, Lauren F. <ltrombetta@sidley.com>
**Subject:** RE: Agrawal- Revised Musk Search Terms

[EXTERNAL EMAIL]
Abbey,

We write regarding search of Mr. Musk's cellphone. We agree to withdraw our proposal that Mr. Musk search all texts that he sent or received on October 26 and October 27, 2022.

The parties are at an impasse regarding which search terms to apply to Mr. Musk's cellphone. Plaintiffs believe they have proposed appropriate and reasonably scoped search terms; Defendants disagree. We understand that you have just learned that there may be a technological workaround to search Mr. Musk's cellphone using Boolean terms. However, we believe this issue should go before the Court now given that it has been two months since you raised the single-term search methodology and are only now, as we reach impasse, identifying possible technological workarounds. We will send you a draft of our portion of a letter brief by the end of the day Monday. We ask you to provide your draft insert by the end of the day Wednesday. We will provide any revisions to our section on Thursday and would propose a Friday filing.

Thank you.

Caroline


**CAROLINE A. WONG**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7146
caroline.wong@sidley.com
Pronouns: she/her/hers

> **From:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
> **Sent:** Tuesday, March 25, 2025 4:20 PM
> **To:** Wong, Caroline A. <caroline.wong@sidley.com>

**Cc:** Block, Samuel D. <samuel.block@morganlewis.com>; Boran, Christopher <christopher.boran@morganlewis.com>; Rudolph, Dylan <dylan.rudolph@morganlewis.com>; Blumenfeld, Jeremy P. <jeremy.blumenfeld@morganlewis.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Sullivan, Brian W. <brian.sullivan@morganlewis.com>; Carney, Mitchell <mitchell.carney@morganlewis.com>; Anderson, David <dlanderson@sidley.com>; Armbrust, Sheila <sarmbrust@sidley.com>; Ryan, Nicole <nicole.ryan@sidley.com>; Georges, Chaddy <cgeorges@sidley.com>; Trombetta, Lauren F. <ltrombetta@sidley.com>
**Subject:** RE: Agrawal- Revised Musk Search Terms

Caroline,

On March 12, we provided a list of 27 proposed terms to use when searching for responsive text messages on Mr. Musk's cellphone. On March 21, you proposed 84 additional search terms for this purpose. As we previously explained, the text messages on Mr. Musk's cellphone must be manually searched. In other words, Plaintiffs have proposed that Mr. Musk's cellphone be manually searched using 111 different search terms. Many of the 84 search terms proposed by Plaintiffs are irrelevant and/or overbroad. Some examples of your irrelevant and overbroad terms include: "dragon" and "fork in the road" and "hardcore" and "deny" and "tweet." Applying these search terms would impose a significant, undue, and disproportionate burden on Defendants.

By way of compromise, Defendants will agree to apply certain of Plaintiffs' proposed terms that are narrowly drawn and closely tethered to the claims and issues in this case. Attached is the complete list of terms that Defendants propose applying to Mr. Musk's text messages, including both Defendants' prior terms and those of Plaintiffs' search terms with which we agree.

We are considering the remaining questions and requests raised in your March 21 email and will respond in due course.

Regards,

**Abbey M. Glenn**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5569 | Main: +1.202.739.3000 | Mobile: +1.202.420.0005 | Fax: +1.202.739.3001
abbey.glenn@morganlewis.com | www.morganlewis.com



**From:** Wong, Caroline A. <caroline.wong@sidley.com>
**Sent:** Friday, March 21, 2025 11:24 PM
**To:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
**Cc:** Block, Samuel D. <samuel.block@morganlewis.com>; Boran, Christopher <christopher.boran@morganlewis.com>; Rudolph, Dylan <dylan.rudolph@morganlewis.com>; Blumenfeld, Jeremy P. <jeremy.blumenfeld@morganlewis.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Sullivan, Brian W. <brian.sullivan@morganlewis.com>; Carney, Mitchell <mitchell.carney@morganlewis.com>; Anderson, David <dlanderson@sidley.com>; Armbrust, Sheila <sarmbrust@sidley.com>; Ryan, Nicole <nicole.ryan@sidley.com>; Georges, Chaddy <cgeorges@sidley.com>; Trombetta, Lauren F. <ltrombetta@sidley.com>
**Subject:** RE: Agrawal v. Musk- Revised ESI Search Terms

[EXTERNAL EMAIL]
Abbey,

Thank you for the proposed search terms for Mr. Musk's cellphone that you sent on March 12. First, attached is a document reflecting Plaintiffs' proposed additions. Plaintiffs expect all words containing each search term in the attached will be reviewed. For example, "compensat" is drafted

to include "compensate," "compensates," "compensation," etc.  Second, regardless of search terms, we propose that all texts Mr. Musk sent or received on October 26, 2022 and October 27, 2022 be reviewed for responsiveness. Please let us know by Tuesday, March 25 whether Defendants are amenable to this proposal.

Additionally, we do not understand the basis for limiting application of these search terms to Mr. Musk's text messages, which you have separately told us you are using as short-hand to refer to iMessage and SMS messages. We recognize that in your February 11, 2025 letter you represented that "the only non-iMessage/SMS messaging we understand Mr. Musk used at times is Signal," and Signal messages from the relevant time period "became unavailable before any duty to preserve arose from this March 2024 litigation." There is, however, other non-messaging data on Mr. Musk's cellphone. Plaintiffs' Requests for Production seek "documents" as defined to be synonymous in scope with Federal Rule of Civil Procedure 34(a)(1)(A), which includes "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations." Plaintiffs' requests are therefore not limited to only Mr. Musk's cellphone communications, but also the notes, sound recordings, calendar entries, voice memos, and other types of documents stored on Mr. Musk's cellphone.

To help us understand how these search terms will be applied, please provide the following information by Tuesday, March 25:

1. The basis for your understanding that the only non-iMessage/SMS messaging application Mr. Musk used is Signal.
2. Whether Defendants will be searching notes, sound recordings, calendar entries, voice memos, and other sources of ESI on Mr. Musk's cellphone.
    a. If yes, the means by which Defendants will search those sources.
    b. If no, the basis for not searching those other sources.

Best,
Caroline


**CAROLINE A. WONG**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7146
caroline.wong@sidley.com
Pronouns: she/her/hers

*********************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.
*********************************************************************************************

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.