1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          San Francisco Division

11   PARAG AGRAWAL, et al.,                    Case No. 24-cv-01304-MMC(LB)

12              Plaintiffs,

13         v.                                  **DISCOVERY ORDER**

14   ELON MUSK, et al.,                        Re: ECF Nos. 99–100

15              Defendants.

16

17      The plaintiffs in this ERISA case are suing Elon Musk (among others) for terminating them

18   without cause to deprive them of benefits.[1] The parties have discovery disputes. The court can

19   decide them without oral argument. Civil L.R. 7-1(b). The court grants in part and denies in part

20   ECF No. 99 and denies ECF No. 100.

21      Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

22   claim or defense and proportional to the needs of the case, considering the importance of the issues

23   at stake in the action, the amount in controversy, the parties' relative access to relevant information,

24   the parties' resources, the importance of the discovery in resolving the issues, and whether the

25   burden or expense of the proposed discovery outweighs its likely benefit. Information within this

26

27   _____

28   [1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up and quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up).

## ANALYSIS

### 1.  ECF No. 99

The letter brief presents two issues about Mr. Musk's cellphone. First, the plaintiffs request the court "to order Musk to confirm (i) whether he ever generated relevant ESI other than SMS/MMS or iMessages on his cellphone, such as ESI from Signal, WhatsApp, or other messaging systems, and (ii) when he began preserving relevant ESI."[2] The defendants represent that "there is no potentially relevant ESI on Musk's cellphone other than text messages" and that based on "conferr[ing] with Musk and review[ing] his phone," other "potentially relevant ESI" has not been generated on his phone to their knowledge.[3]

The court accepts these representations. Thus, there is no dispute, and the court denies the plaintiffs' requests.

Second, the parties dispute whether the defendants must search Mr. Musk's phone using the 100 Boolean search terms proposed by the plaintiffs. The parties have discussed this issue at length. The defendants asserted that searching Mr. Musk's phone required single terms (rather than Boolean searches) because of the presence of highly sensitive business and national security information. The defendants proposed twenty-seven single terms, and the plaintiffs countered with an additional eighty-four. The defendants then told the plaintiffs that there was a new way to

---

[2] Disc. Letter Br. – ECF No. 99 at 1–2.

[3] *Id.* at 4.

United States District Court
Northern District of California

1   perform the search with Boolean terms. The plaintiffs proposed the 100 search terms at issue

2   today, and the defendants counter with 45 terms.[4]

3       The plaintiffs contend that (1) their search terms are calculated to locate information relevant to

4   Mr. Musk's bias against them and his intent in terminating them and (2) the burden on the

5   defendants would be low.[5] The defendants counter that the search terms are overbroad and

6   irrelevant. They assert that "Fork w/5 road" is irrelevant because it references an email Twitter sent

7   after the plaintiffs were fired and that the term "Twitter" will result in false positives because Mr.

8   Musk was an active Twitter user before the terminations.[6]

9       The information sought by the plaintiffs is relevant and proportional to the needs of the case.

10  Emails sent after the plaintiffs' termination may still be relevant to their claims, and the examples

11  of overbreadth identified by the defendants do not warrant striking those terms. The court orders

12  the discovery using the plaintiffs' proposed terms.[7] As always, the defendants can screen the

13  production for any properly withheld information.

15  **2.  ECF No. 100**

16      The defendants contend that the plaintiffs have refused to "share or negotiate search terms and

17  provide hit reports, or even explain why." They request that the court order the plaintiffs to (1)

18  disclose the ESI custodians, search terms and related hit reports for their April 11 and 22

19  productions, (2) provide hit reports for search terms the defendants proposed on March 14, and (3)

20  engage in "appropriate and good-faith discussions regarding searches for responsive ESI in

21  Plaintiffs' possession, custody or control."[8]

United States District Court
Northern District of California

25  [4] *Id.* at 4–5.

26  [5] *Id.* at 2–3.

27  [6] *Id.* at 4–5.

    [7] Search Terms, Ex. A to *id.* – ECF No. 99-1 at 2.

28  [8] Disc. Letter Br. – ECF No. 100 at 1–3.

The plaintiffs assert that they have not refused to provide the defendants the requested information and that the letter brief is premature because the plaintiffs need time to evaluate the requests before responding.[9]

Negotiations appear to be ongoing, and the plaintiffs have not refused to provide what the defendants seek.[10] This dispute is not ripe.

## CONCLUSION

The court grants in part and denies in part ECF No. 99 and denies ECF No. 100.

**IT IS SO ORDERED.**

Dated: May 3, 2025

_____

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

---

[9] *Id.* at 4.

[10] Email, Ex. C. to *id.* – ECF No. 100-3 at 2–7.