# Exhibit A

**Glenn, Abbey M.**

| | |
|---|---|
| **From:** | Boran, Christopher |
| **Sent:** | Tuesday, May 13, 2025 6:47 AM |
| **To:** | Wong, Caroline A. |
| **Cc:** | Block, Samuel D.; Carney, Mitchell; Sullivan, Brian W.; Rudolph, Dylan; Glenn, Abbey M.; Anderson, David; Armbrust, Sheila; Ryan, Nicole; Georges, Chaddy; Trombetta, Lauren F. |
| **Subject:** | Re: Agrawal v. Musk - depositions |

As requested on April 30, please provide by noon (PT) today times for a separate and final meet and confer, involving lead trial counsel, on this dispute. Given the parties' respective positions, it should not take long. And we need to address this separately from the meet and confer on other issues that we are attempting to schedule for Friday. Thank you.

---

**From:** Wong, Caroline A. <caroline.wong@sidley.com>
**Sent:** Monday, May 12, 2025 10:39 PM
**To:** Boran, Christopher <christopher.boran@morganlewis.com>
**Cc:** Block, Samuel D. <samuel.block@morganlewis.com>; Carney, Mitchell <mitchell.carney@morganlewis.com>; Sullivan, Brian W. <brian.sullivan@morganlewis.com>; Rudolph, Dylan <dylan.rudolph@morganlewis.com>; Glenn, Abbey M. <abbey.glenn@morganlewis.com>; Anderson, David <dlanderson@sidley.com>; Armbrust, Sheila <sarmbrust@sidley.com>; Ryan, Nicole <nicole.ryan@sidley.com>; Georges, Chaddy <cgeorges@sidley.com>; Trombetta, Lauren F. <ltrombetta@sidley.com>
**Subject:** RE: Agrawal v. Musk - depositions

[EXTERNAL EMAIL]
Chris,

For the following reasons, we cannot agree to the severe scope and time restrictions you have proposed for the Committee members' depositions.

First, each Committee member is a named Defendant. The default rule under FRCP 30(d) is that Plaintiffs are entitled to depose each Defendant for 7 hours. Plaintiffs will not agree now to shorten these time limits, particularly given that Defendants' severe delay in document productions mean that Plaintiffs have not had any meaningful time to evaluate discovery. Defendants have not articulated any compelling basis to impose a time limitation.

Second, following the Court's denial of Defendants' partial Motion to Dismiss, this case is proceeding on all claims. Plaintiffs are therefore entitled to depose each Defendant on any issue relevant to their claims. Those issues include, as you listed them below, Plaintiffs' allegations of bias, conflicts of interest, and procedural irregularities in the administrative process. But those issues also include, among others, the determination that Plaintiffs' terminations were for "Cause" under the Plans and Plaintiffs' alter ego allegations. In her purported capacity as Administrator of the Plans, Ms. Chapman determined that Plaintiffs were terminated "for Cause" under the Plans. And Ms. Chapman, along with Mr. Batura and Mr. Bjelde, determined to uphold her decision. Indeed, Defendants previously identified each Committee member as knowledgeable about "the allegations and claims asserted in the Complaint" including "the determination that Plaintiffs were terminated 'for cause' within the meaning of the Plans" before later amending their Rule 26 initial disclosures a second time to remove that language. *See* Defendants' Amended Initial Disclosures at 3-4 (Jan. 7, 2025). Plaintiffs are entitled to explore all of these issues with all Defendants, including the Committee members.

Neither of the two cases you cited stands for the proposition that a court would "commonly" limit or preclude the deposition of a named defendant in an ERISA Section 502 or Section 510 case. *Harper* did not involve depositions of any named defendant, but rather nine in-house medical personnel who had reviewed the plaintiff's medical records and rendered opinions on her condition prior to her benefits claim being decided. And *United Healthcare* involved a Rule 30(b)(6) deposition solely about the corporate relationships between the defendant and other entities – which is far afield of the type of information Plaintiffs would seek from the Committee members. Regardless, that case simply stands for the proposition that discovery in ERISA cases is guided by *Abatie*, and in contrast to the plaintiff there, Plaintiffs here have alleged examples of procedural irregularities and conflicts of interest.

