# Exhibit B

MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley (Bar No. 168181)
eric.meckley@morganlewis.com
Dylan Rudolph (Bar. No. 278707)
dylan.rudolph@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: +1.415.442.1000

Jeremy P. Blumenfeld (admitted *pro hac vice*)
jeremy.blumenfeld@morganlewis.com
Brian W. Sullivan (admitted *pro hac vice*)
brian.sullivan@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5000

MORGAN, LEWIS & BOCKIUS LLP
Christopher J. Boran (admitted *pro hac vice*)
christopher.boran@morganlewis.com
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Tel: +1.312.324.1000

Abbey M. Glenn (Bar No. 267751)
abbey.glenn@morganlewis.com
1111 Pennsylvania Ave, NW
Washington, DC 20004-2541
Tel: +1.202.739.3000

Attorneys for Defendants
ELON MUSK; X CORP.; TWITTER, INC.
CHANGE OF CONTROL AND
INVOLUNTARY TERMINATION
PROTECTION POLICY; TWITTER, INC.
CHANGE OF CONTROL SEVERANCE
AND INVOLUNTARY TERMINATION
PROTECTION POLICY; LINDSAY
CHAPMAN; BRIAN BJELDE; AND
DHRUV BATURA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT,<br><br>Plaintiffs,<br><br>vs.<br><br>ELON MUSK; X CORP., F/K/A TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA,<br><br>Defendants. | Case No. 3:24-cv-01304-MMC<br><br>**DEFENDANTS' AMENDED RULE 26(a)(1) INITIAL DISCLOSURES** |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants Elon Musk; X Corp.; Twitter, Inc. Change of Control and Involuntary Termination Protection Policy (the "2014 Plan"); Twitter, Inc. Change of Control Severance and Involuntary Termination Protection Policy (the "2017 Plan") (collectively, the "Plans"); Lindsay Chapman; Brian Bjelde; and Dhruv Batura (collectively, "Defendants") hereby provide these initial disclosures.

**I.   Preliminary Statement**

These disclosures are based on the information now reasonably available to Defendants. Defendants reserve the right to amend, withdraw, supplement, or update these Rule 26(a)(1) Disclosures at a later date pursuant to Rule 26(e), and to rely on information not identified herein but subsequently produced in discovery or that otherwise becomes known. By making these Rule 26(a)(1) Disclosures, therefore, Defendants do not represent that they have identified every witness, document, or tangible thing they may use to support their claims or defenses in this action; rather, these Rule 26(a)(1) Disclosures represent a good-faith effort to identify information Defendants now reasonably believe may be used in support of their claims or defenses.

Defendants' disclosures are made expressly subject to, and without waiving or intending to waive, any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence of any of the information produced or identified in any proceeding, including the trial of this action or any subsequent proceeding. Identification of any document that is privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of that document or any other document, its subject matter, the information contained therein, or of Defendants' rights to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

**II.   Rule 26(a)(1)(A)(i):** The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

**Disclosure:** At this time, Defendants identify the following individuals as likely to have discoverable information that Defendants may use to support its claims or defenses:

- **Parag Agrawal, Plaintiff.** Mr. Agrawal has knowledge of the allegations and claims asserted in the Complaint, including with respect to his employment, the performance of his job duties, and the bases for the decision to terminate his employment "for cause" within the meaning of the Plans.

- **Ned Segal, Plaintiff.** Mr. Segal has knowledge of the allegations and claims asserted in the Complaint, including with respect to his employment, the performance of his job duties, and the bases for the decision to terminate his employment "for cause" within the meaning of the Plans.

- **Vijaya Gadde, Plaintiff.** Ms. Gadde has knowledge of the allegations and claims asserted in the Complaint, including with respect to her employment, the performance of her job duties, and the bases for the decision to terminate her employment "for cause" within the meaning of the Plans.

- **Sean Edgett, Plaintiff.** Mr. Edgett has knowledge of the allegations and claims asserted in the Complaint, including with respect to his employment, the performance of his job duties, and the bases for the decision to terminate his employment "for cause" within the meaning of the Plans.

- **Elon Musk, Defendant.** Mr. Musk has knowledge of the allegations and claims asserted in the Complaint, including with respect to the decision for terminating Plaintiffs' employment "for cause" within the meaning of the Plans.

- **Lindsay Chapman, Defendant.** Ms. Chapman has knowledge of the allegations and claims asserted in the Complaint, including with respect to her role as Plan Administrator for the Plans, her role as a member of the Twitter Severance Administration Committee ("Committee"), the determination that Plaintiffs were terminated "for cause" within the meaning of the Plans, and the administrative process with respect to Plaintiffs' claims for benefits.

- **Brian Bjelde, Defendant.** Mr. Bjelde has knowledge of the allegations and claims asserted in the Complaint, including with respect to his role as a member of the Committee, the determination that Plaintiffs were terminated "for cause" within the

meaning of the Plans, and the administrative process with respect to Plaintiffs' claims for benefits.

- **Dhruv Batura, Defendant.** Mr. Batura has knowledge of the allegations and claims asserted in the Complaint, including with respect to his role as a member of the Committee, the determination that Plaintiffs were terminated "for cause" within the meaning of the Plans, and the administrative process with respect to Plaintiffs' claims for benefits.

- **Jared Birchall, Consultant to X Corp.** Mr. Birchall has knowledge related to the allegations and claims asserted in the Complaint, financial mismanagement by Plaintiffs prior to their termination, and other facts leading to their for cause terminations.

Defendants further identify as potential witnesses any individual included in Plaintiffs' Rule 26(a)(1) Disclosures. Defendants reserve the right to supplement this disclosure at a later date.

**III.  Rule 26(a)(1)(A)(ii):** A copy of—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**Disclosure:** At this time, Defendants identify the following categories documents:

- Documents composing the administrative record in this case.
- Documents concerning the decision to terminate Plaintiffs' employment and the bases for the decision to terminate Plaintiffs employment.
- Documents produced by Defendants, Plaintiffs, or any non-party in response to any discovery request or subpoena issued in this case.

Defendants reserve their rights to supplement this disclosure at a later date.

**IV.  Rule 26(a)(1)(A)(iii):** A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**Disclosure**: Defendants do not seek any damages from Plaintiffs at this time but reserve their right to seek attorney's fees and costs should Defendants prevail in this action, as well as their

right to assert claims or counterclaims against Plaintiffs.

**V.     Rule 26(a)(1)(A)(iv):** For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Disclosure:** Defendants are unaware at this time of any insurance agreement under which an insurance business may be liable to satisfy, indemnify, or reimburse any part of a possible judgment in this action or payments made to satisfy any such judgment.

\* \* \*

Defendants reserve their right to withdraw, amend, or supplement these Disclosures and to rely on witnesses and documents not identified herein but subsequently produced or identified by any party or third party in discovery.

Dated:   January 7, 2025               **MORGAN, LEWIS & BOCKIUS LLP**

By  _/s/ Brian W. Sullivan_
         Brian W. Sullivan
         Eric Meckley
         Jeremy Blumenfeld
         Chris Boran
         Abbey Glenn

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on January 7, 2025, a copy of the foregoing Defendants' Rule 26(a)(1) Initial Disclosures was served via email to Plaintiffs' counsel of record in this action.

*Brian W. Sullivan*
Date:  January 7, 2025