UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PARAG AGRAWAL, et al., | Case No. 24-cv-01304-MMC(LB) |
| Plaintiffs, | |
| v. | **DISCOVERY ORDER** |
| ELON MUSK, et al., | Re: ECF Nos. 102–03 |
| Defendants. | |

The plaintiffs in this ERISA case are suing Elon Musk (among others) for terminating them without cause to deprive them of benefits.[1] The parties have discovery disputes. The court held a hearing on May 29, 2025. The court grants the discovery in ECF No. 102 and denies the request to limit deponent hours in ECF No. 103.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 24-cv-01304-MMC (LB)

scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up and quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up).

## ANALYSIS

**1. ECF No. 102**

The plaintiffs move the court to compel the defendants to apply eighty-six search terms to ESI for X Corp. and Twitter email and Slack data. The parties exchanged four rounds of proposals between December 2024 and May 2025. The plaintiffs' most recent proposal includes search terms comprised of the first or last names (e.g., "Jack OR Dorsey" and "Jared OR Birchall") of "key individuals with whom Musk communicated about Plaintiffs' terminations." The defendants are in the process of reviewing and producing responsive documents to a previous search including 242 terms.[2]

The plaintiffs contend that their proposals are reasonably tailored to seek relevant information and that the defendants' objections are unsupported, noting that the hit counts for the plaintiffs' proposed search terms (56,449) are almost 14,000 fewer than that of the 242 search terms the defendants are currently processing (over 70,000).[3] The defendants assert that the plaintiffs have failed to show that the benefit of running their proposed search terms would be proportionate to the burden on the defendants because search terms comprised of a first or last name without any limitation will capture all communications with those individuals, including irrelevant documents.[4]

---

[2] Disc. Letter Br. – ECF No. 102 at 1–3; Proposed Search Terms, Ex. A to *id.* – ECF No. 102-1 at 3.
[3] Disc. Letter Br. – ECF No. 102 at 1–3.
[4] *Id.* at 3–5.

The court grants the discovery. The search terms seek relevant information that is proportional to the needs of the case, and the defendants have not shown that the burden of running the search with these terms precludes it.

**2. ECF No. 103**

The issues are whether the court should limit the length and scope of the depositions of three committee members (defendants Chapman, Bjelde, and Batura) who denied the plaintiffs' claim for benefits and appeal. The plaintiffs seek to depose them each for seven hours and assert that they "are entitled to depose the Defendant Committee members about the same topics for which they have been taking document discovery, for both the Section 502 and 510 claims."[5] The defendants request the court to limit (1) the length of the depositions to two hours and (2) the scope of the depositions to procedural irregularities and conflicts of interest.[6] The court denies these requests.

First, the plaintiffs represent that the depositions will "likely require" all seven hours permitted under Rule 30(d)(1) to explore procedural irregularities and conflicts of interest, and the defendants did not cite any authority requiring the court to limit that time. Thus, the plaintiffs may depose each committee member for seven hours.

Second, based on the parties' representations at the hearing, there appears to be no dispute about the scope of the depositions.

The extent of discovery in ERISA cases depends on the standard of review. Cases reviewed for abuse of discretion are limited to the administrative record, but parties may seek extrinsic evidence of procedural irregularities or conflicts of interest. *Leicht v. Sw. Carpenters Pension Plan*, No.: SACV 12-00354 SJO (PLAx), 2013 WL 12251167, at *3 (C.D. Cal. Jan. 22, 2013) (citing *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 973 (9th Cir. 2006)). Parties in ERISA cases reviewed de novo may seek discovery outside the administrative record "when circumstances *clearly establish* that additional evidence is *necessary* to conduct an adequate de novo review of the benefit decision."

---

[5] Disc. Letter Br. – ECF No. 103 at 3–5.

[6] *Id.* at 1–3.

*Nguyen v. Sun Life Assurance Co.*, No. 3:14-cv-05295-JST (LB), 2015 WL 6459689, at *2 (N.D. Cal. Oct. 27, 2015) (quoting *Opeta v. Nw. Airlines Pension Plan*, 484 F.3d 1211, 1217 (9th Cir. 2007)).

The court cannot police what is fair examination in a vacuum. The plaintiffs represented at the hearing that the scope of the depositions will stick to issues of conflicts of interest and procedural irregularities. To the extent that the defendants think the questioning becomes improper, there are rules for that. *See* Fed. R. Civ. P. 30.

## CONCLUSION

The court grants ECF No. 102 and denies ECF No. 103.

**IT IS SO ORDERED.**

Dated: May 30, 2025

_____
LAUREL BEELER
United States Magistrate Judge