UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PARAG AGRAWAL, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ELON MUSK, et al.,<br><br>  Defendants. | Case No. 24-cv-01304-MMC (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 113 |

The plaintiffs in this ERISA case are suing Elon Musk (among others) for terminating them without cause to deprive them of benefits.[1] The parties have discovery disputes. The court can decide them without oral argument. Civil L.R. 7-1(b). The court orders the discovery in ECF No. 113.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b).

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 24-cv-01304-MMC (LB)

"Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up and quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up).

## ANALYSIS

The parties dispute whether the defendants must produce "[a]ny interim or final award issued in connection with [*Wachtell*], including any written decision or statement of findings in connection any such interim or final award."[2] The *Wachtell* litigation involved X Corp.'s challenges to the fees that the Twitter board awarded to multiple law firms, including Wachtell, Lipton, Rosen & Katz (the law firm Twitter hired to litigate the enforcement of the merger agreement between Musk and Twitter).[3]

The plaintiffs contend that the defendants must produce the documents because (1) the defendants waived any objections by responding one day late to the request for production, (2) the documents are relevant to whether Musk had cause to terminate the plaintiffs, and (3) confidentiality considerations do not preclude production.[4] The defendants counter that (1) its late response should not waive its objections because it was inadvertent and caused no prejudice to the plaintiffs, (2) the arbitration documents are irrelevant because they would have no preclusive effect in this case and the dispute in *Wachtell* is about California contract and fiduciary-duty law (not ERISA), and (3) the defendants' confidentiality interests outweigh the plaintiffs' interests in production.[5]

The court orders the discovery.

First, in the absence of prejudice, it would be overly harsh to find that the defendants had

---

[2] Disc. Letter Br. – ECF No. 113 at 1.

[3] Compl., Ex. A to *id.* – ECF No. 113-1 at 2–10.

[4] Disc. Letter Br. – ECF No. 113 at 1–3.

[5] *Id.* at 3–5.

waived their objections to producing the requested documents.[6]

Second, the documents may be relevant, at minimum, to the plaintiffs' § 510 claim. Musk purported to terminate the plaintiffs for good cause, and defendant Chapman later denied the plaintiffs' claims for benefits, relying in part on payments to Wachtell as evidence of the plaintiffs' gross negligence.[7] The requested documents may speak to whether Musk's honest belief that the plaintiffs were properly terminated is more or less probable. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) ("[T]he test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" (quoting Fed. R. Evid. 401)).

Third, issues of confidentiality can be mitigated through sealing.[8]

## CONCLUSION

The court grants ECF No. 113.

**IT IS SO ORDERED.**

Dated: June 11, 2025

_____
LAUREL BEELER
United States Magistrate Judge

---

[6] *Id.* at 4 (making this point).

[7] Compl. – ECF No. 58 at 19 (¶ 73).

[8] Disc. Letter Br. – ECF No. 113 at 3 (making this point).