David L. Anderson (SBN 149604)
dlanderson@sidley.com
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
Chaddy Georges (SBN 335546)
cgeorges@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

Caroline A. Wong (*Admitted pro hac vice*)
caroline.wong@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000

*Attorneys for Plaintiffs Parag Agrawal, Ned Segal, Vijaya Gadde, and Sean Edgett*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT, <br><br> Plaintiffs, <br><br> vs. <br><br> ELON MUSK; X CORP., f/k/a TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA, <br><br> Defendants. | Case No. 3:24-cv-01304-MMC <br><br> Assigned to: Honorable Maxine M. Chesney <br><br> **STIPULATED [AND PROPOSED] AMENDED PROTECTIVE ORDER** |

1   Plaintiffs Parag Agrawal, Ned Segal, Vijaya Gadde, and Sean Edgett, on the one hand,
2   and Defendants Elon Musk, X Corp., the Twitter Inc. Change of Control and Involuntary
3   Termination Protection Policy, the Twitter Inc. Change of Control Severance and Involuntary
4   Termination Protection Policy, Lindsay Chapman, Brian Bjelde, and Dhruv Batura, on the other
5   hand, stipulate as follows:

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, sensitive, privileged, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or items designated as "CONFIDENTIAL" by the designating Party, the disclosure of which to persons other than those listed under the terms of Section 7.2 below, would cause a substantial risk of injury to the designating Party or another entity or person that cannot be avoided by less restrictive means than those provided in this Order. Confidential Information may fall within one or more of the following categories: (a) information prohibited

from disclosure by statute or regulation; (b) information that reveals trade secrets; (c) research, technical, commercial, financial information, or other competitively sensitive information that the Party has maintained as confidential; (d) personal identity information of the type described in Fed. R. Civ. P. 5.2, or other personally sensitive information; (e) medical information; or (g) data that is protected under Data Protection Law, including, but not limited to, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); the General Data Protection Regulation (GDPR): Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the protection of natural persons with regard to the processing of personal data and on the free movement of such data, and repealing Directive 95/46/EC (General Data Protection Regulation), OJ 2016 L 119/1; Fair Credit Reporting Act (FCRA), 15 USC § 1681 et seq. (financial information); Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2511 (private communication); Genetic Information Non-discrimination Act of 2008 (GINA) (biometric information); and the California Consumer Privacy Act (CCPA).

    2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

    2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

    2.8    <u>House Counsel</u>: attorneys who are employees of a Party to this action. House

Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11   Party or Parties: any Party to this action, including all of its officers, directors, or employees.

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:

(a)    any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover (a) information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure

to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court will retain jurisdiction to enforce the terms of this Order following the final disposition of the Action.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

1    If it comes to a Designating Party's attention that information or items that it designated
2 for protection do not qualify for protection, that Designating Party must promptly notify all other
3 Parties that it is withdrawing the mistaken designation.

4    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order
5 (*see, e.g.,* second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
6 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
7 designated before the material is disclosed or produced.

8    Designation in conformity with this Order requires:

9    (a) for information in documentary form (*e.g.,* paper or electronic documents, but
10 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
11 Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a
12 portion or portions of the material on a page qualifies for protection, the Producing Party also
13 must clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the
14 margins).

15    A Party or Non-Party that makes original documents or materials available for inspection
16 need not designate them for protection until after the inspecting Party has indicated which
17 material it would like copied and produced. During the inspection and before the designation, all
18 the material made available for inspection shall be deemed "CONFIDENTIAL." After the
19 inspecting Party has identified the documents it wants copied and produced, the Producing Party
20 must determine which documents, or portions thereof, qualify for protection under this Order.
21 Then, before producing the specified documents, the Producing Party must affix the
22 "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or
23 portions of the material on a page qualifies for protection, the Producing Party also must clearly
24 identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

25    (b) deposition testimony shall be treated as confidential following that deposition for
26 thirty calendar days after receipt of the final (not the rough) transcript to permit a Party to
27 designate that testimony as confidential by one of two means: (i) on the record at the deposition;

