# Exhibit A

MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley (Bar No. 168181)
eric.meckley@morganlewis.com
Dylan Rudolph, (Bar No. 278707)
dylan.rudolph@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: +1.415.442.1000

Jeremy P. Blumenfeld (admitted *pro hac vice*)
jeremy.blumenfeld@morganlewis.com
Brian W. Sullivan (admitted *pro hac vice*)
brian.sullivan@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5000

MORGAN, LEWIS & BOCKIUS LLP
Christopher Boran (admitted *pro hac vice*)
christopher.boran@morganlewis.com
Samuel Block (admitted *pro hac vice*)
samuel.block@morganlewis.com
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Tel: +1.312.324.1000

Abbey M. Glenn (Bar No. 267751)
abbey.glenn@morganlewis.com
1111 Pennsylvania Ave, NW
Washington, DC 20004-2541
Tel: +1.202.739.3000

Attorneys for Defendants
ELON MUSK; X CORP.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PARAG AGRAWAL, NED SEGAL, VIJAYA GADDE, and SEAN EDGETT, <br><br> Plaintiffs, <br> vs. <br><br> ELON MUSK; X CORP., F/K/A TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; TWITTER, INC. CHANGE OF CONTROL SEVERANCE AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; AND DHRUV BATURA, <br><br> Defendants. | Case No. 3:24-cv-01304-MMC-LB <br><br> Hon. Maxine M. Chesney <br><br> **DECLARATION OF ADAM MEHES** <br><br> Action Filed: March 4, 2024 |

## DECLARATION OF ADAM MEHES

I, Adam Mehes, declare as follows:

1. I am the global head of legal for litigation, safety, content, and law enforcement at X Corp. ("X"). My title is Senior Director, Legal, and I have held this position since June 2023. In this role, one of my responsibilities is to oversee litigation matters filed against X Corp., including the above-captioned case. I make this declaration in support of Defendants' letter brief seeking an order requiring Defendant Elon Musk's deposition to be conducted remotely. Unless otherwise stated, the following facts are based upon my personal knowledge and if called as a witness in this action I could and would testify competently thereto.

2. Mr. Musk typically travels multiple times a week as part of his roles and responsibilities leading Tesla, SpaceX, X, xAI, Neuralink, and The Boring Company.

3. Due to the varying and unpredictable demands of his businesses, Mr. Musk's travel schedule is regularly in flux and unpredictable, making the scheduling of any deposition very difficult to coordinate.

4. These scheduling difficulties are heightened if Mr. Musk is required to take the deposition from a particular physical location, as Mr. Musk's duties, which include meetings with

MORGAN, LEWIS & BOCKIUS LLP <br> ATTORNEYS AT LAW <br> SAN FRANCISCO

world leaders and the chief executive officers of other large organizations, may require him to be in a distant location near the day or time of the deposition, making it logistically difficult or impossible for Mr. Musk to reach a physical deposition location in time.

5. In my role, I have been responsible for coordinating three depositions of Mr. Musk, two of which were scheduled to be conducted remotely and one in-person. The two remotely-conducted depositions proceeded as scheduled, while the in-person deposition needed to be rescheduled. I also understand that Mr. Musk was deposed in-person in another matter in which X was not a party, and that deposition needed to be rescheduled multiple times.

6. Specifically, Mr. Musk was forced to reschedule an in-person deposition on a matter in which I was personally involved in 2023. Urgent business required him in China prior to the scheduled deposition, and, due to matters outside of Mr. Musk's control, he could not travel back to the United States from China in time for the scheduled deposition. In the event of such scheduling issues, it may take months to reschedule time for a seven-hour deposition of Mr. Musk, given his extremely busy and unpredictable schedule.

7. Moreover, ensuring Mr. Musk's physical safety in connection with any deposition is of course paramount, and in-person depositions present far greater difficulties in this respect. Given his high profile and the number of threats Mr. Musk faces on a daily basis, the level of personal security required to protect Mr. Musk is on par with many heads of state. Maintaining this security posture poses significant logistical challenges in coordinating protective intelligence, security advance personnel, aircraft scheduling, and vehicles, to and from attendance at in-person depositions.

8. These concerns are significantly alleviated when Mr. Musk may testify virtually, as Mr. Musk may then testify from a secure physical location and without needing to coordinate travel to a particular destination or incurring the associated costs of doing so, which often may be impossible due to time or security constraints.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on August __30__, 2025.

*[signature]*

Adam Mehes