1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                  NORTHERN DISTRICT OF CALIFORNIA

10                                        San Francisco Division

11    PARAG AGRAWAL, et al.,                    Case No. 24-cv-01304-MMC (LB)

12                    Plaintiffs,

13            v.                                **DISCOVERY ORDER**

14    ELON MUSK, et al.,                        Re: ECF No. 126

15                    Defendants.

16

17        The plaintiffs in this ERISA case are suing Elon Musk (among others) for terminating them.[1]

18    The parties dispute whether Mr. Musk's deposition should be in person or remote. The plaintiffs

19    noticed the deposition for September 30, 2025, at defense counsel's offices in Texas, where Mr.

20    Musk lives, or at a mutually agreeable location, such as San Francisco, where all counsel are

21    located.[2] Mr. Musk asks for a remote deposition because he travels constantly, has an

22    unpredictable schedule, has credible threats to his personal safety, and is an apex witness.[3] The

23    court can decide the dispute without oral argument, Civil L.R. 7-1(b), and orders an in-person

24    deposition.

25    _____

26    [1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations
      are to the ECF-generated page numbers at the top of documents.

27    [2] Disc. Letter Br. – ECF No. 126 at 3–5.

28    [3] *Id.* at 1–3.

ORDER – No. 24-cv-01304-MMC (LB)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    "A party may unilaterally choose the place for deposing the opposing party, subject to the

2    granting of a protective order . . . ." *Monolithic Power Sys., Inc. v. Dong*, 20-cv-06752-JSW (LB),

3    2023 WL 350400, at *9 (N.D. Cal. Jan. 20, 2023). A party must establish a legitimate reason for a

4    remote deposition. *Id.*

5    The main objection to the deposition is inconvenience, which is mitigated by the plaintiffs'

6    offer to hold the deposition where Mr. Musk lives or in any reasonable location.[4] Concerns about

7    personal safety and scheduling can be addressed by selecting a secure location and

8    accommodating Mr. Musk's availability, within reason. Mr. Musk's high-level executive position

9    is not enough to support a remote deposition either. *Apple Inc. v. Samsung Elecs., Inc.*, 282 F.R.D.

10   259, 263 (N.D. Cal. 2012) (citing the potential for abuse that can attend an apex deposition). He

11   has direct knowledge about the events that precipitated the litigation, and an in-person deposition

12   is a better method of evaluating credibility. *JUUL Labs Inc. v. Chou*, No. 2:21-cv-03056-DSF-PD,

13   2022 WL 2165411, at *7 (C.D. Cal. Feb. 11, 2022) ("Because [the defendant's] knowledge is

14   directly at issue, the Court sees no reason to apply the Apex doctrine.").

15   The deposition must go forward on September 30, 2025, at the noticed location or at a

16   mutually agreeable location, which Mr. Musk must identify by September 11, 2025.

17   **IT IS SO ORDERED.**

18   Dated: September 6, 2025

19

20   LAUREL BEELER
     United States Magistrate Judge

21

22

23

24

25

26

27

28   [4] *Id.* at 4.