To be clear, Plaintiffs' conflict of interest argument is <u>not</u> solely based on the theory you outlined below regarding the Committees members' employment at X or other Musk-affiliated entities. Rather, in addition to the "conflict of interest that inheres when a plan administrator also acts as its fiduciary," *Abatie*, 458 F.3d at 966, the unique circumstances here indicate an especially substantial conflict, in light of public statements expressing ill-will or malice toward Plaintiffs made by Musk – who delegated authority to the Committee members and controls their employment – along with the Committee's undisputedly "parsimonious claims-granting history," *id.* at 968. Furthermore, you mischaracterize the role of the Committee's two experts during the administrative appeal process. You say that the Committee "retain[ed] an expert witness to evaluate expert opinions offered by Plaintiffs in support of their appeal to the Committee," but you ignore that the Committee retained *two* experts, including one who opined on more than just a rebuttal of Plaintiffs' expert, and who relied on materials that were not provided to Plaintiffs during the administrative process.

As is clear by Plaintiffs' allegations and the factual circumstances here – and as has been recognized by the Court on the record in the related cases filed by other former Twitter executives – this is not a typical ERISA case. Plaintiffs therefore cannot agree to any time or scope limitations for the Committee members' depositions, beyond those provided for in the Federal Rules.

Best,
Caroline


**CAROLINE A. WONG**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7146
caroline.wong@sidley.com
Pronouns: she/her/hers

---

> **From:** Boran, Christopher <christopher.boran@morganlewis.com>
> **Sent:** Monday, May 12, 2025 9:53 AM
> **To:** Wong, Caroline A. <caroline.wong@sidley.com>; Glenn, Abbey M. <abbey.glenn@morganlewis.com>; Armbrust, Sheila <sarmbrust@sidley.com>; Anderson, David <dlanderson@sidley.com>; Georges, Chaddy <cgeorges@sidley.com>; Trombetta, Lauren F. <ltrombetta@sidley.com>; Ryan, Nicole <nicole.ryan@sidley.com>
> **Cc:** Block, Samuel D. <samuel.block@morganlewis.com>; Carney, Mitchell <mitchell.carney@morganlewis.com>; Sullivan, Brian W. <brian.sullivan@morganlewis.com>; Rudolph, Dylan <dylan.rudolph@morganlewis.com>
> **Subject:** RE: Agrawal v. Musk - depositions
>
> Hi Caroline,
> In our email below from April 30, we proposed specific limitations on the scheduled depositions of the Committee member defendants. We also asked that you: "Please let us know whether Plaintiffs will agree to the proposed limitations or have others you would like us to consider. Otherwise, please let us know when your team is available, with lead counsel, for a meet-and-confer to determine whether we can resolve this dispute or if

Defendants will move for a protective order." On May 1, you stated that plaintiffs would be responding separately to our April 30 email. However, we have not received any response, beyond the list of conferral topics you sent late Friday evening, May 9. We take this to mean that plaintiffs are not willing to agree to the proposed limitations and that there are no other limitations that plaintiffs intend to propose as a compromise. By the end of the day today, please let us know if this understanding is correct and, if it is not, please let us know if plaintiffs will agree to the proposed limits or would like us to consider some alternative proposal. We think having this information will make further conferral efforts more productive.

As for plaintiffs' depositions, we can lock in the dates previously proposed for plaintiffs' individual depositions. We are still working on a proposed date for the deposition of Mr. Musk. At this stage, it appears that date will likely be between July 1 and July 18; please let us know if there are any dates in this period that will not work on your end.

Thank you,

Chris


**Chris Boran**
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1146 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Natalie Medina | +1.312.324.1167 | natalie.medina@morganlewis.com
christopher.boran@morganlewis.com | www.morganlewis.com



---

**From:** Wong, Caroline A. <caroline.wong@sidley.com>
**Sent:** Thursday, May 1, 2025 7:38 PM
**To:** Boran, Christopher <christopher.boran@morganlewis.com>; Glenn, Abbey M. <abbey.glenn@morganlewis.com>; Armbrust, Sheila <sarmbrust@sidley.com>; Anderson, David <dlanderson@sidley.com>; Georges, Chaddy <cgeorges@sidley.com>; Trombetta, Lauren F. <ltrombetta@sidley.com>; Ryan, Nicole <nicole.ryan@sidley.com>
**Cc:** Block, Samuel D. <samuel.block@morganlewis.com>; Carney, Mitchell <mitchell.carney@morganlewis.com>; Sullivan, Brian W. <brian.sullivan@morganlewis.com>; Rudolph, Dylan <dylan.rudolph@morganlewis.com>
**Subject:** RE: Agrawal v. Musk - depositions

[EXTERNAL EMAIL]
Chris,

By next Friday 5/9, we ask that you please provide dates in June when Mr. Musk and Mr. Bjelde (the remaining individual defendants) are available for depositions. We understand there are many busy schedules to coordinate here, which is why we reached out more than three weeks ago to ask you for availability. We would prefer to work out dates by agreement if we can.