28

or (ii) after the deposition, by providing written notice of the page and line numbers being designated as confidential to all counsel of record.  At the end of the thirty-day period or after a Party has indicated any confidentiality designations through written notice to all counsel of record (whichever occurs sooner), the remainder of the deposition testimony will become non-confidential.  Each Party shall provide notice to all other Parties if it reasonably expects to reference or use Protected Material at a deposition, hearing, or other proceeding so that the other parties can ensure that only authorized individuals to whom disclosure is permitted pursuant to Section 7.2 below are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If corrected within a reasonable time after production, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality within a reasonable time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution

process by providing written notice of each designation it is challenging, referencing the Bates number of each document it is challenging, and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 calendar days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

  6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain the confidentiality designation under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The recipient of any Protected Material that is provided under this Order shall maintain such information in a reasonably secure and safe manner that ensures access is limited to the persons authorized herein, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as the recipient would use with respect to its own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in Section 12 below.

7.2   Disclosure of Protected Material.

**Confidential Information**: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) Counsel for the Parties and employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Individual Parties and the officers, directors, and employees (including House Counsel) of the Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g) Professional Vendors specifically engaged for the purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) other persons only by written consent of the Designating Party or upon order of the court and on such conditions as may be agreed or ordered.

8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

1              (3) make the information requested available for inspection by the Non-Party.

2              (c) If the Non-Party fails to object or seek a protective order from this court within 14 calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     PROTECTED MATERIAL AND ARTIFICIAL INTELLIGENCE ("AI") PLATFORMS

The Receiving Party shall not load, import, submit, or otherwise transfer documents or data produced by the Producing Party to a publicly accessible Large Language Model ("LLM") or Artificial Intelligence ("AI") platform. LLM or AI platforms may be utilized with industry standard data security provisions and the Party has ensured the documents or data will not be utilized to train public models or otherwise made accessible to other users of the LLM or AI platform.

12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
         MATERIAL

(a)     No Waiver by Disclosure. This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a Party or subpoenaed nonparty (the "Disclosing Party") discloses information in connection with the pending litigation

that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture – in this or any other federal or state action – of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

(b) Notification Requirements; Best Efforts of Receiving Party. A Disclosing Party must promptly notify the Party receiving the Privileged Information ("the Receiving Party"), in writing, that it has disclosed that Privileged Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must – unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c) – promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Privileged Information. Within five business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged.

(c) Contesting Claim of Privilege or Work Product Protection. If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must notify the Disclosing Party and the Parties shall meet and confer in an attempt to resolve the dispute. If following meet and confer the Parties have not resolved the dispute, the Receiving Party must move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Receiving Party must file the Disclosure Motion within ten business days of receipt of the notice of disclosure, unless the Parties agree to alter this schedule during meet and confer. The Disclosure Motion must be filed in accordance with Civil Local Rule 79-5 governing the sealing of a party's confidential information in filings, and must

1  not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.
2  Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged
3  information in any way or disclose it to any person other than those required by law to be served
4  with a copy of the Disclosure Motion.

5      (d)    Attorney's Ethical Responsibilities.  Nothing in this order overrides any attorney's
6  ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or
7  reasonably should know to be privileged and to inform the Disclosing Party that such materials
8  have been produced.

9      (e)    Burden of Proving Privilege or Work-Product Protection. The Disclosing Party
10 retains the burden – upon challenge pursuant to paragraph (c) – of establishing the privileged or
11 protected nature of the Protected Information.

12     (f)    *In camera* Review.  Nothing in this Order limits the right of any Party to petition
13 the Court for an *in camera* review of the Privileged Information.

14     (g)    Voluntary and Subject Matter Waiver. This Order does not preclude a Party from
15 voluntarily waiving the attorney-client privilege or work product protection. The provisions of
16 Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information
17 produced under this Order to support a claim or defense, subject to Section 13 below.