We will respond separately regarding your note below about Defendants' proposed limitations for the Committee members' depositions.

Best,
Caroline

**CAROLINE A. WONG**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7146
caroline.wong@sidley.com
Pronouns: she/her/hers

---

**From:** Boran, Christopher <christopher.boran@morganlewis.com>
**Sent:** Wednesday, April 30, 2025 4:57 PM
**To:** Wong, Caroline A. <caroline.wong@sidley.com>; Glenn, Abbey M. <abbey.glenn@morganlewis.com>; Armbrust, Sheila <sarmbrust@sidley.com>; Anderson, David <dlanderson@sidley.com>; Georges, Chaddy <cgeorges@sidley.com>; Trombetta, Lauren F. <ltrombetta@sidley.com>; Ryan, Nicole <nicole.ryan@sidley.com>
**Cc:** Block, Samuel D. <samuel.block@morganlewis.com>; Carney, Mitchell <mitchell.carney@morganlewis.com>; Sullivan, Brian W. <brian.sullivan@morganlewis.com>; Rudolph, Dylan <dylan.rudolph@morganlewis.com>
**Subject:** RE: Agrawal v. Musk - depositions

Caroline,
Thanks for confirming the dates; we will get back to you on specific locations. As previously flagged, we believe these depositions should be limited in scope. Courts commonly preclude or limit depositions in cases involving ERISA § 502(a)(1)(B) benefit claims, because they are decided on the underlying administrative record. *See, e.g.*, *Jennifer A. v. United Healthcare Ins. Co.*, 2012 WL 748569, at *3 (C.D. Cal. Jan. 31, 2012); *Harper v. Unum Life Ins. Co. of Am.*, 2007 WL 1792004, at *5 (E.D. Cal. June 19, 2007). Before permitting depositions in such cases, courts require evidence of "procedural irregularities in the [administrative] record, that [a] conflict of interest actually had an effect on the decision-making process in [the] case, or why other forms of discovery are insufficient to ferret out information of a conflict, if one exists." *Id.* Here, the record does not support these showings, or otherwise demonstrate that depositions are necessary, particularly in light of other discovery Plaintiffs have served (including multiple rounds of document requests, interrogatories, and numerous requests for admission).

Plaintiffs allege that Mr. Musk is biased against the Plaintiffs. As discussed, however, the Committee members have confirmed that they had no communications with Mr. Musk regarding the Plaintiffs or their terminations or their claims for benefits. Moreover, neither the Plan Administrator nor the Committee members were appointed to serve in those capacities until well after the termination decision was made on October 27, 2022. Although Plaintiffs have alleged that the Committee operated under a financial conflict of interest—on the theory that X Corp. is financially responsible for paying severance benefits and Committee members are employed by X or another Musk affiliated entity—we do not see why depositions are necessary to explore that alleged conflict rather than other discovery available to Plaintiffs. The same is true of the Committee's decision to retain an expert witness to evaluate expert opinions offered by Plaintiffs in support of their appeal to the Committee, which Plaintiffs claim was a "procedural irregularity."

Your assertion that the Committee Defendants may have information that Plaintiffs believe is relevant to their ERISA § 510 claims does not change the analysis. The Committee members are not Defendants to the § 510 claim. Nor have Defendants identified them as witnesses with respect to Plaintiffs' § 510 claims. Nor have Plaintiffs alleged facts or identified any evidence that the Committee members played any role in the decision to terminate Plaintiffs' employment on October 27, 2022.

For these reasons, it is doubtful that a deposition of any Committee member, let alone all three, is necessary. Even so, as previously indicated, we are willing to agree to make all three witnesses available for a deposition, subject to appropriate limitations. Specifically, we propose that each deposition be limited in duration and subject matter as follows: (1) no more than two hours in length; (2) concerning Plaintiffs' allegations of bias, conflict of interest, or procedural irregularities in the administrative process.

Please let us know if Plaintiffs will agree to the proposed limitations or have others you would like us to consider. Otherwise, please let us know when your team is available, with lead counsel, for a meet-and-confer to determine whether we can resolve this dispute or if Defendants will move for a protective order.