18     (h)    Review.  Nothing contained herein is intended to or shall serve to limit a Party's
19 right to conduct a review of documents, ESI or information (including metadata) for relevance,
20 responsiveness and/or segregation of privileged and/or protected information before production.
21 Further nothing contained herein is intended to reduce the time frame provided to the Disclosing
22 Party to complete their review should they choose to do so.

23     (i)    Proportionality.  Nothing contained herein is intended to limit a Party's
24 proportionality and burden arguments specifically related to the costs to conduct a review of
25 documents, ESI, or information (including metadata) for relevance, responsiveness and/or
26 segregation of privileged and/or protected information before production.

(j)     Rule 502(b)(2).  The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

13.     DISCLOSURE OF PRIVILEGED MATERIALS PURSUANT TO AGREEMENT

A Party's disclosure or production of privileged materials, materials protected by the work-product doctrine, and materials whose privileged status is disputed pursuant to any existing or future agreement among the Parties ("Documents Produced Pursuant to Agreement") will not constitute or be deemed a waiver of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Documents Produced Pursuant to Agreement in this or any other federal or state proceeding.  All Documents Produced Pursuant to Agreement shall be provided the maximum protection allowed by Federal Rule of Evidence 502(d).  This Order shall be deemed to and does incorporate the terms of all such existing and future agreement(s) among the Parties.  Notwithstanding Paragraph 12(g) of this Order, Federal Rule of Evidence 502(a) shall not apply to any of the Documents Produced Pursuant to Agreement.

14.     MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

This Section 13.3 is not intended to limit a Party's ability to move to file information or items under seal for any other purpose, subject to the Civil Local Rule 79-5.

14.4   <u>Right to Supplement or Request Deletion</u>.  If, during this litigation, a data subject with privacy rights pursuant to the Data Protection Laws identified herein exercises his or her right to erasure of personal data contained within the previously produced Protected Material, the Producing Party shall furnish newly redacted versions of the Protected Material within a reasonable time. The Requesting Party will promptly destroy the original version of the Protected Material and replace it with the redacted version. The Producing Party may also require the entire document destroyed and replaced with a slip-sheet indicating the Protected Material is subject to erasure pursuant to the applicable Data Protection Law.

14.5   <u>Personally Identifiable Information</u>. Personally identifiable information that a party has designated as Protected Material as defined herein, based on its good faith belief that the information is subject to federal, state, or foreign Data Protection Laws, data privacy laws, or other privacy obligations, or any of the information contained therein, shall be handled by Counsel for the Receiving Party with the highest care.

15.   <u>FINAL DISPOSITION</u>

Within 60 calendar days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

///

///

///

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD


Dated: August 19, 2025        SIDLEY AUSTIN LLP


*/s/ Sheila A.G. Armbrust*
SHEILA A.G. ARMBRUST

*Attorneys for Plaintiffs Parag Agrawal, Ned Segal, Vijaya Gadde, and Sean Edgett*


Dated: August 19, 2025        MORGAN, LEWIS & BOCKIUS LLP


*/s/ Abbey M. Glenn*
Abbey M. Glenn

*Attorneys for Defendants Elon Musk, X Corp., Twitter, Inc Change of Control and Involuntary Termination Protection Policy, Twitter, Inc. Change of Control Severance and Involuntary Termination Protection Policy, Lindsay Chapman, Brian Bjelde, and Dhruv Batura*

1
2  PURSUANT TO STIPULATION, IT IS SO ORDERED.
3
4
5  Dated: _____
6                                         Hon. Maxine M. Chesney
                                          Senior United States District Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [PRINT OR TYPE FULL NAME], of _____ [PRINT OR TYPE FULL ADDRESS], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [DATE] in the case of PARAG AGRAWAL et al. v. ELON MUSK et al., Case No. 3:24-cv-01304-MMC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [PRINT OR TYPE FULL NAME] of _____ [PRINT OR TYPE FULL ADDRESS AND TELEPHONE NUMBER] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____