Thanks,
Chris


**Chris Boran**

**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1146 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
Assistant: Natalie Medina | +1.312.324.1167 | natalie.medina@morganlewis.com
christopher.boran@morganlewis.com | www.morganlewis.com



**From:** Wong, Caroline A. <caroline.wong@sidley.com>
**Sent:** Tuesday, April 29, 2025 4:41 PM
**To:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>; Armbrust, Sheila <sarmbrust@sidley.com>; Anderson, David <dlanderson@sidley.com>; Georges, Chaddy <cgeorges@sidley.com>; Trombetta, Lauren F. <ltrombetta@sidley.com>; Ryan, Nicole <nicole.ryan@sidley.com>
**Cc:** Boran, Christopher <christopher.boran@morganlewis.com>; Block, Samuel D. <samuel.block@morganlewis.com>; Carney, Mitchell <mitchell.carney@morganlewis.com>; Sullivan, Brian W. <brian.sullivan@morganlewis.com>; Rudolph, Dylan <dylan.rudolph@morganlewis.com>
**Subject:** RE: Agrawal v. Musk - depositions

[EXTERNAL EMAIL]
Abbey,

We can confirm that we are available on June 17 to depose Mr. Batura and June 20 to depose Ms. Chapman. Will you please confirm their locations? Please also confirm when you will have proposed dates for Mr. Musk and Mr. Bjelde and their respective locations.

We are working to obtain dates for our clients' depositions. Yes, all are in the Bay Area.

Thank you,
Caroline


**CAROLINE A. WONG**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7146
caroline.wong@sidley.com
Pronouns: she/her/hers

**From:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
**Sent:** Friday, April 25, 2025 5:06 PM

5

**To:** Wong, Caroline A. <caroline.wong@sidley.com>; Armbrust, Sheila <sarmbrust@sidley.com>; Anderson, David <dlanderson@sidley.com>; Georges, Chaddy <cgeorges@sidley.com>; Trombetta, Lauren F. <ltrombetta@sidley.com>; Ryan, Nicole <nicole.ryan@sidley.com>
**Cc:** Boran, Christopher <christopher.boran@morganlewis.com>; Block, Samuel D. <samuel.block@morganlewis.com>; Carney, Mitchell <mitchell.carney@morganlewis.com>; Sullivan, Brian W. <brian.sullivan@morganlewis.com>; Rudolph, Dylan <dylan.rudolph@morganlewis.com>
**Subject:** RE: Agrawal v. Musk - depositions

Caroline,

We write regarding scheduling depositions. We received Plaintiffs' deposition notices, but the noticed dates do not work for the witnesses. We can offer Mr. Batura for deposition on June 17, and Ms. Chapman on June 20. We are currently working to obtain dates for the remaining individuals you have noticed.

Please provide available dates for the Plaintiffs' depositions during the weeks of July 14 and 21. We presume all four are located in the Bay area, but let us know if that is incorrect.

We will respond separately regarding limiting the length and scope of the depositions of the three Committee members.

Regards,

**Abbey M. Glenn**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5569 | Main: +1.202.739.3000 | Mobile: +1.202.420.0005 | Fax: +1.202.739.3001
abbey.glenn@morganlewis.com | www.morganlewis.com



**From:** Wong, Caroline A. <caroline.wong@sidley.com>
**Sent:** Monday, April 14, 2025 4:41 PM
**To:** Boran, Christopher <christopher.boran@morganlewis.com>
**Cc:** Glenn, Abbey M. <abbey.glenn@morganlewis.com>
**Subject:** RE: Agrawal v. Musk - depositions

[EXTERNAL EMAIL]
Chris,

Thanks again for our call on Friday about deposition scheduling. Following up, please let me know if the Committee members and Mr. Musk have any unavailability the weeks of June 9, 16, or 23 for depositions. We will also ask our clients for their availability those dates.

Also, we're open to coordinating with plaintiffs in other ERISA denial-of-benefits cases regarding Musk's deposition, if that works with our current case schedule and if other plaintiffs are amenable. Let us know if you have any updates on that front.

We will send deposition notices for the Committee members and Mr. Musk this week, along with a 30(b)(6) deposition notice to X Corp. for dates in June, with the understanding that we will try to coordinate those dates with you in parallel.

You also discussed limiting the length or scope of the Committee members' depositions, given that the only claims against them are Section 502(a)(1)(B) claims. We cannot agree. While it's true that the only claims against the Committee members in this case are Section 502(a)(1)(B) claims, the Court denied the motion to dismiss the Section 510 claim against X Corp. and Elon Musk, and the Committee members may have information relevant to that claim too, which we are entitled to explore in depositions.

Best,
Caroline


**CAROLINE A. WONG**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7146
caroline.wong@sidley.com
Pronouns: she/her/hers